BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
Telephone: (619) 723-0369
Facsimile: (619) 923-1001
email: bryanpease@gmail.com

Attorney for Plaintiffs

FILED
07 DEC 11 PM 4:17
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, AND DOES 1 TO 100, <br><br> Defendants. | Civil Action Case No.: 07 CV 2320 JM AJB <br><br> COMPLAINT |

Plaintiffs allege:

1. Plaintiff DOROTA VALLI is an individual residing in San Diego, California.

2. Plaintiff ANIMAL PROTECTION AND RESCUE LEAGUE, INC. ("APRL") is a nonprofit corporation organized and existing under the laws of California, with its main offices in San Diego, California.

3. Defendant STATE OF CALIFORNIA is the State of California.

4. Defendant CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION ("Parks and Rec") is a City of San Diego agency.

5. Defendant MAYOR JERRY SANDERS is the Mayor of San Diego.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1-100 inclusive, and therefore sues these defendants by these fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants DOES 1-100 were the agents, servants, and employees of their codefendants and in doing the things hereinafter alleged were acting within the course and scope of their authority as agents, servants, and employees with the permission and consent of their codefendants.

8. Plaintiff VALLI is a full time employee of APRL and is in charge of the organization's harbor seal protection program.

9. Plaintiff VALLI spends approximately 35 to 60 hours per week at Children's Pool Beach ("CPB"), 850 Coast Blvd., San Diego, California observing the harbor seals there, educating the public about them, and working on APRL's seal protection campaign.

10. Plaintiff APRL has spent over $40,000 to date in fiscal year 2007 hiring staff to watch over the seals and educate the public about their need for space. The group maintains an active 24 hour per day, seven day per week presence at the beach with staff and volunteers.

11. Plaintiff VALLI and members of plaintiff APRL derive aesthetic pleasure from watching the seals at CPB.

12. On August 25, 2005, now retired San Diego Superior Court Judge William Pate ordered the sand dredged from CPB to return it to its 1941 configuration as a bathing pool, under a 1931 Tidelands Grant from the State of California. The 1941 date was used because that is the earliest date photos are available of the configuration of the beach at the time.

13. The San Diego City Council voted 7-1 to appeal the decision. In September 2007, the Fourth District, Division 1 of the Court of Appeal upheld the decision, and the California Supreme Court denied review in October 2007.

14. As a result of Judge Pate's final ruling that is now the law of the case, the Tidelands Grant must now be interpreted as requiring CPB to be used exclusively as a bathing pool, and not as a sandy beach where seals can rest and people can watch them.

15. While the appeal was pending, on April 19, 2006, the San Diego City Council voted 7-1 to install a rope during pupping season, January 1 through May 1, during which time the seals give birth on the beach and nurse their young. The purpose of the rope was to provide a visual guideline for a safe distance the public should stay back from the seals.

16. On November 14, 2006, the Natural Resources and Culture Committee of the City Council voted 4-0 to extend this period to December 15 through May 15. This committee also voted 3-1 on June 20, 2007 to install a nighttime rope during all times of the year so that nighttime visitors to the beach would be aware that they should stay back from the seals. The permanent nighttime rope never went to the full City Council for a vote because defendant Mayor Sanders and agencies accountable to him that needed to sign off on it for it to move forward did not allow it to be docketed.

### FIRST CAUSE OF ACTION

**(Injunctive relief against all defendants)**

17. Paragraphs 1-16 are realleged and hereby incorporated by reference.

18. The federal Marine Mammal Protection Act, U.S. Code: Title 16, Chapter 31, requires a permit to be issued for activities that will involve disturbance of marine mammals.

19. Utilizing CPB for swimming causes harassment and disturbance of the harbor seals that use the beach for resting, giving birth and nursing their young.

20. The Tidelands Grant as interpreted by Judge Pate and upheld by the State Court of Appeal violates the MMPA by requiring the City of San Diego to maintain an artificial configuration of CPB that will harm marine mammals by removing their resting spot and

allowing and encouraging the beach to be used in such a manner that is detrimental to marine mammals.

21. Plaintiffs will suffer grave and irreparable injury in the loss of this harbor seal habitat if the Tidelands Grant is not struck down as violating the MMPA.

22. On information or belief, certain officials from the National Oceanic and Atmospheric Association (NOAA), which is the federal agency in charge of enforcing the MMPA, have informed Parks and Rec that the City may remove the seals without a permit under the MMPA section 109(h) exception for nuisance animals.

23. On information or belief, the 109(h) exception to the MMPA for nuisance animals has only been used to remove a specific animal, and not as a pretense for destroying an entire seal rookery.

24. On information and belief, Parks and Rec discussed an idea with NOAA officials in late 2005 of having a ranger walk a dog every day on the beach to scare the seals away.

25. At a meeting on November 30, 2007 with San Diego City Attorney Michael Aguirre attended by plaintiffs, a deputy city attorney stated that he was concerned in light of Judge Pate's ruling being upheld that defendant Parks and Rec may send rangers to start shooing the seals away in the near future, and that he had heard this was being seriously considered.

26. Plaintiffs will suffer grave and irreparable injury in the loss of the seals if defendant Parks and Rec is not ordered to obtain a permit before attempting to scare the seals away.

27. Under the strong mayor form of government adopted by San Diego voters and implemented January 1, 2006, defendant Mayor Jerry Sanders is directly in charge of defendant Parks and Rec and should also be ordered to obtain a permit before allowing Parks and Rec to directly scare the seals away.

## SECOND CAUSE OF ACTION

**(Injunctive relief against City of San Diego Department of Parks and Recreation)**

28. Paragraphs 1-28 are realleged and herein incorporated by reference.

29. The pupping season rope went up last year on an emergency basis only, and it requires further action by Parks and Rec to be installed this year and on an ongoing basis. In prior years, there were dozens of miscarriages and nursing pups separated from their mothers by harassment incidents in the absence of a rope during pupping season. NOAA also recommended that the rope be installed during pupping season in a November 30, 2007 letter to the San Diego City Attorney.

30. Defendant Parks and Rec filled out the application for a pupping season rope as required by City Council but never scheduled a hearing on the matter before a City Hearing Officer.

31. Plaintiffs will suffer grave and irreparable injury if Parks and Rec is not ordered to submit the pupping season rope to a City Hearing Officer in order to have it installed by the December 15 date set by City Council, to avoid harassment and injury to pregnant and nursing seals.

### THIRD CAUSE OF ACTION

### (Injunctive relief against Mayor Jerry Sanders)

32. Paragraphs 1-31 are realleged and hereby incorporated by reference.

33. Defendant Mayor Jerry Sanders has refused to have his necessary departments sign off on the nighttime rope resolution so that the full City Council can consider it.

34. Plaintiffs will suffer grave and irreparable injury if Mayor Sanders is not required by court order to allow the nighttime rope item to be considered by City Council, to avoid harassment and injury to seals at nighttime when no lifeguards are present.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For a temporary restraining order, a preliminary injunction, and a permanent injunction, striking down the 1931 Tidelands Grant as violating the Marine Mammal Protection Act;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring defendant CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION

to bring the pupping season rope before a City Hearing Officer and take all necessary steps to secure its implementation by December 15, 2007 or as soon thereafter as possible, as required by City Council;

3. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendant CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION and its agents, servants, and employees, and all such persons acting under, in concert with, or for it from taking any action to scare seals away from Children's Pool Beach without first applying for a permit under the Marine Mammal Protection Act;

4. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all requiring MAYOR JERRY SANDERS and his agents, servants, and employees, and all such persons acting under, in concert with, or for him to allow the nighttime rope resolution passed by the Natural Resources and Culture Committee to be voted on by the full City Council;

5. For a declaration by the court of the rights and duties of plaintiffs and defendants herein;

6. For reasonable attorney's fees according to proof;

7. For costs of suit herein incurred; and

8. For such other and further relief as the court may deem proper.

Dated: December 10, 2007

By: _____
Bryan W. Pease
Attorney for Plaintiffs

## VERIFICATION

I, Dorota Valli, am a plaintiff in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December 10, 2007

By: _____
Dorota Valli

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       #  145423     - SH

       December 11, 2007
            16:14:30


         Civ Fil Non-Pris
            07-02320
    USAO #.: 2 CKS BC 437 & PC 3163
    Judge..: JEFFREY T MILLER
    Amount.:                $350.00 CK
    Check#.: PC 3163




       Total->   $350.00



    FROM: ANIMAL PROTECTION AND RESCUE V
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bryan W. Pease, 302 Washington St. #404, San Diego, CA 92103
(619) 723-0369

## DEFENDANTS
THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRARD SANDERS, ...

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

07 CV 2320 JM AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
Marine Mammal Protection Act, U.S. Code: Title 16, Chapter 31

Brief description of cause:
injunctive relief to require compliance

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 12/10/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 1U5423   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

12/11/07