**EDMUND G. BROWN JR.,** Attorney General
 of the State of California
**JOHN A. SAURENMAN,**
    Supervising Deputy Attorney General
**CHRISTINA BULL ARNDT,** (State Bar No. 175403)
    Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California 90013-1204
Telephone: (213) 897-8964
Facsimile: (213) 897-2801
Email: christina.arndt@doj.ca.gov

Attorneys for Defendant State of California,
acting by and through the California State Lands Commission

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 TO 100,<br><br>　　　　　　　Defendants. | CASE NO. 07 CV 2320 JM AJB<br><br>**DEFENDANT THE STATE OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: May 9, 2008<br>Time: 10:30 a.m.<br>Ctrm: 6 |

## I.

## INTRODUCTION

This action follows an earlier State Court action addressing the proper use of Children's Pool Beach in La Jolla under a 1931 statutory grant of public trust tidelands from the State of California to the City of San Diego. That action found that the City must return Children's Pool Beach to its 1941 condition as a swimming pool, rather than the current condition as a sandy beach used by seals to haul out and rest.

1   Plaintiffs contend that the sand dredging necessary to comply with the state court
2 order requires a permit under the Marine Mammals Protection Act, and they bring this
3 lawsuit in order to require the City to obtain such a permit.  In addition, Plaintiffs seek to
4 require the City to place a rope at Children's Pool Beach to keep the public away from
5 the seals during pupping season.
6   In short, Plaintiffs seek to require the owner of the property — the City of San
7 Diego — to do certain things with its property.  The California State Lands Commission
8 has the State of California's remaining jurisdiction over granted tidelands (Cal. Pub. Res.
9 Code § 6301) and has oversight authority to insure compliance with the trust, but it <u>does</u>
10 <u>not</u> own or manage the property.  Those functions belong solely to the City of San Diego
11 as the statutory trustee.  Unless the Court intends to take up Plaintiffs' loosely-worded
12 desire to invalidate the statutory grant — a prayer for relief which is currently
13 unsupported by Plaintiffs' claims — the State of California has no controversy with
14 Plaintiffs.
15   In addition, the claims asserted by Plaintiffs are unripe, because they involve
16 purported disputes under the Marine Mammals Protection Act that may or may not come
17 to fruition.  The City's administrative processes must first be allowed to proceed.  On this
18 basis also, the complaint should be dismissed.

19                                            **II.**
20                                   **THE COMPLAINT**

21   The complaint alleges the following facts, which are assumed to be true for the
22 purposes of this Motion to Dismiss:
23   Plaintiff Animal Protection and Rescue League ("APRL") and its harbor seal
24 protection program director, Plaintiff Dorota Valli, seek to watch and protect the harbor
25 seals that currently haul out and rest at Children's Pool Beach ("CPB") in La Jolla.
26 (Compl. ¶¶ 8-11.)  An earlier state court lawsuit considered the terms of a 1931 grant of
27 the CPB property from the State of California to the City of San Diego.  (Id. ¶ 12.)  That
28 court ruled that the City of San Diego must return CPB to its 1941 condition by dredging

1  out sand so that it is again a bathing pool — therefore making it unfit for seals.  (Id. ¶¶
2  12, 14.)  A copy of that court order ("State Court Order") is attached to the concurrently-
3  filed Request for Judicial Notice.  The State Court Order specifically provides that it shall
4  not be construed "as requiring the City to violate any law, rule, or regulation of federal,
5  state, or county government."  (Request for Judicial Notice, p. 31.)

   While the appeal of the State Court Order was pending, the San Diego City Council voted to install a rope at CPB during seal pupping season, so that the public would stay back a reasonable distance from the birthing and nursing seals.  (Compl. ¶ 15.)  Defendant Mayor Jerry Sanders refused to allow the City Council to consider a motion for a permanent nighttime rope.  (Id. ¶ 16.)

   The Marine Mammals Protection Act ("MMPA"), 16 U.S.C. § 1361 et seq., requires a permit be issued for any activity that will disturb marine mammals.  (Id. ¶ 18.)  The federal agency responsible for enforcing the MMPA, the National Oceanic and Atmospheric Association, has allegedly stated that a MMPA permit is not necessary under an exception for nuisance animals.  (Id. ¶ 22.)

   The Complaint alleges three claims for relief.  The first claim seeks injunctive relief requiring the City to obtain a permit under the MMPA before taking action that would disturb the seals.  The second claim seeks injunctive relief requiring the City to install a pupping season rope.  The third claim seeks injunctive relief against defendant Mayor Sanders to allow the City Council to consider a nighttime pupping rope.

   Apart from the claims for relief, in the prayer, Plaintiffs request a ruling that the State's 1931 statutory grant of public trust tidelands to the City is invalid under the MMPA.

## III.

## ARGUMENT

**A.   There Is No Case or Controversy Against the State.**

   Federal courts are constitutionally limited to considering matters that present a controversy between the parties.  U.S. Const., art. III, § 2, cl. 1; <u>see, e.g.</u>, <u>Long v.</u>

3

1 VanDeKamp, 961 F.2d 151 (9th Cir. 1992).  Here, APRL does not — and cannot — allege the existence of a controversy with the State.  APRL seeks an injunction requiring that the *City* obtain a permit under the MMPA and that the *City* and the *Mayor* place a rope to protect the seals during pupping season.  Appropriately, no relief is sought from the State:  The State has taken no action that would be affected by this adjudication and could not be compelled to take any action based upon this adjudication.  The State has transferred to the City the legal title to the tide and submerged lands upon which CPB is located, and the State has no power to place or remove ropes or other regulatory devices on the property.  These powers are held by the City.  Acting in its discretion as the legislatively-appointed overseer of the Legislature's tidelands trust grants, the State could have sued the City to prevent it from violating a term of its tidelands trust grant.  However, the State never challenged the City's use of these trust lands and agreed to be bound by the decision of the state court.  That court ruled, and therefore the State has no further action to take at this time.

Plaintiffs' prayer asks that the Court declare that the State's 1931 statutory grant of public trust tidelands to the City is invalid under the MMPA.  This is a request that — if fleshed out in the body of the complaint and supported by facts alleged in a claim for relief — would involve the State in the plaintiffs' allegations.  But this one prayer is currently supported by only conclusory allegations.  Therefore it is currently insufficient to hold the State in this action.

Because there is no controversy between Plaintiffs and the State to be adjudicated by the declaratory relief action and there is no action the State could be directed to take, the State's motion to dismiss should be granted.

**B.     The Complaint Fails to State a Claim that Is Ripe for Adjudication.**

The requirement of a case or controversy under Article III of the Constitution prohibits courts from deciding cases that are as yet abstract disagreements, and therefore not yet ripe for adjudication.  Ripeness is a question of timing, and federal courts "normally ought not resolve issues 'involving contingent future events that may not occur

1  as anticipated, or indeed may not occur at all.'"  Clinton v. Acequia, Inc., 94 F.3d 568,
2  572 (9th Cir. 1996), quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568,
3  580-81 (1985).  Unless there is an immediate and certain injury, a matter is not ripe for
4  consideration.  Id.  With respect to reviewing the decisions of government agencies,
5  federal courts must wait until an administrative decision has been made, in order to avoid
6  "entangling themselves in abstract disagreements over administrative policies, and also to
7  protect the agencies from judicial interference . . . ."  Abbott Lab. v. Gardner, 387 U.S.
8  136, 148 (1967).

9       Here, Plaintiffs seek to require the City to comply with the MMPA.  They do not
10 allege that the City is ignoring the MMPA and the State Court Order does not relieve the
11 City of the need to comply with the MMPA.  In fact, there have apparently been
12 conversations between the City and the National Oceanic and Atmospheric Association
13 about whether a permit is required or an exemption applies.  Therefore, it appears that the
14 City is addressing the MMPA requirements.  There is certainly no current controversy
15 requiring this Court's intervention.  Similarly, the agency action on the pupping rope
16 must be complete before those decisions are ripe for this Court's review.  As such, the
17 complaint fails because it is unripe, and therefore this motion to dismiss should be
18 granted.

19      Moreover, although Plaintiffs seek to enforce the Marine Mammals Protection
20 Act, the State also notes that the City will have to comply with the Coastal Act before it
21 dredges CPB.  The State Court Order specifically provides that the City continues to be
22 bound by applicable state law.  The Coastal Act provides that any "development" on the
23 coast requires a permit from the California Coastal Commission.  Cal. Pub. Res. Code
24 § 30600(a) (West 2007).  "Development" is defined as including "grading, removing,
25 dredging, mining, or extraction of any materials."  Id. § 30106.  Therefore, the dredging
26 necessary to return CPB to its 1941 condition will also require a coastal development
27 permit before proceeding.
28

5

**C.     The State Is Not a Necessary Party Under the Claims for Relief as Currently Pled.**

Under the claims as stated by Plaintiffs, the State is not a necessary party to this action. Public Resources Code section 6308 requires the State to be named as a necessary party defendant in actions against a city "involving the title to or the boundaries of tidelands or submerged lands that have been . . . granted to it in trust by the Legislature." Cal. Pub. Res. Code § 6308.   Under the plain language of the statute, title is "involved" when ownership of tidelands is denied or challenged, or when the validity or extent of the trust grant is disputed. See, e.g., Abbott Kinney Co. v. City of Los Angeles, 53 Cal.2d 52, 57 (1959); Dillon v. San Diego Unified Port Dist., 27 Cal.App.3d 296, 307-08 (1972); County of Orange v. Chandler-Sherman Corp., 54 Cal.App.3d 561, 563 (1976). There is no statutory or case authority for the State being a necessary party in a case like this where there is no issue of title or boundaries but simply a challenge to a trust use as already interpreted by the state court.

Again, if plaintiffs' allusion to seeking invalidation of the State's 1931 statutory grant of tidelands was properly pled, it would necessitate the inclusion of the State as a party. But as the complaint is currently pled, this reference is not incorporated as a proper claim for relief, and therefore it is insufficient to hold the State in this action.

## IV.
## CONCLUSION

Plaintiffs' complaint does not plead any dispute with the State of California, apart from a glancing reference to invalidating the 1931 statutory grant to the City. That prayer is as yet not articulated in a claim for relief such that it would support this action

///

///

///

6

1  against the State.  Moreover, the claims stated are not ripe for review by this Court.

2  Therefore, the State's motion to dismiss should be granted.

3

4  Dated: January 9, 2008          EDMUND G. BROWN JR, Attorney General
                                   of the State of California
5                                  JOHN A. SAURENMAN,
                                       Supervising Deputy Attorney General
6                                  CHRISTINA BULL ARNDT,
                                       Deputy Attorney General
7

8                                  By:  s/Christina Bull Arndt
                                       CHRISTINA BULL ARNDT
9
                                   Attorneys for Defendant the State of California,
10                                 acting by and through the California State Lands
                                   Commission
11                                 E-mail:  christina.arndt@doj.ca.gov