**EDMUND G. BROWN JR.**, Attorney General
  of the State of California
**JOHN A. SAURENMAN,**
    Supervising Deputy Attorney General
**CHRISTINA BULL ARNDT,** (State Bar No. 175403)
    Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, California  90013-1204
Telephone: (213) 897-8964
Facsimile:  (213) 897-2801
Email:  christina.arndt@doj.ca.gov

Attorneys for Defendant State of California,
acting by and through the California State Lands Commission

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 TO 100,<br><br>　　　　　　　　Defendants. | CASE NO. 07 CV 2320 JM AJB<br><br>**DEFENDANT THE STATE OF CALIFORNIA'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 25, 2008<br>Time: 1:30 p.m.<br>Ctrm: 16 |

## INTRODUCTION

The State of California has moved to dismiss the complaint against it because Plaintiffs have no case or controversy against the State; their dispute is entirely with the City of San Diego.  This motion for an injunction is largely the same:  it appears to be directed at the *City of San Diego*'s use of Children's Pool Beach.  The State does not own or manage that property and has no role in the activity Plaintiffs ask the Court to order.

The State submits this opposition, however, because the last two pages of Plaintiffs' motion appear to ask the Court to invalidate the 1931 statutory grant of

1

Children's Pool Beach to the City. This request is not reflected in Plaintiffs' notice of motion and therefore is not available relief. Moreover, it is an inappropriate subject for a preliminary injunction, because there is no showing that Plaintiffs are entitled to such a ruling on the merits, and there is no showing that irreparable hardship would result from letting the grant stand. Therefore, the status quo should be maintained and this Court should refrain from taking any action to invalidate the 1931 statutory grant of public trust tidelands from the State of California to the City of San Diego.

## ARGUMENT

**A.    Plaintiffs' Request to Invalidate the Statutory Grant Is Beyond the Scope of Their Noticed Motion.**

The notice of Plaintiffs' motion states that they are moving the Court for an order requiring the City to do three things: 1) get a permit under the Marine Mammals Protection Act ("MMPA") before disturbing the seals at Children's Pool Beach ("CPB"); 2) close CPB to the public during pupping season; and 3) install a rope barrier at CPB during pupping season. Plaintiffs' notice does not request that the court order that the statutory grant is invalid. The notice is the foundation for the motion, and in order to be meaningful, it must provide the four corners of the requested relief. Because the noticed motion does not request invalidation of the statutory grant, the Court should not make such an order.

**B.    Plaintiffs Cannot Carry Their Burden for a Mandatory Injunction Invalidating the Statutory Grant.**

In order to be granted a preliminary injunction, Plaintiffs must show "either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in [their] favor." Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity Co., 774 F.2d 1371, 1374-75 (9th Cir. 1985), quoting Los Angeles Memorial Coliseum Comm'n v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). "These are not two

1   separate tests, but rather, merely extremes 'of a single continuum.'" Colorado River
2   Indian Tribes v. Town of Parker, 776 F.2d 846, 849 (9th Cir. 1985).  Regardless of how
3   the continuum is viewed, however, the Ninth Circuit has made clear that the moving
4   party must show, at a minimum, some chance of success on the merits, National Wildlife
5   Fed'n v. Coston, 773 F.2d 1513, 1517 (9th Cir. 1985), and irreparable harm in the
6   absence of the injunction.  Dollar Rent A Car, supra, 774 F.2d at 1375.  Because
7   Plaintiffs have made neither showing here, their motion for a preliminary injunction must
8   be denied with respect to invalidating the statutory grant.

9   **1.    Plaintiffs Have Made No Showing of Probability of Success on the Merits.**

11  The gravamen of Plaintiffs' motion is to require a MMPA permit and take
12  protective measures at CPB.  Plaintiffs do not address the merits of invalidating the 1931
13  statutory grant of public trust tidelands from the State of California to the City of San
14  Diego.  They do not cite the applicable law about invalidating the statute, nor do they
15  discuss the interaction between the grant and the MMPA.  They do not argue that the
16  Court must invalidate the statutory grant in order to grant their relief.  In fact, they do not
17  make any arguments specific to invalidating the statute at all.  Therefore, there is no
18  foundation upon which this Court could invalidate the statute, and the Court should not
19  do so.

20  **2.    There Is No Showing of Irreparable Injury.**

21  The purpose of any preliminary injunction is to maintain the status quo.  See, e.g.,
22  University of Tex. v. Camenisch, 451 U.S. 390, 395 (1981); Miss Universe, Inc. v.
23  Flesher, 605 F.2d 1130, 1133 (9th Cir. 1979).  Mandatory injunctions, which go beyond
24  maintaining the status quo, are disfavored and the plaintiffs must meet a much heavier
25  burden, showing that the facts and law "clearly favor" them.  Stanley v. University of S.
26  Cal., 13 F.3d 1313, 1320 (9th Cir. 1994).

27  Plaintiffs cannot carry this heavy burden.  Plaintiffs' alleged injury is that the seals
28  will be harmed during pupping season and when the sand is dredged.  But there is no

showing that this harm is in any way related to invalidating the statutory grant.  Plaintiffs have not articulated that invalidating the grant is the path to righting their alleged wrongs.  The Court should preserve the status quo and decline Plaintiffs' murky request to invalidate the statutory grant.

## CONCLUSION

The noticed grounds for Plaintiffs' requested preliminary injunction — requiring a MMPA permit before disturbing the seals and taking protective measures during pupping season — do not involve the State.  Plaintiffs have not articulated a legal basis to invalidate the 1931 statutory grant and there is no basis to take such action on a *preliminary* injunction, as opposed to waiting for trial.  The Court should deny the motion for a preliminary injunction to the extent that it asks the Court to invalidate that grant.

Dated: January 11, 2008

EDMUND G. BROWN JR, Attorney General
of the State of California
JOHN A. SAURENMAN,
   Supervising Deputy Attorney General
CHRISTINA BULL ARNDT,
   Deputy Attorney General

By: s/Christina Bull Arndt
   CHRISTINA BULL ARNDT

Attorneys for Defendant the State of California, acting by and through the California State Lands Commission
E-mail:  christina.arndt@doj.ca.gov