MICHAEL J. AGUIRRE, City Attorney
GEORGE F. SCHAEFER,
California State Bar No. 139399
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego and
Mayor Jerry Sanders

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 TO 100,<br><br>    Defendants. | Case No. 07 CV 2320 JM AJB<br><br>**ANSWER OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO THE PLAINTIFFS' COMPLAINT**<br><br>Judge: Hon. Jeffrey T. Miller<br>Court Room: 16<br>Magistrate: Hon. Anthony L. Battaglia |

    Defendants Mayor Jerry Sanders and the City of San Diego ("City"), erroneously sued as the City of San Diego Department of Parks and Recreation, answer the allegations in each paragraph of the Plaintiffs' complaint as follows:

    1.    ADMITTED.

    2.    ADMITTED.

    3.    ADMITTED.

    4.    DENIED. Park and Recreation is a City Department. As such, it is not a separate legal entity from the City of San Diego, a chartered municipality.

    5.    ADMITTED.

///

///

6. The City of San Diego and Mayor without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 6.

7. The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 7.

8. The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 8.

9. The City of San Diego and Mayor without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 9.

10. The City of San Diego and Mayor without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 10.

11. ADMITTED.

12. ADMITTED that on August 25, 2005 now retired San Diego Superior Court Judge William Pate ordered the sand dredged from Children's Pool Beach to return it to its 1941 configuration as a bathing pool based on Judge Pate's interpretation of a 1931 Tidelands Grant from the State of California. The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to state with a reasonable degree of certainty why Judge Pate used the 1941 date; therefore, the City of San Diego and Mayor deny the allegation that the 1941 date was used because it is the earliest date that photographs were taken of the configuration of the beach.

13. ADMITTED except that the date that the Supreme Court of California denied review of the case was November 28, 2007, not in October 2007.

14. ADMITTED that Judge Pate found at page 20 of his decision that, "The Trust is to be used exclusively for a public park and children's pool….The use by the City of the Children's

Pool as a habitat, animal sanctuary, zoo or seal watching facility precludes its being used as a bathing pool for children would be outside the scope of the Trust."

15.   ADMITTED except that the actual vote by the San Diego City Council took place on April 18, 2006, not April 19, 2006.

16.   ADMITTED that the Natural Resources and Culture Committee of the City Council voted 4-0 to extend the rope barrier period to December 15 through May 15 except that the actual vote took place on November 15, 2006, not November 14, 2006. Also ADMITTED that the Committee voted 3-1 on June 20, 2007 to install a nighttime rope during all times of the year so that nighttime visitors to the beach would be aware that they should stay back from the seals. Each and every remaining averment in paragraph 16 is DENIED.

**FIRST CAUSE OF ACTION**

**(Injunctive relief against all defendants)**

17.   The City of San Diego and Mayor assert and incorporate by reference the responses set forth in each of the preceding paragraphs as if fully stated here and similarly deny each and every allegation that was previously denied.

18.   ADMITTED that the National Oceanic and Atmospheric Administration ("NOAA"), United States Department of Commerce has a permitting scheme for implementing authorized take or harassment of marine mammals in accordance with the federal Marine Mammal Protection Act, 16 U.S.C. § 1361 *et seq.* ("MMPA"). Admitted that the permitting scheme has two types of permits: incidental harassment authorization ("IHA") or incidental harassment permit ("IHP"). NOAA officials have recently stated that such a permit is not required before the City removes the seals. However, NOAA officials have not had an opportunity to review the draft environmental impact report because it has not yet been prepared for the dredging project. Because it is premature to state with absolute certainty that a permit is or is not required, the City and Mayor deny that a IHA or IHP is required.

///

///

///

1 |      19.    ADMITTED that there have been instances where swimmers at Children's Pool Beach have harassed or disturbed harbor seals, including instances which have resulted in citations of swimmers by NOAA for violation of the MMPA.  The City and Mayor DENY that allowing swimming at Children's Pool Beach always causes a violation of the MMPA.

     20.    ADMITTED that complying with the Judge Pate's order to dredge Children's Pool Beach will be detrimental to the colony of seals that inhabit Children's Pool Beach in that the practical effect will be there will be no longer be a beach for the seals to haul out, breed, or nurse their pups.  Whether compliance with the dredging order is itself a *per se* violation of the MMPA calls for a legal conclusion that the City and Mayor are unwilling to concede; therefore, this allegation is DENIED.

     21.    The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 21.

     22.    ADMITTED.

     23.    The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 23.

     24.    DENIED.

     25.    DENIED.

     26.    The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 26.

     27.    ADMITTED that San Diego now has a "strong mayor" form of government and the Department of Park and Recreation is under the supervision of the Mayor.  DENIED that it is necessary for the City or Mayor at this time to obtain a permit from NOAA "to directly scare the seals away."  DENIED that such actions are contemplated in the near future.

///

///

## SECOND CAUSE OF ACTION

**(Injunctive relief against City of San Diego Department of Parks and Recreation)**

28. The City of San Diego and Mayor assert and incorporate by reference the responses set forth in each of the preceding paragraphs as if fully stated here and similarly deny each and every allegation that was previously denied.

29. The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to the averment that in prior years "there were dozens of miscarriages and nursing pups separated from their mothers by harassment incidents in the absence of a rope during pupping season" and therefore DENY this allegation. The remaining allegations are ADMITTED.

30. DENIED. A hearing on putting up a rope barrier before a City Hearing Officer was scheduled for January 9, 2008. However, the hearing had to be cancelled because of a state court ruling that the City could not put up a rope barrier because of Judge Pate's order finding that to do so would be a violate the 1931 Tidelands Trust.

31. The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 31.

## THIRD CAUSE OF ACTION

**(Injunctive relief against Mayor Jerry Sanders)**

32. The City of San Diego and Mayor assert and incorporate by reference the responses set forth in each of the preceding paragraphs as if fully stated here and similarly deny each and every allegation that was previously denied.

33. DENIED.

34. The City of San Diego and Mayor are without knowledge and information sufficient to form a belief as to this averment and on that basis the City and Mayor deny each and every allegation contained in Paragraph 31.

## PRAYER FOR RELIEF

1-8. DENIED that the Plaintiffs are entitled to any relief, individually or severally.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CAUSE OF ACTION)

The Plaintiffs have failed to state facts sufficient to constitute any cause of action against the City of San Diego and Mayor Jerry Sanders.

## SECOND AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

There is no live case or controversy between the Plaintiffs and Defendants and the Plaintiffs have not suffered any injuries caused by the Defendants. The Plaintiffs therefore lack standing to bring their three causes of action in this case.

## THIRD AFFIRMATIVE DEFENSE

### (LACHES)

The Plaintiffs unreasonably delayed commencement of this action so that the relief sought should be barred under the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (ADEQUATE REMEDY AT LAW)

The Plaintiffs are barred from seeking equitable relief because they have an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE

### (GOOD FAITH)

At all times relevant, the City and Mayor acted in good faith and had reasonable grounds for believing their conduct was in compliance with the federal Marine Mammal Protection Act.

Dated: January 11, 2008                MICHAEL J. AGUIRRE, City Attorney


By:   s/George Schaefer
      GEORGE SCHAEFER, SBN #139399
      Deputy City Attorney

Attorneys for Defendant
The City of San Diego

# DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the following document(s):

- **ANSWER OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO THE PLAINTIFFS' COMPLAINT**

on the individuals listed below in the manner indicated.

### Electronic Mail

I served the following by electronic mail at the e-mail addresses listed below:

- **Christina Bull Arndt**
  christina.arndt@doj.ca.gov
- **Bryan W Pease**
  bryanpease@gmail.com

Executed: January 11, 2008, at San Diego, California.

    _s/George F. Schaefer_
**GEORGE F. SCHAEFER**
E-mail: GSchaefer@sandiego.gov