MICHAEL J. AGUIRRE, City Attorney
GEORGE F. SCHAEFER,
California State Bar No. 139399
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego and
Mayor Jerry Sanders

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 TO 100,<br><br>    Defendants. | Case No. 07 CV 2320 JM AJB<br><br>**OPPOSITION OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Jeffrey T. Miller<br>Court Room: 16<br>Magistrate: Hon. Anthony L. Battaglia |

Defendants Mayor Jerry Sanders ("Mayor") and the City of San Diego ("City"), erroneously sued as the City of San Diego Department of Parks and Recreation, oppose the Plaintiffs' motion for a preliminary injunction. Plaintiffs seek to enjoin the State of California, the City, and the Mayor from doing the following:

    1.    Harassing seals or excavating sand from Children's Pool Beach without obtaining a permit under the Marine Mammal Protection Act, 16 U.S.C. Section 1361, *et seq.*;

    2.    Close the sand level (sic) of Children's Pool Beach to the public during seal pupping season, December 15 through May 15; and

    3.    Carry out the City Council's resolution R-301368, passed April 19, 2006, to install a rope barrier at Children's Pool Beach during pupping season.

(Plaintiffs' motion at page 2). The City and Mayor join the State of California in opposing this motion. This opposition is supported by the contemporaneously filed declarations of the following person: 1) Stacey LoMedico, the Director of the City's Department of Park and Recreation ("LoMedico decl."); 2) Samir Mahmalji, a City Engineer ("Mahmalji decl."); and 3) the undersigned counsel ("Schaefer decl.").

## INTRODUCTION

As a preliminary matter, the City and Mayor question whether the Plaintiffs even have standing to sue them. There is no case or controversy between the Plaintiffs and City/Mayor—Plaintiffs' quarrel is with the decision rendered in the case of *Valerie O'Sullivan v. City of San Diego*, San Diego Superior Court Case No. GIC 826918.[1] The City is powerless to modify the judgment rendered in that case.

In the *O'Sullivan* decision, the Honorable William C. Pate found that the City had violated the terms of a 1931 Tidelands Trust, because the City has not restricted the public use of Children's Pool Beach to a bathing pool for children. (See copy of statute at Ex. L to Pease decl.). The City's position at trial was that terms of the trust afforded the City sufficient discretion to permit the beach to be used jointly by seals and humans—a policy adopted by the elected City Council. In rejecting this argument, Judge Pate never ordered the City to remove the colony of seals that inhabit Children's Pool; rather, Judge Pate ordered the City to employ all reasonable means to dredge the beach so as to return it to its 1941 configuration and reduce the level of water contamination that it is safe for humans. Once the dredging order is implemented, there will be no beach for the seals to haul out, breed, feed, shelter or nurse their pups. Thus, only very indirectly did Judge Pate order that the seals be forced to leave Children's Pool.

///

---

[1] At the appropriate time, the City and Mayor will most likely file a motion for summary judgment in this case.

The City appealed this decision to the California Court of Appeal, Fourth District, Division One. By operation of California law, the injunction, including the City's obligation to comply, was stayed during the appeal. The City argued on appeal that the trial court misinterpreted the terms of the trust and exceeded its judicial power by exercising legislative powers. Moreover, the City argued that the judgment should be reversed because an indispensable party—the National Oceanic and Atmospheric Administration ("NOAA"), United States Department of Commerce, was not named as a defendant. The City contended that since NOAA exercises jurisdiction over Children's Pool for the purpose of enforcing the federal Marine Mammal Protection Act, 16 U.S.C. Section 1361 *et seq.* ("MMPA"), the relief requested by O'Sullivan required her to name NOAA as defendant.

The appellate court rejected these and other arguments made by the City and affirmed Judge Pate's order and injunction. (Ex. E to Pease decl.). The City then petitioned for review by the California Supreme Court which was denied. (Ironically, the Animal Protection and Rescue League filed an amicus letter with the California Supreme Court in support of the City's position.) Judge Pate's order is now final and the City acknowledges that it is duty-bound to comply.

**MATERIAL FACTS IN SUPPORT OF THE CITY'S OPPOSITION**

Section 109(h) of the MMPA provides that local government officials or employees may humanely intentionally take ("harass") marine mammals under certain circumstances such as the protection of the public health and welfare. In 2003 a NOAA official, James Lecky, sent a letter to the Director of the City's Department of Parks and Recreation, warning the City that it could not initiate any actions that would impact the colony of seals at Children's Pool. (Ex. D to Schaefer decl.). In the letter, Lecky even opined that the City would have to have a permit from NOAA before taking such actions because NOAA determined that "Section 109(h) does not

apply to pinnipeds (seals and sea lions) on haulouts and rookeries, as these animals are not a threat to themselves or the general public and are not considered nuisance animals." This letter was received in evidence in the City's defense at the *O'Sullivan* trial. (Court Ex. 668).

Judge Pate, based on a transcript of Lecky's statement in 2004 to the City Council that no NOAA permit was needed to harass the seals, was critical of the City in his decision for allowing the seals to pollute the beach. Judge Pate also went on to hold that the City had breached its trust obligations by closing Children's Pool to the public by putting up a rope barrier from March 1999 until September 17, 2004.

While the City appealed Judge Pate's injunction, the City Council passed a resolution directing the placement of a rope barrier at Children's Pool during seal pupping season from January 1 through May 1 of every year. (*See* Council resolution R-2006-856 at Ex. D to Pease decl.). The resolution notes that the resolution was enacted based on the request of NOAA in order to protect seals from harassment by humans. (*See* NOAA request at Ex.B to Schaefer decl.). Later the Council passed another resolution extending the rope barrier period from December 15 through May 15 annually. (*See* Council resolution R-2007-621 at Ex.A to Schaefer decl.).

After the California Supreme Court denied review, a NOAA law enforcement official wrote a letter to the San Diego City Attorney's Office requesting that at a minimum a rope barrier be installed at Children's Pool during the seal pupping season. (Ex. A to Pease decl.; Ex. C to Schaefer decl.). The letter emphasized that the MMPA forbids harassment of marine mammals. The City asked the successor judge to Judge Pate, the Honorable Yuri Hofmann, to clarify whether putting up the rope barrier would violate the injunction. (Schaefer decl. at ¶ 7). The City wanted to put up the rope barrier to protect the pregnant seals and pups from possible harassment perpetrated by humans in violation of the MMPA. (Schaefer decl. at ¶ 8). Judge

Hoffman ruled that installing the rope barrier during even this limited seal pupping and nursing period would violate the injunction. (Ex. D to Schaefer decl.). The City has obeyed the state court by not putting up the rope barrier. In fact, a hearing scheduled before a City hearing officer for January 9, 2008 to obtain a City permit to put up the rope barrier had to be cancelled because of Judge Hofmann's ruling. (Schaefer decl. at ¶ 8).

Judge Pate's order provides that, "Nothing contained in this order shall be construed as requiring the City to violate any law, rule or regulation of any federal, state or county government." Order at 31:14-15. Thus, the order requires that the City comply with all state and federal environmental laws before dredging can commence. Even though the dredging order was stayed on appeal, the City applied during the appeal for permits to dredge from the California Coastal Commission, United States Army, and the California Regional Water Quality Control Board. (See ¶s 5-7 & Ex. A-C to Mahmalji decl.). Currently the City is in the process of engaging a consultant to prepare an environmental impact document which is necessary before these resource agencies can issue the permits. (See ¶ 10 to Mahmalji decl.). Completion of the dredging project will take 1.5 to 3 years. (See ¶ 13 and Ex. F to Mahmalji decl.).[2]

NOAA's current position is that the City does not need to apply for a permit to dredge Children's Pool Beach. (See ¶s 8 &9 & Ex. D-E to Mahmalji decl.; Ex. G & I to Pease decl.). Nevertheless, the City and its consultant intend to provide a draft of the environmental document to NOAA, as well as solicit its comments for inclusion in the document, to ensure that the City is complying with the MMPA. (See ¶ 11 and Ex. F to Mahmalji decl.)

///

---

[2] The City is aware that this deadline exceeds the deadline set forth by Judge Pate that dredging be completed within 6 months. Because the City is required to comply with federal and state environmental laws, it is impossible to meet this deadline. The City will have to ask the State court to modify the injunction to set a deadline that will enable the City an opportunity to comply with these laws.

Because the state court injunction does not require that the City harass the seals, the City will only take measures to remove the seals when dredging is ready to proceed. (*See* ¶ 4 of LoMedico decl.).  At that time, the City also intends to confer with NOAA officials to make sure that such actions are in compliance with federal law. (*See* ¶ 5 of LoMedico decl.).  In short, there is no basis to Plaintiffs' claim that they are at risk of irreparable injury due to pending court-ordered seal harassment.  What is obvious is that the City and Mayor are proceeding in good faith to comply with the injunction as well federal and state laws triggered by the court-ordered dredging.

## ARGUMENT

The City concurs with the State of California that in order to obtain a preliminary injunction, the Plaintiffs have the burden of showing either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of the hardships tips sharply in their favor. *Dollar Rent A Car of Washington, Inc. v. Travelers Indemnity Co.*, 774 F.2d 1371, 1374-75 (9th Cir. 1985).  *See also Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).  In addition to the reasons cited by the State, the Plaintiffs have not met their burden for a variety of reasons.

First, the injunction in the *O'Sullivan* case does not permit the City to close the beach to the public, decline to dredge the sand, or put up a rope barrier as the Plaintiffs have demanded. Although the City is sympathetic to the Plaintiffs' desire to protect the harbor seals, the City is obligated to comply with the State court's final judgment now that it has been affirmed on appeal.  It is highly improbable that this Court will ultimately order the City and Mayor to violate the *O'Sullivan* injunction by closing the beach to the public and putting up a rope barrier.  Under the Rooker-Feldman doctrine, it would be improper for this Court to go behind the State court's

judgment. *See Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003).

Plaintiffs claim they are not asking this Court to go behind the State court's judgment because they are not asking this Court to revisit Judge Pate's interpretation of the 1931 Tidelands Trust. This analysis falls short because the only way this Court could order that the beach be closed to the public and rope barrier be installed is revisit the other aspects of Judge Pate's ruling which explicitly forbid the relief requested by the Plaintiffs.

It is also improbable that the Plaintiffs will succeed on their claim that the City must obtain a permit from NOAA before the City takes measures to force the seal colony to leave the seal rookery at Children's Pool. The fact that NOAA has taken inconsistent positions on whether a permit is necessary does raise some red flags. However, neither the City nor the Mayor has any control over the NOAA on whether it deems a permit is necessary. For whatever reason, the Plaintiffs have opted not to name NOAA as a party defendant in this lawsuit.[3]

A more fundamental reason for denying the motion for preliminary injunction on this basis is the fact that there is currently no danger that the Plaintiffs will suffer irreparable harm. Nothing in Judge Pate's order requires the City to "harass" the seals before dredging is ready to commence. More importantly, the City has made a policy decision not to remove the seals before the dredging project commences. The earliest dredging will take place, as a practical matter because of environmental laws, is 1.5 years to 3 years. And, the City is committed to conferring first with the NOAA officials before any efforts are made to remove the seals to ensure there is no violation of federal law, including the MMPA. In short, there is no danger of irreparable harm to the Plaintiffs sufficient to justify a preliminary injunction in this case.

///

---

[3] If the Plaintiffs were to request that their complaint be amended to add NOAA as a party defendant, the City would not oppose such a motion. Given NOAA's continuing exercise of jurisdiction over Children's Pool Beach, as evidenced by official correspondence, NOAA appears to be an indispensable party on the permitting issue.

7

**CONCLUSION**

This Court should deny the Plaintiffs' motion for a preliminary injunction by taking judicial notice that Judge Pate's injunction does not require that the City harass the harbor seals at Children's Pool Beach and therefore there is no possibility that the Plaintiffs will suffer irreparable injury since dredging will not commence for at least another 1.5 years. This Court should not take any action that might be construed as requiring the City and Mayor to disrespect a State court judgment that has been affirmed by a State appellate court. To do so violates fundamental principles of federalism and respect for final State court judgments.

Dated:  January 11th, 2008               MICHAEL J. AGUIRRE, City Attorney


By:   s/George Schaefer
        GEORGE SCHAEFER, SBN #139399
        Deputy City Attorney

Attorneys for Defendant
The City of San Diego

## DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the following document(s):

- **OPPOSITION OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

- **DECLARATION OF STACEY LOMEDICO IN SUPPORT OF THE OPPOSITION OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

- **DECLARATION OF SAMIR MAHMALJI IN SUPPORT OF THE OPPOSITION OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

- **DECLARATION OF GEORGE SCHAEFER IN SUPPORT OF THE OPPOSITION OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

on the individuals listed below in the manner indicated.

### Electronic Mail

I served the following by electronic mail at the e-mail addresses listed below:

- **Christina Bull Arndt**
  christina.arndt@doj.ca.gov
- **Bryan W Pease**
  bryanpease@gmail.com

Executed: January 11, 2008, at San Diego, California.

    _s/George F. Schaefer_____
**GEORGE F. SCHAEFER**
E-mail: GSchaefer@sandiego.gov