1  MICHAEL J. AGUIRRE, City Attorney
   GEORGE F. SCHAEFER,
2  California State Bar No. 139399
      Office of the City Attorney
3        1200 Third Avenue, Suite 1100
      San Diego, California 92101-4100
4     Telephone: (619) 533-5800
      Facsimile: (619) 533-5856
5

6  Attorneys for Defendant
   City of San Diego and
7  Mayor Jerry Sanders

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 ANIMAL PROTECTION AND RESCUE          ) Case No.  07 CV 2320 JM AJB
   LEAGUE a nonprofit corporation, and    )
11 DOROTA VALLI, an individual,           ) **DECLARATION OF GEORGE**
                                          ) **SCHAEFER IN SUPPORT OF THE**
12             Plaintiffs,                 ) **OPPOSITION OF THE CITY OF SAN**
                                          ) **DIEGO AND MAYOR JERRY SANDERS**
13      v.                                 ) **TO PLAINTIFFS' MOTION FOR A**
                                          ) **PRELIMINARY INJUNCTION**
14 THE STATE OF CALIFORNIA, THE CITY OF)
   SAN DIEGO DEPARTMENT OF PARKS          ) Judge: Hon. Jeffrey T. Miller
15 AND RECREATION, MAYOR JERRY            ) Court Room:  16
   SANDERS, and DOES  1 TO 100,           ) Magistrate:  Hon. Anthony L. Battaglia
16                                         )
              Defendants.                  )
17 _____)

18      I, George F. Schaefer, declare as follows:

19      1.      I am a Deputy City Attorney with the San Diego City Attorney's Office.

20      2.      I make this declaration based upon my own personal knowledge, except as to

21 those matters set forth in this declaration on information and belief, and as to those matters, I

22 believe them to be true.  If called upon to testify as to those matters stated in this declaration, I

23 could and would competently testify to those matters.

24      3.      I represented the City of San Diego in its appeal of the injunction rendered by the

25 Honorable William C. Pate (now retired) in the case of *Valerie O'Sullivan v. City of San Diego*,

26 San Diego Superior Court Case No. GIC 826918.  The appeal was to the Court of Appeal, Fourth

27 Appellate District, Division One, Case No. D047382.

28 ///

                              1

1    4.    After the Court of appeal affirmed the judgment in this case, I prosecuted the

2    City's petition for review before the California Supreme Court.  After the California Supreme

3    Court denied the petition, remittitur was issued on December 3, 2007.

4    5.    At Exhibit A to my declaration is a true and correct copy of a resolution passed by

5    the San Diego City Council on January 8, 2007 when the appeal was pending.  The resolution sets

6    forth the City's policy of installing a rope barrier at Children's Pool Beach during harbor seal

7    pupping season.  The resolution requires the installation of the rope barrier from December 15

8    through May 15 annually.

9    6.    At Exhibits B and C to my declaration is a true and correct copies of letters from

10   Special Agent Donald W. Masters of the National Oceanic and Atmospheric Administration's

11   Fisheries Service, Office of Law Enforcement.

12   7.    Based on the Council's resolution and the last request of the National Marine

13   Fisheries Service that a rope barrier be installed at Children's Pool Beach starting on December

14   15, I filed a motion on behalf of the City of San Diego with the Superior court to clarify its

15   injunction.

16   8.    The City wanted to make sure that the Superior Court's injunction did not enjoin

17   the City from installing the rope barrier to protect pregnant harbor seal mothers and their pups

18   from harassment which is forbidden by the federal Marine Mammal Protection Act, 16 U.S.C.

19   Section 1361 *et seq*. ("MMPA").

20   9.    On January 4, 2008 the Superior Court confirmed its tentative ruling that the

21   injunction precludes the City from putting up any rope barrier at the request of the Federal

22   Government and in accordance with the Council's resolution.  *See* Exhibit D.The City has

23   complied by not putting up a rope barrier.  As a result of the Superior Court's ruling, a hearing

24   scheduled for January 9, 2008 before a City hearing officer requesting a City permit to put up the

25   rope barrier had to be cancelled.

26   10.    On information and belief, Exhibit E is a true an correct copy of a letter of

27   February 11, 2003 from the then Assistant Regional Administrator for Protected Resources of

28   NOAA, James H. Lecky, to the City's Department of Park and Recreation.

2

1      I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3      Executed this 11th day of January, 2008 at San Diego, San Diego County, California.

4

5                        s/ George F. Schaefer
                        George F. Schaefer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# EXHIBIT A

CLERK'S FILE COPY

(R-2007-621)
REV.COPY 2

RESOLUTION NUMBER  302160

DATE OF FINAL PASSAGE  **JAN 0 8 2007**

A RESOLUTION OF THE COUNCIL OF THE CITY OF SAN
DIEGO TO PLACE A ROPE BARRIER AT THE LA JOLLA
CHILDREN'S POOL DURING HARBOR SEAL PUPPING
SEASON AND FROM DECEMBER 15th THROUGH MAY 15th
ANNUALLY.

WHEREAS, on March 21, 2006, the National Oceanic and Atmospheric Administration,

the federal agency charged with the protection of marine mammals under the Marine Mammal

Protection Act, requested that the City of San Diego temporary close or replace the rope barrier

at the Children's Pool beach during pupping season due to concerns that the signs posted on the

beach warning the public to keep a safe distance from hauled-out seals, were ineffective at

preventing harassment of the seals, particularly during puppping season; and

WHEREAS, on April 5, 2006, the Natural Resources and Culture Committee determined

that a rope barrier during harbor seal pupping season was advisable to protect the marine

mammals and the public and voted 4-0 to recommend placing a rope barrier at the Children's

Pool beach during harbor seal pupping season each year; and

WHEREAS, on April 19, 2006, the Council of the City of San Diego adopted resolution

number R-301368 based on the recommendation from the Natural Resources and Culture

Committee, which approved the placement of the rope barrier at the Children's Pool during

pupping season from January 1st through May 1st on an annual basis; and

WHEREAS, on November 15, 2006, the Natural Resources and Culture Committee

determined that it is advisable to replace the rope barrier two weeks earlier, on December 15th,

and keep it up for two weeks longer, until May 15th, on an annual basis to better protect the seals

from harassment during the late stage of pregnancy and the nursing pups right after birth when they need to haul-out more often and for longer periods; and

WHEREAS, the Environmental Analysis Section of the City of San Diego Department of Development Services has determined that the replacement of the rope barrier is exempt from the provisions of the California Environmental Quality At (CEQA) pursuant to CEQA Guidelines section because it is a project "not to exceed five acres in size to assure the maintenance, restoration, enhancement or protection of habitat for fish, plants, or wildlife;" NOW THEREFORE,

BE IT RESOLVED by the City Council of San Diego that the Mayor or his designee is authorized to extend the period of placement of the rope barrier at the Children's Pool from December 15th through May 15th annually, and City staff is directed to replace the rope barrier as soon as possible within the time line; and

BE IT FURTHER RESOLVED by the City Council of San Diego that the City Attorney's Office is directed to determine what permits are required for the rope placement, and City staff is directed to pursue all permits, whatever they are, immediately.

APPROVED:  MICHAEL J. AGUIRRE, City Attorney

By _____
Nina M. Fain
Deputy City Attorney

NMF:mm
11/21/06
12/01/06 CORR.COPY
12/12/06 REV.COPY
12/19/06 REV.COPY 2
Or.Dept:NR&C
R-2007-621
MMS#4084

R 302160

(R-2007-621)
**REV.COPY**

I hereby certify that the foregoing Resolution was passed by the Council of the City of San Diego at its meeting of ____DEC - 5 2006____

ELIZABETH S. MALAND
City Clerk

By _____
Deputy City Clerk

JERRY SANDERS, Mayor

Approved: __1-8-07__
          (date)

Vetoed: _____
          (date)

JERRY SANDERS, Mayor

-PAGE 3 OF 3-

R- 302160

# REQUEST FOR COUNCIL ACTION
CITY OF SAN DIEGO

| | | 1. CERTIFICATE NUMBER: |
|---|---|---|

| TO: | 2. FROM: (ORIGINATING DEPARTMENT) | 3. DATE |
|---|---|---|
| CITY ATTORNEY | NATURAL RESOURCES AND CULTURE COMMITTEE (CITY COUNCIL) | November 16, 2006 |

**4. SUBJECT:**
Change of dates for the rope barrier placement at CHILDREN'S POOL ( Change from January 1, 2007, to December 15, 2006 and May 1, 2007 to May 15, 2007)

| 5. FOR INFORMATION, CONTACT: (NAME & MAIL STA.)<br>Mary Ann Kempczenski, x65996, 10A | 6. TELEPHONE NO.<br>619-236-5996 | 7. CHECK HERE IF 1472A, "DOCKET SUPPORTING INFORMATION, "HAS BEEN COMPLETED ON PAGE 2: | X |
|---|---|---|---|

**8. COMPLETE FOR ACCOUNTING PURPOSES**

| FUND | | | | 9. ADDITIONAL INFORMATION/ESTIMATED COST: |
|---|---|---|---|---|
| DEPT. | | | | None |
| ORGANIZATION | | | | |
| OBJECT ACCOUNT | | | | |
| JOB ORDER | | | | |
| C.I.P. NO. | | | | |
| AMOUNT | | | | |

## 10. ROUTING AND APPROVALS

| ROUTE (#) | APPROVING AUTHORITY | APPROVAL SIGNATURE | DATE SIGNED | ROUTE (#) | APPROVING AUTHORITY | APPROVAL SIGNATURE | DATE SIGNED |
|---|---|---|---|---|---|---|---|
| 1 | NR&C Committee Consultant | *[signature]* | 11/21/06 | 6 | | | |
| 2 | EAS | Allison Sherwood | 11/24/06 | 7 | | | |
| 3 | City Attorney | *[signature]* (Nina Fain) | 11/21/06 | 8 | | | |
| 4 | | Note: This may need to be routed to add'l depts. | | 9 | NR&C Committee Consultant | *[signature]* | 11/21/06 |
| 5 | | | | □ | MGR. DOCKET COORD. _____ COUNCIL REP. _____ | | |

RULES COMMITTEE  ☒ CONSENT  ☐ ADOPTION
MS  ☐ Refer to  ☐ Date  12/5/06

**11. PREPARATION OF:** ☒ RESOLUTION(S) ☐ ORDINANCE(S) ☐ AGREEMENT(S) ☐ DEED(S)

Please prepare a resolution for City Council consideration for December 5, 2006 which would replace the rope barrier at Children's Pool from December 15, 2006 to May 15, 2007 and every December 15th through May 15th from this point forward, rather than from January 1st through May 1st in order to better protect the seals during pupping season.

1. (see attached City Attorney's memorandum)

**11a. MANAGER'S RECOMMENDATIONS:**
ADOPT THE RESOLUTION(S)

**12. SPECIAL CONDITIONS (REFER TO A.R. 3.20 FOR INFORMATION ON COMPLETING THIS SECTION.)**

Council District:    District 1

R- 302160        DEC 0 5 2007

| Council District: | District 1 |
| Community Area: | All |
| City Clerk Instructions: | Send all copies to Mary Ann Kempczenski, 10A. |
| Environmental Impact: | This project is exempt from the California Environmental Quality Act [CEQA] pursuant to CEQA Guidelines sections 15333 and 15304(e) because it is a project "not to exceed five acres in size to assure the maintenance, restoration, enhancement, or protection of habitat for fish, plants, or wildlife." |

Attachments:
1. November 13, 2006 City Attorney Report regarding Early Placement of Rope Barrier at Children's Pool Change from January 1, 2007 to December 15, 2006
2. Resolution No. R-301368 previously adopted by City Council April 19, 2006, establishing the replacement of the rope barrier annually from January 1st through May 1st.

CM-1472 (Rev.9-94)                                    C:\DOCUMENTS AND SETTINGS\NFAIRNEWMAN\LOCAL SETTINGS\TEMP\1472 SEALS_1.DOC

302160

| DOCKET SUPPORTING SUMMARY | DATE: |
|---|---|
| CITY OF SAN DIEGO | November 16, 2006 |

SUBJECT:

Change of dates for the rope barrier placement at CHILDREN'S POOL ( Change from January 1, 2007, to December 15, 2006 and May 1, 2007 to May 15, 2007)

BACKGROUND:

Pursuant to the NOAA recommendation and the recommendation made to the City Council by the Natural Resources and Culture Committee, the San Diego City Council passed resolution number R-301368 on April 19, 2006, which provided for the placement of the rope barrier to protect the seals during their pupping season from January 1st through May 1st every year from that point forward. On November 15, 2006, the Natural Resources and Culture Committee voted to make a recommendation to City Council for early placement of the rope barrier to December 15, 2006, to protect the mother seals and the unborn pups in the late stage of pregnancy when the mother seals need to haul-out on the beach to shelter themselves and rest before the birth of the pups. The Natural Resources and Culture Committee also voted to recommend to City Council that the placement of the rope barrier remain up for two weeks after the May 1st deadline, to May 15th, to protect the baby seals right after birth, when they may need to remain on the beach to rest and nurse before embarking into the ocean on their own for the first time. Thus, it would also make sense in terms of the NOAA recommendation to the City to expand the dates of the rope barrier.

R- 302160

BY LINE:   (CITY MANAGER/DEPT.HEAD/AUTHOR INITIALS)

SIGNATURES:

*Donna Frye*

ORIGINATING DEPT. HEAD

_____

CITY MANAGER

(FOR MANAGERIAL DEPARTMENTS ONLY)

CM-1472 (Rev. 11-94)                                                              WP60/WIN Version (Rev. 11-23-94)



# EXHIBIT B

NR&C APR 0 5 2006 #10



**UNITED STATES DEPARTMENT OF COMMERCE**
National Oceanic and Atmospheric Administration
NATIONAL MARINE FISHERIES SERVICE
Office for Law Enforcement
Southwest Region
501 W. Ocean Blvd., Suite 4300
Long Beach, CA 90802

March 21, 2006

Mayor Jerry Sanders
City Administration Building
11th Floor
202 C Street
San Diego, CA 92101

Dear Mayor Sanders,

I am writing in regard to the marine mammals at La Jolla's Children's Pool and steps we can take to protect them and the people in the community. In the past few months, there have been numerous calls and other communications to NOAA's Office for Law Enforcement (OLE) regarding incidents of marine mammal harassment by the public at the Children's Pool Beach (CPB) in La Jolla, CA. As you know under the Marine Mammal Protection Act (MMPA), §16 U.S.C. 1372 (a)(2)(A), *it is unlawful for any person or vessel or other conveyance to take any marine mammal in waters or on lands under the jurisdiction of the United States.* Harassment is listed under the definition of 'take.'

> Take means to harass, hunt, capture, collect, or kill, or to attempt to... any marine mammal.

> Harassment (Level B) means any act or pursuit, torment, or annoyance which has the potential to disturb a marine mammal or marine mammal stock in the wild by causing disruption of behavioral patterns, including, but not limited to, migration, breathing, nursing, breeding, feeding, or sheltering but which does not have the potential to injure a marine mammal or marine mammal stock in the wild.

The CPB receives an estimated 80,000 visitors per month which increases the potential for seal/human interaction. OLE has placed two signs down on the beach which warn the public to keep a safe distance from the hauled out seals and sea lions. While the guidelines are useful, they have not prevented actions that could be considered harassment from occurring at the beach, particularly during pupping season. The OLE has received over 60 HOTLINE calls reporting alleged marine mammal harassment at the CPB since January 1, 2006. The agency responded to these complaints by increasing the number of patrols to the beach, especially on weekends but, resources do not afford us with the ability to maintain a constant presence.



Harbor seals haul out at CPB for breeding, nursing, molting, and resting. The pupping season at the CPB is from January through the end of April. Typically, the pup is born and weaned during the late spring. Nursing usually lasts about 3-6 weeks, averaging about 4 weeks until the pup is weaned. Unlike many other seal pups, harbor seals are able to swim at birth, but harbor seal mothers are very protective and the mother/pup bond is very important, particularly during the time immediately following birth.

California State Parks closed beaches in Arroyo Laguna and Piedras Blancas because of concerns of elephant seals being harassed at sites they are known to haul out to rest, give birth, care for their pups, and molt.

OLE is concerned that the public will continue to harass marine mammals and continue to be subject to citation under the MMPA at CPB. Therefore, we strongly recommend, as well, that the City close the CPB during the remainder of pupping season (through the end of April). The closure during this time will afford the City with time to decide, plan, and place into action a more permanent strategy for the CPB.

In the event you decide against a temporary closing of the beach, as conducted at Arroyo Laguna and Piedras Blancas, consider reinstating the CPB rope barrier that was once in place. Unfortunately, in the past the rope barrier did not deter the "determined" individual(s) from approaching the seals. The rope barrier will provide a clear message for those that have a sincere desire to respect the marine mammals present on the beach, and therefore will provide some level of heightened protection for the adult and newborn seals. The rope barrier will also aid in informing humans when they are more likely to be found in violation of the MMPA and potentially cited. This option has been supported by Susan Davis, Member of the U.S. Congress (House or Representatives).

OLE appreciates and looks forward to a continued opportunity to work with you in assisting you fulfill your goals as well as protect the animals and citizens of our community.

Sincerely,

Donald W. Masters
Special Agent in Charge

cc: Julie Teel, Office of the City Attorney
    April Penera, City Manager's Office
    Dale Jones, Director, Office for Law Enforcement
    Rod McInnis, Regional Administrator, SW Region



# EXHIBIT C



UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
NOAA FISHERIES SERVICE
Office of Law Enforcement
501 W. Ocean Blvd., Suite 4300
Long Beach, CA 90802
November 30, 2007

San Diego City Attorney's Office
Nina M. Fain, Deputy City Attorney
1200 Third Ave, Suite 1100
San Diego, CA 92101

Dear Ms. Fain,

I am writing in regard to the marine mammals at La Jolla's Children's Pool and steps we can take to protect them and the people in the community. In the past few months, there have been numerous calls and other communications to NOAA's Office of Law Enforcement (OLE) regarding incidents of marine mammal harassment by the public at the Children's Pool Beach (CPB) in La Jolla, CA. As you know, under the Marine Mammal Protection Act (MMPA), 16 U.S.C. 1372 (a)(2)(A), *it is unlawful for any person or vessel or other conveyance to take any marine mammal in waters or on lands under the jurisdiction of the United States.* Harassment is listed under the definition of 'take.' Take means to harass, hunt, capture, collect, or kill, or to attempt to... any marine mammal.

Harassment (Level B) means any act of pursuit, torment, or annoyance which has the potential to disturb a marine mammal or marine mammal stock in the wild by causing disruption of behavioral patterns, including, but not limited to, migration, breathing, nursing, breeding, feeding, or sheltering but which does not have the potential to injure a marine mammal or marine mammal stock in the wild.

Joe Cordaro, NOAA Wildlife Biologist, advises that harbor seals haul out at CPB for breeding, nursing, molting, and resting. The first full-term pups are usually born in early-mid January. Pups wean from their mothers in approximately 4-7 weeks. The last pups of the season may not wean until the end of May.

The CPB receives numerous visitors each month which increases the potential for seal/human interaction. OLE has placed signs on the landings above the CPB, which warn the public to keep a safe distance from the hauled out harbor seals. While the guidelines are useful, they have not prevented actions that could be considered harassment from occurring at the beach, particularly during pupping season. OLE continues to receive HOTLINE calls reporting alleged marine mammal harassment at the CPB.

OLE is concerned that the public will continue to harass marine mammals and continue to be subject to citation under the MMPA at CPB. Therefore, we strongly recommend, that the City close the CPB starting December 15 through May 30 or, at a minimum, consider reinstating the CPB rope barrier that was once in place. Unfortunately, in the past the rope barrier did not deter the "determined" individual(s) from approaching the seals. The rope barrier will provide a clear message for those that have a sincere desire to respect the marine mammals present on the beach, and therefore will provide some level of heightened protection for the adults and newborn seals. The rope barrier will also aid in informing people when they are more likely to be found in violation of the MMPA and potentially cited.



communicated by the recent field observation over labor day weekend. Nonetheless, NMFS remains concerned about the vulnerability of the seals at the rookery during the pupping season.

As in previous years, OLE appreciates your practice of implementing the rope barrier. The rope barrier has been a needed step in the right direction, but closing the beach would make a safer environment for the nursing seals. OLE appreciates and looks forward to a continued opportunity to work with you in assisting you achieving your goals as well as protecting the animals and citizens of our community.

Sincerely,

Donald W. Masters
Special Agent in Charge
NOAA Fisheries/OLE

cc:    April Penera, City Manager's Office
       Dale Jones, Director, Office of Law Enforcement
       Rod McInnis, Regional Administrator, SW Region
       Russ Strach, Assistant Regional Administrator for Protected Resources, SW Region



# EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### HALL OF JUSTICE
### TENTATIVE RULINGS - January 03, 2008

EVENT DATE: 01/04/2008        EVENT TIME:    10:30:00 AM      DEPT.: C-60

JUDICIAL OFFICER: Yuri Hofmann

CASE NO.:    GIC826918

CASE TITLE:    O'SULLIVAN VS CITY OF SAN DIEGO

CASE CATEGORY: Civil - Unlimited            CASE TYPE: Misc Complaints - Other

EVENT TYPE:  Motion Hearing (Civil)
CAUSAL DOCUMENT Motion - Other, 12/12/2007
/DATE FILED:

Defendant City of San Diego's "Motion to Clarify the Court's Injunction" is DENIED.

The Court is wary of ruling on the instant Motion, as it appears to seek something akin to an advisory opinion before the controverted issue is ripe. On the other hand, the City appears to be asking the Court to re-analyze an issue which has already been addressed and determined by this Court and the Court of Appeal. Specifically, the "rope issue" was discussed in both this Court's and the Court of Appeal's final rulings in favor of Plaintiff and against the City. Ultimately, both Courts found that the placement of a "rope barrier cutting off public access to the Pool," along with other various restrictions, "served to deter the public, beneficiaries of the trust grant, from using the beach," which resulted in the City's breach of its obligations as trustee under the subject Trust. (See Court of Appeal Ruling, pp. 12-13, quoting portions of the Trial Court's Statement of Decision.) More specifically, the Trial Court stated in its lengthy Statement of Decision:

The next biggest cause of actual or constructive closure of the Children's Pool was the City's decision to erect a rope barrier cutting off public access to the Pool. On March 29, 1999, the City Council . . . voted to rope off the Pool. *In doing so, the City breached its obligations under the Trust, as trustee of the* Children's Pool. Instead of returning the Pool to its original and safer configuration and also rectifying the unhealthy condition of the water and sand at the Pool, the City barred the use of the Children's Pool as a "public park, bathing pool for children, . . . and [use for] playground and recreational purposes," as expressly required by the 1931 Trust. The rope remained up from March 1999 until September 17, 2004.

(8/26/05 Statement of Decision, p. 24, ls. 3-14, emphasis added.)

In the instant Motion, the City asks the Court to reconsider the rope issue in the context of new evidence not proffered at trial. The Court declines to do so. As noted above, the relevant issue has been considered and decided, and the Court's directives to the City are clear and unambiguous.

---



# EXHIBIT E



PARK & RECREATION

FEB 1 8 2003

NORTHERN PARKS DIVISION

UNITED STATES DEPARTMENT OF COMMERCE
**National Oceanic and Atmospheric Administration**
NATIONAL MARINE FISHERIES SERVICE
Southwest Region
501 West Ocean Boulevard, Suite 4200
Long Beach, California 90802-4213

Court's Ex. 668
Case # GIC 826918
Rec'd _____
Dept 60 Clk

F/SWR3:JGC

FEB 11 2003

Ms. Robin Stribley
Park and Recreation Natural
    Resource Manager
City of San Diego
Park and Recreation Department, MS-35
202 "C" Street
San Diego, California 92101

Dear Ms. Stribley:

This responds to your request regarding clarification of our agency's policy regarding the status of the harbor seals frequenting Children's Pool Beach (CPB) in La Jolla and the City's options under the Marine Mammal Protection Act (MMPA) in initiating projects at CPB that may impact the seals.

A direct permanent impact would be any action that would cause the seals to permanently abandon CPB as a haulout and rookery, such as erecting a fence or net around CPB or actively using noise or other means to deter the seals from utilizing the beach as a haulout site. Under Section 109(h) of the MMPA, local government officials or employees may humanely intentionally take (harass) marine mammals during the course of their official duties if the taking is for: (a) the protection or welfare of the animal, (b) the protection of the public health or welfare, or (c) the nonlethal removal of nuisance animals. The National Marine Fisheries Service (NOAA Fisheries) has determined that Section 109(h) does not apply to pinnipeds (seals and sea lions) on haulouts and rookeries, as these animals are not a threat to themselves or the general public and are not considered to be nuisance animals. Therefore, the City of San Diego may not initiate any actions that would result in a permanent impact to the harbor seals at CPB.

An indirect temporary impact would be any action that would temporarily displace the seals at CPB, such as projects that would enhance, improve, or remove certain beach structures, such as the lifeguard tower, or projects intended to improve the surrounding water quality, such as a dredging or other project. Local governments may take (harass) marine mammals incidental to a local project under the terms of a permit issued by NOAA Fisheries known as an Incidental Harassment Authorization (IHA) if: (1) the taking is limited to harassment, (2) the taking will have a negligible impact on the species or stock, and (3) that the permissible methods of taking and the requirements pertaining to the reporting and monitoring of the takings are set forth in the IHA. The application process for this type of permit is outlined under Section 101(a)(5)(D) of the MMPA. A formal study does not need to be conducted prior to applying for the permit. However, some mitigation procedures might be incorporated into the permit which would

RS000648

require the City to limit the project to certain times of the year, such as prior to or immediately following the pupping season, and monitoring the seals' activity during the life of the project.

The use of acoustic devices as pinniped deterrents in California is currently under investigation by our agency. These devices are primarily intended for use by commercial fisheries to deter pinniped depredation and damage to fishing gear. The use of these devices at CPB would be inappropriate, as their use would constitute intentional rather than incidental harassment.

Thank you for your letter. NOAA Fisheries is available to assist the City of San Diego in proceeding with MMPA 101(a)(5)(D) authorization at CPB at the City's earliest convenience. If you have any questions, please contact Joseph Cordaro at (562) 980-4017.

Sincerely,

James H. Lecky
Assistant Regional Administrator
for Protected Resources

cc: Judson Feder-GCSW
    Michele Zetwo-F/EN6

RS000649