Paul R. Kennerson, State Bar No. 45430
**KENNERSON & GRANT**
101 West Broadway, Suite 1150
San Diego, CA  92101
Telephone:  +1 619 236 1255
Facsimile:  +1 619 236 0555
Email:      paul@kennersongrant.com

Attorneys for Movant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>Defendants. | Case No.  07 CV 2320 JM (AJB)<br><br>**MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME TO HEAR VALERIE O'SULLIVAN'S MOTION TO INTERVENE AND LEAVE TO FILE RESPONSIVE PLEADING**<br><br>DATE:   TBD<br>TIME:   TBD<br>CRTRM: 16 |

**I.**

**<u>INTRODUCTION AND FACTUAL BACKGROUND</u>**

Plaintiffs have filed a Motion for Preliminary Injunction, which is scheduled for hearing on January 25, 2008.  The issues to be determined at that hearing (whether a rope may be installed at the La Jolla Children's Pool to exclude humans from the beach) have already been tried over the course of five years and all the way up to the Supreme Court of California.[1]  Now that Movant Valerie O'Sullivan, the plaintiff in the state court proceedings (collectively, "State Court Action), has obtained final determination of the precise issues in this case, Plaintiffs seek to have this Federal

---

[1] Ms. O'Sullivan incorporates the Factual and Procedural Background from her Proposed Motion to Intervene, attached as Exhibit 6 to the Notice of Lodgment, as though fully set forth herein.

Court, effectively, overturn her victory. Worse yet, Plaintiffs seek to do it without Ms. O'Sullivan's participation. In order to protect Ms. O'Sullivan's substantial interests obtained in the recent judicial affirmations of her rights, Ms. O'Sullivan must seek to intervene in this action. Since the notice period provided by the Local Rules of this Court would result in Plaintiffs Motion for Preliminary Injunction being heard before Ms. O'Sullivan's Motion to Intervene, Ms. O'Sullivan respectfully requests this Court shorten time for hearing Ms. O'Sullivan's Motion to Intervene.

## II.

## AN ORDER SHORTENING TIME FOR HEARING IS IN THE INTEREST OF JUSTICE

Southern District Local Rule 7.1 governs the notice period required for hearing all motions. Specifically, Local Rule 7.1 states, in pertinent part:

> *[u]nless the court shortens time…*, any notice of motion, application or notice of other matter requiring the court's ruling, plus all necessary supporting documents, will require a minimum filing date of 28 calendar days prior to the Monday for which the matter is noticed.

Dist. So. Cal. Local Rule 7.1(e)(1) (emphasis added). In this case, there is good cause, and Movant Ms. O'Sullivan respectfully requests, that the notice period on her Motion to Intervene be shortened so that she may be heard before this Court rules on whether to grant Plaintiffs a preliminary injunction.

First, Ms. O'Sullivan acted reasonably and promptly in preparing her Motion to Intervene. The Complaint in this action was filed on December 11, 2007. *See* Pltfs' Cmplt. Plaintiffs filed a Motion for Preliminary Injunction on December 18, 2007. *See* Pltfs' Mtn. for Prelim. Injunction. The hearing on Plaintiffs' Motion for Preliminary Injunction is currently set for January 25, 2008. *Id.* Defendant, the State of California, filed a Motion to Dismiss on January 9, 2008. *See* State of California's Mtn. to Dismiss.

Ms. O'Sullivan was not named as a party in the present action and neither her nor her counsel was served a copy of the Complaint or Motion for Preliminary Injunction. *See* Cmplt.; Declaration of Paul Kennerson, ¶¶ 10-11. Ms. O'Sullivan's counsel, Paul Kennerson, first learned Plaintiffs' Motion for Preliminary Injunction shortly before the California Superior Court issued its January 4, 2008 order clarifying its Judgment on the "rope issue," prohibiting the City of San Diego from

installing a rope the Children's Pool in La Jolla. *Id.* at ¶ 11. It was, at that point, that Ms. O'Sullivan's rights arising out of the State Court Action directly conflicted with Plaintiffs' Motion for Preliminary Injunction. Once Ms. O'Sullivan's counsel learned of the conflict presented by Plaintiffs' requested Preliminary Injunction, counsel began preparation of the Motion to Intervene and this Application. *Id.*

Second, no party will be prejudiced by an order shortening time for the hearing on the motion to intervene. Ms. O'Sullivan's desire to intervene in this action should come as no surprise. All parties, from the inception of this matter, have been aware of Ms. O'Sullivan's State Court Action. In spite of the Plaintiffs' confessed awareness of the favorable State Court Judgment Ms. O'Sullivan obtained after five years of litigating all the way up to the Supreme Court of California, the Plaintiffs did not give Ms. O'Sullivan notice of their intent to seek a Federal Court Order in *direct contravention* of the State Court Judgment. *See id.* at ¶¶ 10-11. Rather, the parties may be prejudiced, in the form of time and additional expense, if the Preliminary Injunction hearing proceeds without Ms. O'Sullivan's participation because Ms. O'Sullivan will be forced to take other legal actions to ensure compliance with the State Court Judgment she fought so hard to obtain.

### III.
### LEAVE TO FILE A RESPONSIVE PLEADING IN 20 DAYS IS IN THE INTERESTS OF JUSTICE

Federal Rule of Civil Procedure 24(c) provides that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. Proc., rule 24(c). Given the short notice Ms. O'Sullivan had to determine whether to intervene in this action, prepare, and file her Motion to Intervene, Ms. O'Sullivan has not been given a reasonable opportunity to analyze whether to file a Motion to Dismiss or Answer, much less to prepare it. Had Plaintiffs included Ms. O'Sullivan in this action as a necessary party, Ms. O'Sullivan would have had twenty (20) days after service of the Complaint to file a responsive pleading. Fed. R. Civ. Proc., rule 12(a). Plaintiffs' failure should not operate to unfairly prejudice Ms. O'Sullivan and Ms. O'Sullivan respectfully requests leave to file a responsive pleading twenty (20) days after granting of this *Ex Parte* Application.

3

## IV.

## **CONCLUSION**

For the foregoing reasons, Movant Valerie O'Sullivan respectfully requests that this Court grant its *Ex Parte* Application for Order Shortening Time for Hearing on Motion to Intervene and for Leave to File Responsive Pleading twenty days from the granting of this Application.

Dated:  January 15, 2008                                KENNERSON & GRANT


                                                        By:s/Paul R. Kennerson
                                                            Attorneys for Movant
                                                            Email:  paul@kennersongrant.com