1   Paul R. Kennerson, State Bar No. 45430
    **KENNERSON & GRANT**
2   101 West Broadway, Suite 1150
    San Diego, CA 92101
3   Telephone:    +1 619 236 1255
    Facsimile:    +1 619 236 0555
4   Email:        paul@kennersongrant.com

5   Attorneys for Movant

6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10  | ANIMAL PROTECTION AND RESCUE | Case No. 07 CV 2320 JM (AJB) |
    | LEAGUE a nonprofit corporation, and | |
11  | DOROTA VALLI, an individual, | **EXHIBIT 6: NOTICE OF LODGMENT** |
    | | **IN SUPPORT OF** *EX PARTE* |
12  | Plaintiffs, | **APPLICATION FOR AN ORDER** |
    | | **SHORTENING TIME AND MOTION** |
13  | v. | **TO INTERVENE** |

14  THE STATE OF CALIFORNIA, THE CITY      **DATE:    TBD**
    OF SAN DIEGO DEPARTMENT OF PARKS       **TIME:    TBD**
15  AND RECREATION, MAYOR JERRY            **CRTRM: 16**
    SANDERS, and DOES 1 to 100,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28                                        Exhibit 6, Page 133

1   Paul R. Kennerson, State Bar No. 45430
    **KENNERSON & GRANT**
2   101 West Broadway, Suite 1150
    San Diego, CA  92101
3   Telephone:    +1 619 236 1255
    Facsimile:    +1 619 236 0555
4   Email:        paul@kennersongrant.com

5   Attorneys for Movant

6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  ANIMAL PROTECTION AND RESCUE          **Case No.  07 CV 2320 JM (AJB)**
    LEAGUE a nonprofit corporation, and
11  DOROTA VALLI, an individual,          **NOTICE OF MOTION AND MOTION
                                          TO INTERVENE**
12              Plaintiffs,
                                          **DATE:    TBD**
13        v.                              **TIME:    TBD**
                                          **CRTRM: 16**
14  THE STATE OF CALIFORNIA, THE CITY
    OF SAN DIEGO DEPARTMENT OF PARKS
15  AND RECREATION, MAYOR JERRY
    SANDERS, and DOES 1 to 100,
16
                Defendants.
17

18        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE that at a date and time to be later determined by the above-

20  captioned court, before the Honorable Jeffrey T. Miller of the above-referenced court, located at 940

21  Front Street, San Diego, California, in courtroom 16, Movant Valerie O'Sullivan will move this

22  Court to intervene in the above-captioned lawsuit, as of right.  In the alternative, Ms. O'Sullivan will

23  move this Court for permissive intervention or for leave to file *amicus* briefs at all stages of these

24  ///

25  proceedings.  Ms. O'Sullivan further seeks a continuance of the hearing on Plaintiffs' Motion for

26  Preliminary Injunction to allow Ms. O'Sullivan meaningful participation in the proceedings.

27        The motion to intervene will be based upon the following grounds:

28        Ms. O'Sullivan's motion to intervene is timely because this proceeding is still in its

                                        1

SDODMS1/684789.1
**Exhibit  l₂__, Page 134**

1   beginning stages, there is no prejudice to other parties, and Ms. O'Sullivan brings this motion as

2   soon as practicable.

3          Ms. O'Sullivan has a significantly protectable interest in this action because the injunctive

4   relief in this action will impair the ability of the City of San Diego to comply with a state court

5   judgment in favor of Ms. O'Sullivan.

6          Disposition of this action will impede Ms. O'Sullivan's ability to protect her interests

7   because the requested injunction is in direct contravention of Ms. O'Sullivan's rights, which have

8   already been adjudicated.

9          Finally, the defendants in this matter do not adequately represent Ms. O'Sullivan because the

10  City of San Diego has been opposed to Ms. O'Sullivan on the issues in this matter for the last five

11  years and because the State of California has expressed that it has no interest in the issues to be

12  resolved by this matter.

13         In the alternative, Ms. O'Sullivan should be permitted to intervene because the issues of fact

14  and law in her prior state court action and in this present action are identical.

15         The motion to intervene is based upon this Notice of Motion and Motion, the Memorandum

16  in support thereof, the Declaration of Paul Kennerson, the Request for Judicial Notice, and the

17  Notice of Lodgment, and all pleadings and papers on file in this action, and upon such other matters

18  as may be presented to the Court at the time of the hearing.

19  Dated:  January 15, 2008                         KENNERSON & GRANT

20

21                                                  By:s/Paul R. Kennerson
                                                       Attorneys for Movant
22                                                     Email:  paul@kennersongrant.com

23

24

25

26

27

28

                                                2

SDODMS1/684789.1

Exhibit _ℓ_, Page 135

1  Paul R. Kennerson, State Bar No. 45430
**KENNERSON & GRANT**
2  101 West Broadway, Suite 1150
San Diego, CA 92101
3  Telephone:    +1 619 236 1255
Facsimile:    +1 619 236 0555
4  Email:    paul@kennersongrant.com

5  Attorneys for Movant

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  ANIMAL PROTECTION AND RESCUE          Case No.  07 CV 2320 JM (AJB)
    LEAGUE a nonprofit corporation, and
11  DOROTA VALLI, an individual,          **MEMORANDUM IN SUPPORT OF
                                          VALERIE O'SULLIVAN'S MOTION
12              Plaintiffs,               TO INTERVENE, OR IN THE
                                          ALTERNATIVE, FOR LEAVE TO
13         v.                             FILE *AMICUS* BRIEF, AND FOR
                                          CONTINUANCE OF PRELIMINARY
14  THE STATE OF CALIFORNIA, THE CITY     INJUNCTION HEARING**
    OF SAN DIEGO DEPARTMENT OF PARKS
15  AND RECREATION, MAYOR JERRY
    SANDERS, and DOES 1 to 100,
16
                Defendants.
17

18                              **I.**

19                       **INTRODUCTION**

20         The issues in this lawsuit have already been tried over the course of five years, all the way up

21  to the California Supreme Court.  Now that Movant Ms. O'Sullivan, the plaintiff in the state court

22  proceedings (collectively "State Court Action"), has obtained final determination of the precise

23  issues addressed by Plaintiffs' Complaint, Plaintiffs seek to have this Federal Court, effectively,

24  overturn her victory.  Worse yet, they seek to do it without Ms. O'Sullivan's participation in this

25  lawsuit.  In order to protect Ms. O'Sullivan's substantial interests obtained in the recent judicial

26  affirmations of her rights, Ms. O'Sullivan respectfully requests to intervene as a defendant in this

27  matter, as of right.

28                                      **Exhibit 6, Page 136**

                                       1

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1930, Ellen Browning Scripps requested permission from the City of San Diego, at her expense, to construct a concrete breakwater in the Pacific Ocean adjacent to La Jolla to create a safe ocean bathing pool. *See* Notice of Lodgment ("NOL") Exhibit 3: September 7, 2007 California Court of Appeals Decision, p. 2. The City Council passed a resolution granting Scripps permission to construct the concrete breakwater. *Id.* Scripps was informed that only the California Legislature could authorize construction of the breakwater, but until such a legislative act could be obtained, the Attorney General would not take legal action to prevent its construction. *Id.* at p. 3.

In 1931, Scripps completed construction of the 300-foot concrete breakwater and resultant ocean water bathing pool, known as the Children's Pool. *Id.* Scripps gave the breakwater and Children's Pool to the City of San Diego. *Id.* Shortly thereafter, the Governor of California signed an act of the Legislature granting lands, including the Children's Pool, to be forever held by the City of San Diego in trust. *Id.* As a condition of the trust, the City of San Diego was to devote the land "exclusively to public park, bathing pool for children, parkway, highway, playground and recreational purposes, and to such other uses as may be incident to, or convenient for the full enjoyment of, such purposes…" *Id.*

Despite the City of San Diego's obligation as trustee of the Children's Pool to manage and maintain the Children's Pool for recreational use by the people of California, the City of San Diego allowed the condition of the Children's Pool to deteriorate to such a point that it could not, and was not, being used as a public park or bathing pool for children. NOL Exhibit 1: August 26, 2005 Final Statement of Decision, p. 29. Among some of the conditions preventing the Children's Pool from its intended use were: (1) sand filled the Children's Pool to the point that the Children's Pool cannot be used for swimming because the water at the shoreline was no longer sufficiently sheltered by the breakwater; (2) the growing presence of seals at the Children's Pool caused an unsafe bacteria level from seal feces to be present 365 days of the year; (3) the City of San Diego took action to separate the seals from humans by closing off the Children's Pool to humans and installing a separation rope. *Id.* at 30.

Exhibit 6, Page 137

2

SDODMS1/684691.1

1    On March 12, 2004, Ms. O'Sullivan, as a private attorney general and resident of San Diego,

2  filed a Complaint against the City of San Diego in San Diego Superior Court for breach of its

3  obligations under the 1931 Trust to manage and maintain the Children's Pool for swimming ("State

4  Court Complaint").  *See* NOL Exhibit 2: September 7, 2007 Decision of the California Court of

5  Appeals, p. 9; Declaration of Paul Kennerson ("Kennerson Decl."), ¶ 2.  Rather than joining the

6  lawsuit as an indispensable party, on June 9, 2005, the State of California filed a stipulation,

7  agreeing to be bound by the judgment to be entered by the trial court.  *Id.* at 53; Kennerson Decl.,

8  ¶ 3.  "In so doing, the State apparently conceded it had no particular interest or position regarding the

9  outcome and did not want to be actively involved in the action."  *Id.*

10    Ms. O'Sullivan's State Court Complaint proceeded in the Superior Court to judgment.  NOL

11  Exhibit 5: October 4, 2005 Judgment.  The California Superior Court issued its October 4, 2005

12  Judgment required the City of San Diego, *inter alia*, to:

13    (1)    employ all reasonable means to restore the Pool to its 1941 condition by removing the

14  sand build-up;

15    (2)    reduce the level of water contamination in the Pool to levels certified by the County

16  of San Diego as being safe for humans;

17    (3)    maintain the beach sand so that it does not pose a health hazard to humans; and

18    (4)    fully comply with the court order "no later than six (6) months after the date this

19  order is issued.  *Id.*; August 26, 2005 Final Statement of Decision, p. 31.

20    In its Final Statement of Decision, the California Superior Court addressed the City of San

21  Diego's argument that removal of the seals from the Children's Pool is prohibited by the Marine

22  Mammal Protection Act ("MMPA").  In response, the court stated,

23    The City's position is refuted by its own evidence… the City has been
repeatedly advised the its City Manager and NMFS [the federal agency

24    charged with enforcement of the MMPA] that the City can take
appropriate action to remediate the safety and health situation at

25    Children's Pool without violating the MMPA…The City knew as early
as 1997 that under these exceptions [in the MMPA] it could deter the

26    seals at the Children's Pool.

27  *Id.* at p. 25.

28                                              **Exhibit  6  , Page 138**

3

1    The City of San Diego appealed from the October 4, 2005 Judgment to the California Court

2    of Appeals.  The California Court of Appeals affirmed the Judgment of the Superior Court in its

3    entirety.  *See* NOL Exhibit 3: September 7, 2007 California Appellate Decision, p. 9.  The City of

4    San Diego petitioned the Supreme Court of California for review.  On November 28, 2007, the

5    Supreme Court of California denied the petition for review.  NOL Exhibit 7: November 28, 2007

6    Supreme Court of California Denial of Review.

7        After the California Supreme Court's denial of review, the City of San Diego filed a "Motion

8    to Clarify the Court's Injunction" which requested that the Superior Court to reconsider the "rope

9    issue" and permit the City of San Diego to place a rope barrier on the shore of the Children's Pool

10   cutting off public access thereto.  *See* NOL Exhibit 5: January 3, 2008 Tentative Ruling of the

11   Superior Court of California; Kennerson Decl., ¶ 8.  The Superior Court declined to rehear the issue

12   stating:

13           Specifically, the 'rope issue' was discussed in both this Court's and the
             Court of Appeal's final rulings in favor of Plaintiff and against the
14           City.  Ultimately, both Courts found that the placement of a 'rope
             barrier cutting off public access to the Pool'… resulted in the City's
15           breach of its obligations as trustee under the subject Trust.

16   *Id.*  The court further stated, "the relevant issue has been considered and decided, and the Court's

17   directives to the City are clear and unambiguous."  *Id.*

18       Notwithstanding the State Court Action, and the California Superior Court's clear and

19   unambiguous order, the Plaintiffs in this matter filed a Complaint and Motion for Preliminary

20   Injunction.  The Plaintiffs' Complaint is based upon the allegation that the MMPA "requires a permit

21   to be issued for activities that will involve disturbance of marine mammals".  Pltfs' Cmplt, ¶ 18.

22   Plaintiffs' Motion for Preliminary Injunction seeks (1) to enjoin the State of California, the City of

23   San Diego Department of Parks and Recreation and Mayor Jerry Sanders from harassing seals or

24   excavating sand from Children's Pool beach and require them to (2) close the sand level of the

25   Children's Pool to the public and (3) install a rope barrier at the Children's Pool.  Pltfs' Notice of

26   Mtn. and Mtn. for Prelim. Injunction, p. 2.  The Plaintiffs seek this Court to issue an injunction in

27   *direct contravention* with the California Superior Court Judgment in the State Court Action.  In

28   filing this present action, Plaintiffs essentially ask this Federal District Court to overturn Ms.

4

1  O'Sullivan's state court victory, and to do so without giving Ms. O'Sullivan an opportunity to be

2  heard.

**III.**

**MOVANT IS ENTITLED TO INTERVENE AS OF RIGHT**

5      In order to intervene as a matter of right under Federal Rule of Civil Procedure, rule 24(a), an

6  applicant must satisfy the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a
> 'significantly protectable' interest relating to the property or
> transaction which is the subject of the action; (3) the applicant must be
> so situated that the disposition of the action may a s a practical matter
> impair or impede its ability to protect that interest; and (4) the
> applicant's interest must be inadequately represented by the parties to
> the action.

11  *Forest Conservation Council, et al., v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir.

12  1995). The requirements of Rule 24 are to be broadly construed in favor of intervention. *Id.*

13  **A.    Ms. O'Sullivan's Motion To Intervene Is Timely**

14      In determining timeliness, courts in the Ninth Circuit look to three factors: (1) the stage of

15  the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay.

16  *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (application timely even over a decade

17  after inception of the case because the case was entering into a new stage and there was good reason

18  for the delay). This motion is timely because this proceeding is in its beginning stages, Plaintiffs

19  will suffer no prejudice, and Ms. O'Sullivan brings this motion as soon as practicable.

20      The Complaint in this action was filed on December 11, 2007. *See* Plaintiffs' Complaint.

21  Plaintiffs filed a Motion for Preliminary Injunction on December 18, 2007. *See* Pltfs' Mtn. for

22  Prelim. Injunction. The hearing on Plaintiffs' Motion for Preliminary Injunction is currently set for

23  January 25, 2008. *Id.* Defendant, the State of California, filed a Motion to Dismiss on January 9,

24  2008. *See* State of California's Mtn. to Dismiss. This lawsuit is still in its infant stages as a motion

25  to dismiss is still pending and discovery has not commenced.

26      Ms. O'Sullivan was not named as a party in the present action and neither her nor her counsel

27  was served a copy of the Complaint or Motion for Preliminary Injunction. Kennerson Decl., ¶¶ 10-

28  11. Ms. O'Sullivan's counsel, Paul Kennerson, first learned of Plaintiffs' Motion for Preliminary

5

SDODMS1/684691.1

**Exhibit _6_, Page 140**

1   Injunction shortly before the California Superior Court addressed the City of San Diego's Motion to

2   Clarify the Court's Injunction, requesting the right to rope off the Children's Pool. *Id.* at ¶ 11.  On

3   January 4, 2008, the San Diego Superior Court heard the City of San Diego's motion and held a rope

4   barrier could not be installed. *Id.* at ¶ 8; NOL Exhibit 5:  January 3, 2008 Tentative Ruling of the

5   Superior Court of California.  It was not until January 4, 2008 that Ms. O'Sullivan's rights arising

6   out of the State Court Action directly conflicted with Plaintiffs' Motion for Preliminary Injunction.

7   *See* Kennerson Decl., ¶ 8.  A one-week delay in order to prepare this present motion does not render

8   Ms. O'Sullivan's request untimely.

9          Given the early stages of these proceedings, no party will suffer prejudice by Ms.

10  O'Sullivan's intervention.  The Plaintiffs' own Complaint alleges Ms. O'Sullivan's State Court

11  Action, demonstrating that at the commencement of this lawsuit, Plaintiffs were well-aware of

12  Ms. O'Sullivan's substantial interest in this action.  *See* Pltfs' Cmplt., ¶ 12.  Despite such

13  knowledge, Plaintiffs did not inform Ms. O'Sullivan or her counsel of this present action or their

14  Motion for Preliminary Injunction.  *See* Kennerson Decl., ¶¶ 10-11.  Plaintiffs cannot now be heard

15  to complain of prejudice since any prejudice has been self-inflicted.

16  **B.    Ms. O'Sullivan Has A "Significantly Protectable" Interest Relating To The Subject Of**
        **This Action**

17

18         Whether an applicant for intervention demonstrates sufficient interest in an action is a

19  practical inquiry.  *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir.

20  2001).  The proposed intervenor does not need to establish any specific legal or equitable interest.

21  *Id.*  "It is generally enough that the interest [asserted] is protectable under some law, and that there is

22  a relationship between the legally protected interest and the claims at issue." *Id.* citing *Sierra Club*

23  *v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).  The proposed intervenor has a

24  significantly protectable interest under Rule 24 where "the injunctive relief sought by plaintiffs will

25  have direct, immediate, and harmful effects upon a third party's legally protectable interests."

26  *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995)

27  (holding where an injunction would impact the proposed intervenor's contractually protected

28  economic interests, the "sufficient interest" prong is satisfied).

SDODMS1/684691.1

**Exhibit 6 , Page 141**

1    Ms. O'Sullivan not only has a significantly protectable interest in the timely return of the

2    Children's Pool to a public park and bathing pool, Ms. O'Sullivan *already litigated and won* a state

3    court judgment requiring such action.  By seeking the injunctive relief requested in this action,

4    Plaintiffs seek, in practical effect, to overturn the Judgment Ms. O'Sullivan fought five years to

5    obtain.  A Federal Court order that directly conflicts with Ms. O'Sullivan's State Court Judgment

6    will have a "direct, immediate, and harmful effect" on Ms. O'Sullivan, as it will impair the City of

7    San Diego's ability to comply with the State Court Judgment's six-month deadline.  As such, the

8    "significantly protectable interest" requirement of Rule 24 is satisfied in this instance.

9    **C.    The Disposition Of This Action Will Impede Ms. O'Sullivan's Ability To Protect Her Interests**

10

11    Plaintiffs seek a preliminary injunction from this Court in direct contravention to the

12    Judgment Ms. O'Sullivan received in the State Court Action.  Should Plaintiffs prevail, the City of

13    San Diego will be enjoined from performing its obligations under the Judgment Ms. O'Sullivan

14    obtained in the State Court Action.  Ms. O'Sullivan's victory and the short time-frame ordered for

15    compliance with the State Court Judgment, will be thwarted if the Court grants Plaintiffs the relief

16    they request.  "[I]f an absentee would be substantially affected in a practical sense by the

17    determination made in an action, he should, as a general rule, be entitled to intervene."  *Southwest*

18    *Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

19    **D.    The Defendants In This Action Do Not Adequately Represent Ms. O'Sullivan's Interests**

20

21    The defendants in this action do not adequately represent Ms. O'Sullivan because they have

22    either directly opposed Ms. O'Sullivan's interests or affirmatively stated a lack of interest in the

23    issue.  "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that

24    representation of its interests 'may be' inadequate and... the burden of making that showing is

25    minimal."  *United States of America v. Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986) (proposed

26    intervenor's interests are not adequately represented by either the plaintiff or defendant where the

27    proposed intervenor is adverse to both of them).  Here, Ms. O'Sullivan proposes to intervene as a

28    defendant.  The named defendants are the State of California, the City of San Diego Department of

7

1  Parks and Recreation and Mayor Jerry Sanders.  In Ms. O'Sullivan's State Court Action, she was

2  directly adverse to the City of San Diego for over five years on the exact issue presented by the

3  Plaintiffs' Complaint.  "When a party possesses interests adverse to those of a prospective

4  intervenor, that party cannot adequately represent the intervenor's interests." *Id.* at 828.  Ms.

5  O'Sullivan spent almost five years diametrically opposed to the City of San Diego in litigation of

6  these precise issues.  After litigating against the City of San Diego all the way up to the Supreme

7  Court of California, Ms. O'Sullivan cannot be expected to rely upon the City of San Diego to

8  represent her interests.

9      Defendant, the State of California, took the position that it had no interest in the outcome of

10  the State Court Action.  NOL Exhibit 3:  September 7, 2007 Decision of the California Court of

11  Appeals, p. 9; Kennerson Decl., ¶ 3.  At the outset of the State Court Action, the State of California

12  elected not to become involved in the issue and agreed to be bound by whatever judgment came

13  from the State Court Action.  *Id.*  Given the State of California's lack of interest in this issue, the

14  State of California also cannot be expected to adequately represent Ms. O'Sullivan's interests.  Ms.

15  O'Sullivan has met the "minimal burden" to show representation of her interests by the City of San

16  Diego and the State of California "may be" inadequate.

17                                          **IV.**

18  **ALTERNATIVELY, THIS COURT SHOULD PERMIT MOVANT TO INTERVENE**
    **PERMISSIVELY**
19

20      In the alternative, Ms. O'Sullivan respectfully requests this Court permit her to intervene

21  under Rule 24(b) because she "has a claim or defense that shares with the main action a common

22  question of law or fact."  Fed. R. Civ. Proc., rule 24(b).  In seeking to do no more than overturn Ms.

23  O'Sullivan's state court victory, each issue of fact and each issue of law raised by Plaintiffs'

24  Complaint was addressed in Ms. O'Sullivan's State Court Action.  Since all the questions of law and

25  ///

26  fact in this action are identical with those relevant to Ms. O'Sullivan, Ms. O'Sullivan should be

27  permitted to intervene under rule 24(b).

28

8

**V.**

## THIS COURT SHOULD CONTINUE THE JANUARY 25, 2008 PRELIMINARY INJUNCTION HEARING TO PERMIT MOVANT TIME FOR MEANINGFUL PARTICIPATION

Since a grant of this instant motion will leave Ms. O'Sullivan little time to prepare a defense to the Plaintiffs' Motion for Preliminary Injunction, Ms. O'Sullivan respectfully requests this Court continue the Preliminary Injunction hearing 21 days to February 15, 2008, in order to afford Ms. O'Sullivan a meaningful opportunity to participate in the merits of such hearing.

**VI.**

## CONCLUSION

Since Plaintiffs in this action seek only to have this Court, in practical effect, overturn the Judgment Ms. O'Sullivan received from the California State Courts, Ms. O'Sullivan should be granted intervention as of right, or in the alternative, permissive intervention, to protect her interests. If Ms. O'Sullivan is not permitted to intervene in this action, Ms. O'Sullivan respectfully requests leave to file *amicus* briefs at all stages in this matter. Finally, given the preliminary injunction hearing date fast-approaching, Ms. O'Sullivan respectfully requests a continuance of 21 days to February 15, 2008 in order to allow her meaningful participation in such proceedings.

Dated:  January 15, 2008                              KENNERSON & GRANT


                                                      By:s/Paul R. Kennerson
                                                      _____
                                                      Attorneys for Movant
                                                      Email:  paul@kennersongrant.com

9

1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  ANIMAL PROTECTION AND RESCUE<br>     LEAGUE a nonprofit corporation, and | **Case No.  07 CV 2320 JM (AJB)** |
| 11  DOROTA VALLI, an individual, | **ORDER GRANTING MOTION TO**<br>**INTERVENE** |
| 12              Plaintiffs, | |
| 13         v. | **DATE:   TBD**<br>**TIME:   TBD**<br>**CRTRM: 16** |
| 14  THE STATE OF CALIFORNIA, THE CITY<br>     OF SAN DIEGO DEPARTMENT OF PARKS | |
| 15  AND RECREATION, MAYOR JERRY<br>     SANDERS, and DOES 1 to 100, | |
| 16 | |
| 17              Defendants. | |

18         Movant Valerie O'Sullivan ("Movant" for purposes of this Order) appeared through counsel

19   requesting the Court to intervene.  Having reviewed the papers submitted, and for good cause

20   appearing:

21         IT IS HEREBY ORDERED THAT:

22         Movant's Motion to Intervene, as of right, is hereby granted.  Ms. O'Sullivan is hereby made

23   a party to this action with all rights of a party conferred upon her.

24   ///

25   ///

26   ///

27   ///

28   ///

                                         1

SDODMS1/684817.1

Exhibit _6_, Page _145_

1         IT IS FURTHER ORDERED THAT the hearing on Plaintiffs' Motion for Preliminary

2    Injunction is continued to _____, 2008.  Movant's Opposition must be filed and

3    served on or before _____, 2008.

4         **IT IS SO ORDERED**.

5    Dated: _____, 2008                    _____

6                                          Hon. Jeffrey T. Miller

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

SDODMS1/684817.1

Exhibit 6, Page 146