BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
ph: (619) 723-0369
fax: (619) 923-1001
email: bryanpease@bryanpease.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, AND DOES 1 TO 100,<br><br>Defendants. | Civil Action, Case No. 07 CV 2320 JM AJB<br><br>OPPOSITION TO VALERIE O'SULLIVAN'S EX PARTE APPLICATION |

**INTRODUCTION**

Intervenor cannot overcome the strong presumption that the State and City adequately represent their citizenry in the present controversy, and postponing the preliminary injunction hearing would prejudice plaintiffs, especially due to the currently ongoing pupping season and short window in which the seals need the most protection. Therefore, intervenor's *ex parte* application should be denied.

**ARGUMENT**

"In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. 7C Wright, Miller & Kane, § 1909, at 332." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). In the instant case, the State of California is entrusted with defending the 1931 Tidelands Grant and is doing so, having filed a motion to dismiss and an opposition to plaintiffs' motion for a preliminary injunction. Additionally, the City is defending its failure to put up the pupping season rope required by the City Council and NOAA. Intervenor, having presumably reviewed all of the pleadings electronically filed, has raised no shortcoming on the part of defendants nor additional argument that intervenor would put forth in opposition to plaintiffs' motion for a preliminary injunction.

"Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public. [citations]." Forest Conservation Council v. United States Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995). In contrast to this rule, intervenor's attorney sees himself as a self-appointed attorney general for the public, defending the 1931 Tidelands Grant. Intervenor has no special or personal interest that needs to be defended in this case.

The issue of whether intervenor should be allowed to inject herself into this case will be more fully briefed when she actually files her motion to do so. However, plaintiffs file this opposition in order to object to intervenor's attempt to postpone the preliminary injunction hearing, which will greatly prejudice plaintiffs due to the urgent need to protect the seals during the ongoing pupping season, which only lasts a few more months. The pupping season protection mandated by the City Council and urged by NOAA will have absolutely no impact on the City's ongoing application process to complete the dredging project, which the City's opposition makes clear will take another 1.5 to 3 years. See Declaration of Samir Mahmalji ¶ 13, filed with the City's Opposition to Plaintiffs' Motion for Preliminary Injunction.

**CONCLUSION**

Intervenor is not entitled to the drastic remedy of an ex parte order postponing plaintiffs' motion for a preliminary injunction in a case intervenor is not even a party to, especially when the only interests she represents are the same interests being advocated by the State and City on behalf of their citizenry. Plaintiffs would be prejudiced by such a delay, and intervenor can file her motion on ordinary notice if she wishes to intervene in this matter.

Dated: January 16, 2008

By: /bryanpease/_____
Bryan W. Pease
Attorney for Plaintiffs