BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
ph: (619) 723-0369
fax: (619) 923-1001
email: bryanpease@bryanpease.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, AND DOES 1 TO 100,<br><br>　　　　　　　　Defendants. | Civil Action, Case No. 07 CV 2320 JM AJB<br><br>MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER REQUIRING DEFENDANTS TO CARRY OUT THE CITY COUNCIL'S RESOLUTION R-301368, PASSED APRIL 19, 2006, TO INSTALL A GUIDELINE ROPE AT CHILDREN'S POOL BEACH DURING PUPPING SEASON UNTIL THIS MATTER CAN BE HEARD ON NOTICE |

**INTRODUCTION**

Seal pupping season began on December 15, a few days after plaintiffs filed this action for declaratory and injunctive relief. Nearly a month later, plaintiffs were to have been heard on notice, but an *ex parte* application by a non-party to intervene caused the court to delay this hearing another month. Proposed intervenor's assertion that plaintiffs should have named her as an original party is simply outrageous; she would have immediately moved for sanctions for such a frivolous tactic, as plaintiffs have no cause of action against proposed intervenor, and she has

no Article III standing in this case.  Plaintiffs have no quarrel with proposed intervenor and are not seeking to overturn the judgment she obtained in state court with respect to how the State's 1931 Tidelands Grant must be interpreted, which is now settled law.  Rather, plaintiffs are simply seeking to see federal law enforced.

Without a temporary restraining order to allow a small guideline rope at CPB, in the face of requests from NOAA, the federal enforcement agency, and a clear mandate from the City Council, plaintiffs will suffer great and irreparable injury, whereas there is no harm to defendants in putting the seasonal rope up during the pendency of this action.  All plaintiffs are seeking before this matter can be heard on notice is a small guideline rope that will not prejudice any of the parties or even proposed intervenor, because any person will still be able to use the beach as before.  The rope is merely a guideline which happens to be very effective at preventing most people from harassing pregnant and nursing seals during pupping season, according to NOAA, the agency in charge of enforcing the MMPA.

Plaintiffs do not and have not requested that this court revisit or review the state court's ruling on how the State's 1931 Tidelands Grant should be interpreted.  Under the Tidelands Grant, CPB must primarily be used as a "bathing pool."  The State is named as a necessary party because that term in the Tidelands Grant needs to be limited to not apply during pupping season so that the Marine Mammal Protection Act is complied with.  Plaintiffs only seek to have federal law enforced, and with this application for a temporary restraining order, to impose a relatively slight burden on defendants in order to avoid great and irreparable harm to plaintiffs.

## ARGUMENT

The City argues that the state court judge has already denied its request to install a pupping season rope, based on Judge Pate's original order.  However, under state law, as explained in <u>Pitchess v. Superior Court of Los Angeles County</u>, 2 Cal. App. 3d 644, 651:

> An injunction must be definite enough to provide a standard of conduct for those whose activities are proscribed, as well as a standard for the ascertainment of violations of the injunctive order by the courts called upon to apply it. An injunction which forbids an act

2                     PLAINTIFFS' MEMORANDUM IN SUPPORT
                      OF *EX PARTE* APPLICATION
                      CASE NO. 07 CV 2320 JM AJB

in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application exceeds the power of the court. (<u>City of Vernon v. Superior Court</u>, 38 Cal.2d 509, 513 [241 P.2d 243]; <u>Weber v. Superior Court</u>, 26 Cal.2d 144, 148 [156 P.2d 923]; <u>Brunton v. Superior Court</u>, 20 Cal.2d 202, 205 [124 P.2d 831]; <u>Gottlieb v. Superior Court</u>, 168 Cal.App.2d 312 [335 P.2d 714].)

Judge Hoffman noted that the controversy was not yet ripe regarding whether a pupping season rope violates the original state court order, and treated the City's request for clarification as a request to reconsider new evidence, declining to do so. <u>See</u> Declaration of George Schaefer, Ex. D, field with the City's opposition to plaintiffs' motion for preliminary injunction. Presumably, the City would have to actually put up the rope and then face contempt proceedings for the matter to be fully ripe. In ruling that Judge Pate's order is already clear as to the City's responsibilities, Judge Hoffman referenced the portions of Judge Pate's order dealing with the permanent rope that blocked access to the beach for several years up to 2003. The rope currently at issue, however, is a guideline pupping season rope that has been requested by federal authorities to comply with federal law and has been ordered by the City Council. Because Judge Pate's order did not address this situation, his order cannot be construed as definite enough to proscribe a limited pupping season rope while the City continues to carry out the part of Judge Pate's order that was specific: to obtain the permits necessary to dredge the beach. Judge Hoffman's "clarification" cannot go beyond the wording of the original order.

To the extent that the Tidelands Grant as interpreted by Judge Pate does prohibit a temporary pupping season rope, even without going so far as to actually close down the beach during pupping season, this court has jurisdiction to limit or invalidate the state law as being preempted by federal law. "It is well-established that the federal courts have jurisdiction under 28 USC § 1331 over a preemption claim seeking injunctive and declaratory relief. See, e g, <u>Verizon Md, Inc v Pub Serv Comm'n of Md</u>, 535 US 635, 641-43, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002)." <u>In re NSA Telcoms. Records Litig.</u>, 2007 U.S. Dist. LEXIS 53456 at 45. Since the

3   PLAINTIFFS' MEMORANDUM IN SUPPORT
OF *EX PARTE* APPLICATION
CASE NO. 07 CV 2320 JM AJB

validity and enforceability of a state law is at issue here, the State obviously is an indispensable party and is named for precisely that reason.

The U.S. Supreme Court has rejected the broad interpretation of *Rooker-Feldman* advocated by the City. The *Rooker-Feldman* doctrine does not oust federal subject matter jurisdiction simply because a party attempts to litigate a matter previously litigated in state court. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ... , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280, 293, 125 S.Ct. 1517, 1527 [citations and internal quotes omitted]. "Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply." Davani v. Va. DOT, 434 F.3d 712, 718 (4th Cir. 2006).

In Davani, decided under the Supreme Court's holding in Exxon, a state court litigant lost an employment discrimination claim and then filed suit in federal district court raising similar claims to those he presented in the state proceedings. In his federal complaint, the employee did not allege that the state decision caused him injury; rather, he alleged that defendants discriminated against him in violation of federal and state law. The employee's federal claims did not challenge the state decision and were therefore independent from that decision. Plaintiffs in the case at bar were not parties to the state court action the City relies on, nor are they challenging the state court's interpretation of the State's 1931 Tidelands Grant. Rather, plaintiffs are seeking to have the grant itself struck down or limited as being preempted by federal law.

Neither defendant has addressed the third prong of a preliminary injunction analysis pointed out in plaintiffs' motion for a preliminary injunction, which requires the court to consider the public interest. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 675 (9th Cir. 1988). In the present case, the public interest falls squarely on the side of upholding laws passed by and for the people of San Diego through their duly elected City Council to protect a

treasured natural resource.  Taking public interest into account, combined with plaintiffs having at least raised "serious questions" on the merits of their claim and the likelihood of grave and irreparable injury all entitle plaintiffs to a temporary restraining order and preliminary injunction. Id.

## CONCLUSION

The State's 1931 Tidelands Grant requirement that Children's Pool Beach be used as a "bathing pool" to the exclusion of all other uses should be limited to not forbid a guideline rope during pupping season, due to preemption of the Marine Mammal Protection Act.  Defendants would suffer no harm from such an order, whereas a denial of a temporary restraining order would case great harm to plaintiffs and the public.

Dated: January 18, 2008

By: /s/ bryanpease_____
Bryan W. Pease
Attorney for Plaintiffs