Paul R. Kennerson, State Bar No. 45430
**KENNERSON & GRANT**
101 West Broadway, Suite 1150
San Diego, CA 92101
Telephone:  +1 619 236 1255
Facsimile:  +1 619 236 0555
Email:  paul@kennersongrant.com

Attorneys for Proposed Intervenor

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>Defendants. | Case No.  07 CV 2320 JM (AJB)<br><br>**EXHIBIT 1 TO NOTICE OF LODGMENT OF FOREIGN AUTHORITY IN SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>DATE:  1/25/08<br>TIME:  1:30 p.m.<br>CRTRM: 16 |

Exhibit 1, Page 3

07 CV 2320 JM (AJB)
NOTICE OF LODGMENT OF FOREIGN AUTHORITIES IN SUPPORT OF OPPOSITION TO *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER

SDODMS1/685172.1

LEXSEE 218 CAL APP 3D 214

THERON LEWIS, Plaintiff and Appellant, v. COUNTY OF SACRAMENTO et al.,
Defendants and Respondents

No. C003134

Court of Appeal of California, Third Appellate District

218 Cal. App. 3d 214; 266 Cal. Rptr. 678; 1990 Cal. App. LEXIS 139

January 26, 1990

**PRIOR HISTORY:** [***1] Superior Court of Sacramento County, No. 310000, Darrel W. Lewis, Judge.

**DISPOSITION:** The judgments are affirmed.

**SUMMARY:**

**CALIFORNIA OFFICIAL REPORTS SUMMARY**

A Federal Aviation Administration safety inspector was administering a test flight to a county deputy sheriff when the helicopter crashed, injuring both persons. The sheriff brought an action in federal court, in which the county intervened, against the federal government, and in that action, it was determined that the inspector was the sole cause of the crash. In the inspector's state court action against the county, the trial court granted the county's motion for summary judgment, finding that collateral estoppel operated to bar the action, notwithstanding that the inspector was not a formal party to the federal court action. (Superior Court of Sacramento County, No. 310000, Darrel W. Lewis, Judge.)

The Court of Appeal affirmed. It held that the inspector had a full and fair opportunity to litigate the cause in the federal action: he had been adequately represented by the United States, which had disputed its liability that was solely premised on its vicarious liability for the inspector's negligence; the inspector was aware of the action as he participated in its discovery; and *Fed. Rules Civ. Proc., rule 24,* allowed the inspector to intervene in the federal action. (Opinion by Evans, Acting P. J., with Marler and Scotland, JJ., concurring.)

**HEADNOTES**

**CALIFORNIA OFFICIAL REPORTS HEADNOTES**

Classified to California Digest of Official Reports, 3d Series

**(1) Summary Judgment § 3--Propriety--Where Collateral Estoppel Refutes All Triable Issues.** -- Summary judgment is an appropriate remedy when the principle of collateral estoppel refutes all triable issues of fact suggested by the pleadings and supporting documents.

**(2) Judgments § 81--Res Judicata--Collateral Estoppel--Elements.** --A party will be collaterally estopped from relitigating an issue only if the issue decided in a prior adjudication is identical with that presented in the action in question, there was a final judgment on the merits, and the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication.

**(3a) (3b) Judgments § 84--Res Judicata--Collateral Estoppel--Identity of Parties--Privity.** --For purposes of establishing the identity of parties for collateral estoppel, the concept of privity has been expanded to refer to such an identification in interest of one person with another as to represent the same legal rights and to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is sufficiently close so as to justify application of the doctrine of collateral estoppel. Notwithstanding expanded notions of privity, collateral estoppel may be applied only if due process requirements are met. In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action, as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication.



**(4a) (4b) Judgments § 84--Res Judicata--Collateral Estoppel--Identity of Parties--Helicopter Inspector in Action for His Personal Injuries, Following Lawsuit in Which His Government Employer Was a Party and Which Established Inspector Was Cause of Accident.** --In an action brought by a Federal Aviation Administration safety inspector against a county, for injuries suffered in a helicopter accident that occurred while the inspector was administering a flight test to a county sheriff, the trial court properly granted the county's motion for summary judgment, where the issue whether the inspector solely had caused the crash had been determined in a previous federal court action involving the county and the United States government. Although the inspector was not a formal party in the federal action, he had been sufficiently represented in the prior action to justify the application of collateral estoppel. The United States government fully litigated the action and its interest was sufficiently close to the inspector's to justify collateral estoppel, as the United States disputed its liability, which was entirely premised on its vicarious liability for its employee's negligence. Also, the inspector had knowledge of the previous action, participated in its discovery, and under *Fed. Rules Civ.Proc., rule 24*, could have intervened.

**(5) Federal Courts § 4--Intervention--Test if Potential Intervener Is Adequately Represented.** --Adequate representation for purposes of collateral estoppel cannot be equated with adequate representation to preclude intervention of right under *Fed. Rules Civ.Proc., rule 24*, (party's right to intervene absent existing adequate representation in action). It would be unfair to hold that adequate representation both forecloses a party from intervening in a suit and binds that party to a judgment obtained in the suit. The adequate representation requirement of *rule 24* is satisfied if the applicant shows that representation of his interest may be inadequate, and the burden of making that showing should be treated as minimal.

**COUNSEL:** Morton L. Friedman, R. Parker White, Barry Zimmerman, Allan J. Owen, and Friedman, Collard & Poswall for Plaintiff and Appellant.

Roland R. Stevens, Cynthia Shambaugh, Stephen C. Kenney, Fisher & Hurst, David E. Davies, Davies & Sharpe, Rodney Shepherd, Belli, Drivon & Bakerink, William L. Robinson, Lesley B. Harris and Lillick, McHose & Charles for Defendants and Respondents.

**JUDGES:** Opinion by Evans, Acting P. J., with Marler and Scotland, JJ., concurring.

**OPINION BY:** EVANS

**OPINION**

[*216] [**679] Plaintiff Theron Lewis appeals from summary judgments in favor of defendants County of Sacramento, Ronald Jarboe, and Big Valley Aviation, Inc. The issue is whether plaintiff is collaterally estopped from pursuing this state court action because of a related federal court action in which plaintiff was not a formal party. We think plaintiff is collaterally estopped and affirm the judgments.

Facts

On September 13, 1982, plaintiff, a Federal Aviation Administration safety inspector, was administering a helicopter test flight to Sacramento County Deputy Sheriff Ronald Jarboe to qualify Officer Jarboe as a certified flight [***2] instructor. During the test flight, plaintiff retarded the helicopter's throttle to simulate an engine failure. Following this maneuver, the helicopter crashed, seriously injuring both plaintiff and Jarboe.

[*217] On March 7, 1983, plaintiff filed this action against the County of Sacramento (County), the Sacramento County Sheriff's Department, Officer Jarboe, Big Valley Aviation, Inc. (Big Valley), Hughes Helicopters (Hughes), and Avco-Lycoming (Avco). While plaintiff's state court action was pending, Jarboe filed a federal court action against the United States, Big Valley, Hughes, and Avco. In the federal action, County intervened as a plaintiff against the United States and sought recovery for worker's compensation benefits paid to Jarboe and for property damage to the County's helicopter. Jarboe dismissed his federal claims against Avco and Big Valley and settled with Hughes and the United States. The federal action proceeded to trial with [**680] simply County as plaintiff and the United States as defendant.

The federal suit encompassed a three-week bench trial. Extensive findings of fact and conclusions of law were made. The federal court concluded that the helicopter crash [***3] was caused solely by the negligence of plaintiff in conducting the simulated engine failure maneuver. The federal court also determined that plaintiff was acting within the course and scope of his employment at the time of the maneuver and crash. County was awarded $ 468,378.70 in damages.

Discussion

(1) Summary judgment is an appropriate remedy when the principle of collateral estoppel refutes all triable issues of fact suggested by the pleadings and supporting documents. (*Sartor v. Superior Court (1982) 136 Cal.App.3d 322, 327 [187 Cal.Rptr. 247]*.)



(2) "[A] party will be collaterally estopped from relitigating an issue only if (1) the issue decided in a prior adjudication is identical with that presented in the action in question; *and* (2) there was a final judgment on the merits; *and* (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication." ( *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 874 [151 Cal.Rptr. 285, 587 P.2d 1098], italics in original; see also *Bernhard v. Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].) [***4] Plaintiff concedes that factors (1) and (2) are present and that the question then becomes whether he was in privity with the United States, his employer, in the federal action.

(3a) As noted in *Clemmer*, "[t]he concept [of privity] has . . . been expanded to refer . . . to such an identification in interest of one person with another as to represent the same legal rights [citations] and, more recently, to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is 'sufficiently close' so as to justify application of the doctrine of collateral estoppel [citations]." (*22 Cal.3d at* [*218] *p. 875.*) (4a) The ultimate issue in this action and in the federal action was the cause of the helicopter crash. The only theory asserted against the United States in the federal suit was its vicarious liability under the doctrine of respondeat superior for the acts of its employee, plaintiff. The United States vigorously disputed this liability. Plaintiff testified extensively on behalf of the United States in the federal suit. Under these circumstances, there is an "identification in interest" of the United States [***5] with plaintiff "as to represent the same legal rights;" a fortiori, the relationship between the two is "sufficiently close" to justify the collateral estoppel of plaintiff. ( *Clemmer, supra, 22 Cal.3d at p. 875.*)

(3b) Notwithstanding expanded notions of privity, however, collateral estoppel may be applied only if due process requirements are met. ( *Clemmer, supra, 22 Cal.3d at p. 875*; *Lynch v. Glass* (1975) 44 Cal.App.3d 943, 948 [119 Cal.Rptr. 139].) "In the context of collateral estoppel, due process requires that the party to be estopped must have had an identity or community of interest with, and adequate representation by, the losing party in the first action as well as that the circumstances must have been such that the party to be estopped should reasonably have expected to be bound by the prior adjudication." ( *Clemmer, supra, 22 Cal.3d at p. 875*, citing *Lynch v. Glass, supra, 44 Cal.App.3d at p. 948.*) The "reasonable expectation" requirement is satisfied if the party to be estopped [***6] had a proprietary interest in and control of the prior action, or if the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for the party to be estopped. ( *Lynch v. Glass, supra, at pp. 948-949*; *Courtney v. Waring* (1987) 191 Cal.App.3d 1434, 1445 [237 Cal.Rptr. 233].) Furthermore, due process requires that the party to be estopped must have had a fair opportunity to pursue his claim the first time. ( *Mueller v. J.C. Penney Co.* (1985) 173 Cal.App.3d 713, 720 [219 Cal.Rptr. 272].)

[**681] (4b) The identity of interest between the United States and plaintiff -- based on respondeat superior -- has been noted. As for adequate representation, the United States vigorously disputed Lewis's liability by engaging in a lengthy trial, asserting a number of human and mechanical failures as the cause of the crash, and buttressing those assertions with at least three expert witnesses costing tens of thousands of dollars. One of those experts presented a computer-simulated reconstruction of the crash; the others were deployed on specific issues such as [***7] the helicopter's oil consumption, fuel line integrity, and maintenance record. The United States had plaintiff testify extensively as to why the crash occurred. On these facts, we think the United States adequately represented plaintiff's interest for collateral estoppel purposes.

As to whether plaintiff should reasonably have expected to be bound by the federal decision, it is true plaintiff did not control the federal suit. But [*219] the United States can fairly be treated as acting in a representative capacity for plaintiff given their identity of interest and the United States's actions in furthering that interest. Moreover, the ultimate issue in both the federal action and the state action was the cause of the crash. By agreement of the parties to the state and federal actions, much of the discovery was informally consolidated. Plaintiff's counsel participated in at least two critical depositions for the federal action, with all parties stipulating the depositions could be used in either action.

Finally, plaintiff had a fair opportunity to pursue his claim the first time. Plaintiff notes he was not named as a party in the federal action. But plaintiff knew of the [***8] federal action from its inception and participated in its discovery.

*Federal Rules of Civil Procedure, rule 24(a)(2)* (*Rule 24*) (28 U.S.C.), provides: "Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Under the facts discussed above, plaintiff would have been entitled to intervene under *Rule 24*. In fact, plaintiff would have met the more stringent test set forth in the preamended *Rule 24* which entitled an applicant to intervene only if he might be bound in the res judicata sense. ( *Sam Fox*

*Publishing Co. v. U.S. (1961) 366 U.S. 683 [6 L.Ed.2d 604, 81 S.Ct. 1309]*; 7C Wright, Miller & Kane, Federal Practice and Procedure (1986) § 1908, p. 301, fn. 58; § 1909, p. 316.)

(5) The "adequate representation" exception posed no problem to plaintiff's right to intervene. In this type of [***9] case, adequate representation in the collateral estoppel sense cannot be equated with adequate representation to preclude intervention of right under *Rule 24*. (Cf. *Courtney v. Waring, supra, 191 Cal.App.3d at pp. 1446-1448*; *Trbovich v. Mine Workers (1972) 404 U.S. 528, 538, fn. 10 [30 L.Ed.2d 686, 694, 92 S.Ct. 630]*.) Here it would be unfair to hold that adequate representation *both* forecloses plaintiff from intervening in a suit *and* binds plaintiff to the judgment obtained in that suit; in short, it would be unfair to hold that the very thing which keeps an injured individual out of a suit is the very thing which effectively keeps him in it. As noted in *Trbovich*: "The [adequate representation] requirement of [*Rule 24 (a)(2)*] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (*404 U.S. at p. 538, fn. 10 [30 L.Ed.2d at p. 694]*.)

Nor do we agree with plaintiff that he would have been denied a jury trial had he intervened in the federal court [***10] action. Even assuming this consideration [*220] is a proper one (see *Blonder-Tongue v. University Foundation (1971) 402 U.S. 313, 333 [28 L.Ed.2d 788, 802, 91 S.Ct. 1434]*; *Mueller v. J.C. Penney Co., supra, 173 Cal.App.3d at p. 720*; [**682] *Bernhard v. Bank of America, supra, 19 Cal.2d at p. 810*), federal actions involving both the United States under the Federal Tort Claims Act (*28 U.S.C. § 1346(b)*) and an individual can be tried to a judge (for claims against the United States) and to a jury (for claims against the individual). ( *United States v. Yellow Cab Co. (1951) 340 U.S. 543, 555-556 [95 L.Ed. 523, 532-533, 71 S.Ct. 399]*.)

Plaintiff had a full and fair opportunity to litigate the cause of the helicopter crash in the federal tribunal. We cannot help but wonder what plaintiff's position on collateral estoppel would be had the federal court determined that Officer Jarboe or the County was solely responsible for the crash.

The judgments are affirmed.

Exhibit 1, Page 1