Paul R. Kennerson, State Bar No. 45430
**KENNERSON & GRANT**
101 West Broadway, Suite 1150
San Diego, CA 92101
Telephone:   +1 619 236 1255
Facsimile:    +1 619 236 0555
Email:         paul@kennersongrant.com

Attorneys for Proposed Intervenor
VALERIE O'SULLIVAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>Defendants. | Case No. 07 CV 2320 JM (AJB)<br><br>**MEMORANDUM IN SUPPORT OF VALERIE O'SULLIVAN'S MOTION TO INTERVENE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE** *AMICUS* **BRIEF**<br><br>DATE:   2/22/08<br>TIME:   1:30 P.M.<br>CRTRM: 16 |

## I.

## INTRODUCTION

The issues in this lawsuit have already been tried over the course of five years, all the way up to the California Supreme Court. Now that Proposed Intervenor Valerie O'Sullivan, the plaintiff in the state court proceedings (collectively "State Court Action"), has obtained final determination of the precise issues addressed by Plaintiffs' Complaint, Plaintiffs seek to have this Federal Court, effectively, overturn her victory. Worse yet, they seek to do it without Ms. O'Sullivan's participation in this lawsuit. In order to protect Ms. O'Sullivan's substantial interests obtained in the recent judicial affirmations of her rights, Ms. O'Sullivan respectfully requests to intervene as a defendant in this matter, as of right.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1930, Ellen Browning Scripps requested permission from the City of San Diego, at her expense, to construct a concrete breakwater in the Pacific Ocean adjacent to La Jolla to create a safe ocean bathing pool. *See* Notice of Lodgment ("NOL") Exhibit 3: September 7, 2007 California Court of Appeals Decision, p. 2. The City Council passed a resolution granting Scripps permission to construct the concrete breakwater. *Id.* Scripps was informed that only the California Legislature could authorize construction of the breakwater, but until such a legislative act could be obtained, the Attorney General would not take legal action to prevent its construction. *Id.* at p. 3.

In 1931, Scripps completed construction of the 300-foot concrete breakwater and resultant ocean water bathing pool, known as the Children's Pool. *Id.* Scripps gave the breakwater and Children's Pool to the City of San Diego. *Id.* Shortly thereafter, the Governor of California signed an act of the Legislature granting lands, including the Children's Pool, to be forever held by the City of San Diego in trust. *Id.* As a condition of the trust, the City of San Diego was to devote the land "exclusively to public park, bathing pool for children, parkway, highway, playground and recreational purposes, and to such other uses as may be incident to, or convenient for the full enjoyment of, such purposes..." *Id.*

///

Despite the City of San Diego's obligation as trustee of the Children's Pool to manage and maintain the Children's Pool for recreational use by the people of California, the City of San Diego allowed the condition of the Children's Pool to deteriorate to such a point that it could not, and was not, being used as a public park or bathing pool for children. NOL Exhibit 1: August 26, 2005 Final Statement of Decision, p. 29. Among some of the conditions preventing the Children's Pool from its intended use were: (1) sand filled the Children's Pool to the point that the Children's Pool cannot be used for swimming because the water at the shoreline was no longer sufficiently sheltered by the breakwater; (2) the growing presence of seals at the Children's Pool caused an unsafe bacteria level from seal feces to be present 365 days of the year; (3) the City of San Diego took action to separate the seals from humans by closing off the Children's Pool to humans and installing a separation rope. *Id.* at 30.

On March 12, 2004, Ms. O'Sullivan, as a private attorney general and resident of San Diego, filed a Complaint against the City of San Diego in San Diego Superior Court for breach of its obligations under the 1931 Trust to manage and maintain the Children's Pool for swimming ("State Court Complaint"). *See* NOL Exhibit 3: September 7, 2007 Decision of the California Court of Appeals, p. 9; Declaration of Paul Kennerson ("Kennerson Decl."), ¶ 2. Rather than joining the lawsuit as an indispensable party, on June 9, 2005, the State of California filed a stipulation, agreeing to be bound by the judgment to be entered by the trial court. *Id.* at 53; Kennerson Decl., ¶ 2. "In so doing, the State apparently conceded it had no particular interest or position regarding the outcome and did not want to be actively involved in the action." *Id.*

Ms. O'Sullivan's State Court Complaint proceeded in the Superior Court to judgment. NOL Exhibit 2: October 4, 2005 Judgment. The California Superior Court issued its October 4, 2005 Judgment required the City of San Diego, *inter alia*, to:

(1)    employ all reasonable means to restore the Pool to its 1941 condition by removing the sand build-up;

(2)    reduce the level of water contamination in the Pool to levels certified by the County of San Diego as being safe for humans;

(3)    maintain the beach sand so that it does not pose a health hazard to humans; and

2

(4) fully comply with the court order "no later than six (6) months after the date this order is issued." *Id.*; NOL Exhibit 1: August 26, 2005 Final Statement of Decision, p. 31.

In its Final Statement of Decision, the California Superior Court addressed the City of San Diego's argument that removal of the seals from the Children's Pool is prohibited by the Marine Mammal Protection Act ("MMPA"). In response, the court stated,

> The City's position is refuted by its own evidence… the City has been repeatedly advised the its City Manager and NMFS [the federal agency charged with enforcement of the MMPA] that the City can take appropriate action to remediate the safety and health situation at Children's Pool without violating the MMPA…The City knew as early as 1997 that under these exceptions [in the MMPA] it could deter the seals at the Children's Pool.

*Id.* at p. 25.

The City of San Diego appealed from the October 4, 2005 Judgment to the California Court of Appeals. The California Court of Appeals affirmed the Judgment of the Superior Court in its entirety. *See* NOL Exhibit 3: September 7, 2007 California Appellate Decision, p. 9. The City of San Diego petitioned the Supreme Court of California for review. On November 28, 2007, the Supreme Court of California denied the petition for review. NOL Exhibit 4: November 28, 2007 Supreme Court of California Denial of Review.

After the California Supreme Court's denial of review, the City of San Diego filed a "Motion to Clarify the Court's Injunction" which requested that the Superior Court to reconsider the "rope issue" and permit the City of San Diego to place a rope barrier on the shore of the Children's Pool cutting off public access thereto. *See* NOL Exhibit 5: January 3, 2008 Tentative Ruling of the Superior Court of California; Kennerson Decl., ¶ 8. The Superior Court declined to rehear the issue stating:

> Specifically, the 'rope issue' was discussed in both this Court's and the Court of Appeal's final rulings in favor of Plaintiff and against the City. Ultimately, both Courts found that the placement of a 'rope barrier cutting off public access to the Pool'… resulted in the City's breach of its obligations as trustee under the subject Trust.

*Id.* The court further stated, "the relevant issue has been considered and decided, and the Court's directives to the City are clear and unambiguous." *Id.*

///

3

Notwithstanding the State Court Action, and the California Superior Court's clear and unambiguous order, the Plaintiffs in this matter filed a Complaint and Motion for Preliminary Injunction. The Plaintiffs' Complaint is based upon the allegation that the MMPA "requires a permit to be issued for activities that will involve disturbance of marine mammals". Pltfs' Cmplt, ¶ 18. Plaintiffs' Motion for Preliminary Injunction seeks (1) to enjoin the State of California, the City of San Diego Department of Parks and Recreation and Mayor Jerry Sanders from harassing seals or excavating sand from Children's Pool beach and require them to (2) close the sand level of the Children's Pool to the public and (3) install a rope barrier at the Children's Pool. Pltfs' Notice of Mtn. and Mtn. for Prelim. Injunction, p. 2. The Plaintiffs seek this Court to issue an injunction in *direct contravention* with the California Superior Court Judgment in the State Court Action. In filing this present action, Plaintiffs essentially ask this Federal District Court to overturn Ms. O'Sullivan's state court victory, and to do so without giving Ms. O'Sullivan an opportunity to be heard.

### III.

### PROPOSED INTERVENOR IS ENTITLED TO INTERVENE AS OF RIGHT

In order to intervene as a matter of right under Federal Rule of Civil Procedure, rule 24(a), an applicant must satisfy the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may a s a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council, et al., v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995). The requirements of Rule 24 are to be broadly construed in favor of intervention. *Id.*

### A.    Ms. O'Sullivan's Motion To Intervene Is Timely

In determining timeliness, courts in the Ninth Circuit look to three factors: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir. 1984) (application timely even over a decade after inception of the case because the case was entering into a new stage and there was good reason

for the delay). This motion is timely because this proceeding is in its beginning stages, Plaintiffs will suffer no prejudice, and Ms. O'Sullivan brings this motion as soon as practicable.

The Complaint in this action was filed on December 11, 2007. *See* Plaintiffs' Complaint. Plaintiffs filed a Motion for Preliminary Injunction on December 18, 2007. *See* Pltfs' Mtn. for Prelim. Injunction. The hearing on Plaintiffs' Motion for Preliminary Injunction is currently set for January 25, 2008. *Id.* Defendant, the State of California, filed a Motion to Dismiss on January 9, 2008. *See* State of California's Mtn. to Dismiss. This lawsuit is still in its infant stages as a motion to dismiss is still pending and discovery has not commenced.

Ms. O'Sullivan was not named as a party in the present action and neither her nor her counsel was served a copy of the Complaint or Motion for Preliminary Injunction. Kennerson Decl., ¶¶ 10-11. Ms. O'Sullivan's counsel, Paul Kennerson, first learned of Plaintiffs' Motion for Preliminary Injunction shortly before the California Superior Court addressed the City of San Diego's Motion to Clarify the Court's Injunction, requesting the right to rope off the Children's Pool. *Id.* at ¶ 11. On January 4, 2008, the San Diego Superior Court heard the City of San Diego's motion and held a rope barrier could not be installed. *Id.* at ¶ 8; NOL Exhibit 5: January 3, 2008 Tentative Ruling of the Superior Court of California. It was not until January 4, 2008 that Ms. O'Sullivan's rights arising out of the State Court Action directly conflicted with Plaintiffs' Motion for Preliminary Injunction. *See* Kennerson Decl., ¶ 8. A one-week delay in order to prepare this present motion does not render Ms. O'Sullivan's request untimely.

Given the early stages of these proceedings, no party will suffer prejudice by Ms. O'Sullivan's intervention. The Plaintiffs' own Complaint alleges Ms. O'Sullivan's State Court Action, demonstrating that at the commencement of this lawsuit, Plaintiffs were well-aware of Ms. O'Sullivan's substantial interest in this action. *See* Pltfs' Cmplt., ¶ 12. Despite such knowledge, Plaintiffs did not inform Ms. O'Sullivan or her counsel of this present action or their Motion for Preliminary Injunction. *See* Kennerson Decl., ¶¶ 10-11. Plaintiffs cannot now be heard to complain of prejudice since any prejudice has been self-inflicted.

///

///

B.  **Ms. O'Sullivan Has A "Significantly Protectable" Interest Relating To The Subject Of This Action**

Whether an applicant for intervention demonstrates sufficient interest in an action is a practical inquiry. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). The proposed intervenor does not need to establish any specific legal or equitable interest. *Id.* "It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* citing *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). The proposed intervenor has a significantly protectable interest under Rule 24 where "the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests." *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995) (holding where an injunction would impact the proposed intervenor's contractually protected economic interests, the "sufficient interest" prong is satisfied).

Ms. O'Sullivan not only has a significantly protectable interest in the timely return of the Children's Pool to a public park and bathing pool, Ms. O'Sullivan *already litigated and won* a state court judgment requiring such action. By seeking the injunctive relief requested in this action, Plaintiffs seek, in practical effect, to overturn the Judgment Ms. O'Sullivan fought five years to obtain. A Federal Court order that directly conflicts with Ms. O'Sullivan's State Court Judgment will have a "direct, immediate, and harmful effect" on Ms. O'Sullivan, as it will impair the City of San Diego's ability to comply with the State Court Judgment's six-month deadline. As such, the "significantly protectable interest" requirement of Rule 24 is satisfied in this instance.

C.  **The Disposition Of This Action Will Impede Ms. O'Sullivan's Ability To Protect Her Interests**

Plaintiffs seek a preliminary injunction from this Court in direct contravention to the Judgment Ms. O'Sullivan received in the State Court Action. Should Plaintiffs prevail, the City of San Diego will be enjoined from performing its obligations under the Judgment Ms. O'Sullivan obtained in the State Court Action. Ms. O'Sullivan's victory and the short time-frame ordered for compliance with the State Court Judgment, will be thwarted if the Court grants Plaintiffs the relief

6

they request. "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001).

### D. The Defendants In This Action Do Not Adequately Represent Ms. O'Sullivan's Interests

The defendants in this action do not adequately represent Ms. O'Sullivan because they have either directly opposed Ms. O'Sullivan's interests or affirmatively stated a lack of interest in the issue. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate and… the burden of making that showing is minimal." *United States of America v. Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986) (proposed intervenor's interests are not adequately represented by either the plaintiff or defendant where the proposed intervenor is adverse to both of them). Here, Ms. O'Sullivan proposes to intervene as a defendant. The named defendants are the State of California, the City of San Diego Department of Parks and Recreation and Mayor Jerry Sanders. In Ms. O'Sullivan's State Court Action, she was directly adverse to the City of San Diego for over five years on the exact issue presented by the Plaintiffs' Complaint. "When a party possesses interests adverse to those of a prospective intervenor, that party cannot adequately represent the intervenor's interests." *Id.* at 828. Ms. O'Sullivan spent almost five years diametrically opposed to the City of San Diego in litigation of these precise issues. After litigating against the City of San Diego all the way up to the Supreme Court of California, Ms. O'Sullivan cannot be expected to rely upon the City of San Diego to represent her interests.

Defendant, the State of California, took the position that it had no interest in the outcome of the State Court Action. NOL Exhibit 3: September 7, 2007 Decision of the California Court of Appeals, p. 9; Kennerson Decl., ¶ 3. At the outset of the State Court Action, the State of California elected not to become involved in the issue and agreed to be bound by whatever judgment came from the State Court Action. *Id.* Given the State of California's lack of interest in this issue, the State of California also cannot be expected to adequately represent Ms. O'Sullivan's interests. Ms. O'Sullivan has met the "minimal burden" to show representation of her interests by the City of San

Diego and the State of California "may be" inadequate.

## IV.

## ALTERNATIVELY, THIS COURT SHOULD PERMIT PROPOSED INTERVENOR TO INTERVENE PERMISSIVELY

In the alternative, Ms. O'Sullivan respectfully requests this Court permit her to intervene under Rule 24(b) because she "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc., rule 24(b). In seeking to do no more than overturn Ms. O'Sullivan's state court victory, each issue of fact and each issue of law raised by Plaintiffs' Complaint was addressed in Ms. O'Sullivan's State Court Action. Since all the questions of law and fact in this action are identical with those relevant to Ms. O'Sullivan, Ms. O'Sullivan should be permitted to intervene under rule 24(b).

## V.

## CONCLUSION

Since Plaintiffs in this action seek only to have this Court, in practical effect, overturn the Judgment Ms. O'Sullivan received from the California State Courts, Ms. O'Sullivan should be granted intervention as of right, or in the alternative, permissive intervention, to protect her interests. If Ms. O'Sullivan is not permitted to intervene in this action, Ms. O'Sullivan respectfully requests leave to file *amicus* briefs at all stages in this matter.

Dated:  January 25, 2008                     KENNERSON & GRANT


By:s/Paul R. Kennerson
Attorneys for Proposed Intervenor
Email:  paul@kennersongrant.com

8