1  Paul R. Kennerson, State Bar No. 45430
   **KENNERSON & GRANT**
2  101 West Broadway, Suite 1150
   San Diego, CA 92101
3  Telephone:   +1 619 236 1255
   Facsimile:   +1 619 236 0555
4  Email:       paul@kennersongrant.com

5  Attorneys for Proposed Intervenor
   VALERIE O'SULLIVAN

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>Defendants. | Case No. 07 CV 2320 JM (AJB)<br><br>**EXHIBIT 5: NOTICE OF LODGMENT IN SUPPORT OF MOTION TO INTERVENE**<br><br>DATE:  2/22/08<br>TIME:  1:30 P.M.<br>CRTRM: 16 |

Exhibit **5**, Page **131**

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**HALL OF JUSTICE**
**TENTATIVE RULINGS - January 03, 2008**

EVENT DATE: 01/04/2008    EVENT TIME: 10:30:00 AM    DEPT.: C-60
JUDICIAL OFFICER: Yuri Hofmann

CASE NO.: GIC826918

CASE TITLE: O'SULLIVAN VS CITY OF SAN DIEGO

CASE CATEGORY: Civil - Unlimited    CASE TYPE: Misc Complaints - Other

EVENT TYPE: Motion Hearing (Civil)
CAUSAL DOCUMENT Motion - Other, 12/12/2007
/DATE FILED:

Defendant City of San Diego's "Motion to Clarify the Court's Injunction" is DENIED.

The Court is wary of ruling on the instant Motion, as it appears to seek something akin to an advisory opinion before the controverted issue is ripe. On the other hand, the City appears to be asking the Court to re-analyze an issue which has already been addressed and determined by this Court and the Court of Appeal. Specifically, the "rope issue" was discussed in both this Court's and the Court of Appeal's final rulings in favor of Plaintiff and against the City. Ultimately, both Courts found that the placement of a "rope barrier cutting off public access to the Pool," along with other various restrictions, "served to deter the public, beneficiaries of the trust grant, from using the beach," which resulted in the City's breach of its obligations as trustee under the subject Trust. (See Court of Appeal Ruling, pp. 12-13, quoting portions of the Trial Court's Statement of Decision.) More specifically, the Trial Court stated in its lengthy Statement of Decision:

The next biggest cause of actual or constructive closure of the Children's Pool was the City's decision to erect a rope barrier cutting off public access to the Pool. On March 29, 1999, the City Council . . . voted to rope off the Pool. *In doing so, the City breached its obligations under the Trust, as trustee of the* Children's Pool. Instead of returning the Pool to its original and safer configuration and also rectifying the unhealthy condition of the water and sand at the Pool, the City barred the use of the Children's Pool as a "public park, bathing pool for children, . . . and [use for] playground and recreational purposes," as expressly required by the 1931 Trust. The rope remained up from March 1999 until September 17, 2004.

(8/26/05 Statement of Decision, p. 24, ls. 3-14, emphasis added.)

In the instant Motion, the City asks the Court to reconsider the rope issue in the context of new evidence not proffered at trial. The Court declines to do so. As noted above, the relevant issue has been considered and decided, and the Court's directives to the City are clear and unambiguous.

Exhibit 5, Page 132