Paul R. Kennerson, State Bar No. 45430
**KENNERSON & GRANT**
101 West Broadway, Suite 1150
San Diego, CA  92101
Telephone:    +1 619 236 1255
Facsimile:    +1 619 236 0555
Email:        paul@kennersongrant.com

Attorneys for Proposed Intervenor
VALERIE O'SULLIVAN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual, | Case No.  07 CV 2320 JM (AJB) |
| Plaintiffs, | **EXHIBIT 6: NOTICE OF LODGMENT IN SUPPORT OF MOTION TO INTERVENE** |
| v. | **DATE:    2/22/08** |
| THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100, | **TIME:    1:30 P.M.** **CRTRM: 16** |
| Defendants. | |

Exhibit **6**, Page **133**

1  Paul R. Kennerson, State Bar No. 45430
   **KENNERSON & GRANT**
2  101 West Broadway, Suite 1150
   San Diego, CA 92101
3  Telephone:    +1 619 236 1255
   Facsimile:    +1 619 236 0555
4  Email:        paul@kennersongrant.com

5  Attorneys for Defendant
   VALERIE O'SULLIVAN

6

7

8              UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10  ANIMAL PROTECTION AND RESCUE          Case No.  07 CV 2320 JM (AJB)
    LEAGUE a nonprofit corporation, and
11  DOROTA VALLI, an individual,          **ANSWER TO COMPLAINT**

12             Plaintiffs,                **CRTRM:   16**

13        v.

14  THE STATE OF CALIFORNIA, THE CITY
    OF SAN DIEGO DEPARTMENT OF PARKS
15  AND RECREATION, MAYOR JERRY
    SANDERS, and DOES 1 to 100,
16
               Defendants.
17

18

19

20

21

22

23

24

25

26

27                            Exhibit *6*, Page *134*

28

                              1

Defendant Valerie O'Sullivan ("Defendant"), by and through her counsel, in answer to the Complaint brought by Plaintiffs Animal Protection and Rescue League and Dorota Valli (collectively "Plaintiffs"), alleges, avers, and states as follows:

1.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 1.

2.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 2.

3.   Admitted.

4.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 4.

5.   Admitted.

6.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 6.

7.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 7.

8.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 8.

9.   Defendant lacks sufficient information to admit or deny the allegations in ¶ 9.

10.  Defendant lacks sufficient information to admit or deny the allegations in ¶ 10.

11.  Defendant lacks sufficient information to admit or deny the allegations in ¶ 11.

12.  Denied.  On August 26, 2005, Judge Pate ordered,

> Therefore, in order to protect the rights of the people of California to the full use and enjoyment of a unique asset, the Children's Pool , the City, as trustee of the Children's Pool, is hereby ordered to employ all reasonable means to restore the Pool to its 1941 condition by removing the sand build-up and further to reduce the level of water contamination in the Pool to levels certified by the County of San Diego as being safe for humans.

August 26, 2005 Final Statement of Decision, *O'Sullivan v. City of San Diego*, p. 31, GIC 826918 (Superior Court of California, County of San Diego, August 26, 2005).  Defendant lacks sufficient information to admit or deny the allegation that the 1941 date was used because that is the earliest date photos are available of the configuration of the beach at that time.

13.  Admitted except that Defendant lacks sufficient information to admit or deny the allegation that the San Diego City Council voted 7-1 to appeal the decision.

14.  Admitted.

15.  Defendant lacks sufficient information to admit or deny the allegations in ¶ 15.

16.  Defendant lacks sufficient information to admit or deny the allegations in ¶ 16.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/685209.1

Exhibit  6 , Page  135

**FIRST CAUSE OF ACTION**

**(Injunctive relief against all defendants)**

17.     Answering ¶ 17 of the Complaint, Defendant refers to ¶¶ 1 through 17 above, restates and incorporates her answers to those paragraphs.

18.     Defendant denies each of the allegations in ¶ 18.

19.     Defendant denies each of the allegations in ¶ 19.

20.     Defendant denies each of the allegations in ¶ 20.

21.     Defendant denies each of the allegations in ¶ 21.

22.     Defendant lacks sufficient information to admit or deny the allegations in ¶ 22.

23.     Defendant denies each of the allegations in ¶ 23 except that Defendant lacks sufficient information to admit or deny the allegation that the 109(h) exception to the MMPA for nuisance animals has only been used to remove a specific animal.

24.     Defendant lacks sufficient information to admit or deny the allegations in ¶ 24.

25.     Defendant lacks sufficient information to admit or deny the allegations in ¶ 25.

26.     Defendant denies each of the allegations in ¶ 26.

27.     Defendant lacks sufficient information to admit or deny the allegations in ¶ 27.

**SECOND CAUSE OF ACTION**

**(Injunctive relief against City of San Diego Department of Parks and Recreation)**

28.     Answering ¶ 28 of the Complaint, Defendant refers to ¶¶ 1 through 27 above, restates and incorporates her answers to those paragraphs.

29.     Defendant lacks sufficient information to admit or deny the allegation that the pupping season rope went up last year on an emergency basis only, and it requires further action by Parks and Rec to be installed this year and on an ongoing basis. Defendant denies the allegation that in prior years, there were dozens of miscarriages and nursing pups separated from their mothers by harassment incidents in the absence of a rope during pupping season. Defendant admits that the NOAA recommended that the rope be installed during pupping season in a November 30, 2007 letter to the San Diego City Attorney.

30.     Defendant lacks sufficient information to admit or deny the allegations in ¶ 30.

Exhibit **6**, Page **136**

Baker & McKenzie LLP
San Diego

SDODMS1/685209.1

07 CV 2320 JM (AJB)
ANSWER TO COMPLAINT

31.      Defendant denies each of the allegations in ¶ 31.

## THIRD CAUSE OF ACTION

### (Injunctive relief against Mayor Jerry Sanders)

32.      Answering ¶ 32 of the Complaint, Defendant refers to ¶¶ 1 through 31 above, restates and incorporates her answers to those paragraphs.

33.      Defendant lacks sufficient information to admit or deny the allegations in ¶ 33.

34.      Defendant denies each of the allegations in ¶ 34.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Federal Anti-Injunction Act)

Under the federal Anti-Injunction Act, this Court is prohibited from granting Plaintiffs the requested relief on any of their claims stated in the Complaint because to do so would effectively enjoin proceedings in a state court in violation of the federal Anti-Injunction Act.

### SECOND AFFIRMATIVE DEFENSE

### (Rooker-Feldman)

Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to hear Plaintiffs' cause and Plaintiffs cannot obtain relief on any of their claims stated in the Complaint.  Since Plaintiffs' Complaint rests entirely upon alleged injury sustained as a result of a state court judgment, to entertain this matter would cause this Court to effectively sit as an appellate court to the California State courts.

### THIRD AFFIRMATIVE DEFENSE

### (Full Faith and Credit)

The allegations in Plaintiffs' Complaint have already been determined by the California State courts against Plaintiffs.  As such, this Court must give the prior determinations by the California State courts full faith and credit such that Plaintiffs cannot obtain relief on any of their claims stated in the Complaint.

///

///

**Exhibit 6, Page 137**

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Collateral Estoppel)

3    Each issue (factual and legal) raised by Plaintiffs Complaint has already been litigated and

4 decided against Plaintiffs and their privies in *O'Sullivan v. City of San Diego*, GIC 826918 (Superior

5 Court of San Diego, October 4, 2005). The Judgment in *O'Sullivan v. City of San Diego* is binding

6 on all parties to this action and as a result, Plaintiffs cannot obtain relief on any of their claims stated

7 in the Complaint.

8

## FIFTH AFFIRMATIVE DEFENSE

9

### (Estoppel)

10    Plaintiffs are estopped by their own acts and omissions from obtaining any relief against

11 Defendants.

12

## SIXTH AFFIRMATIVE DEFENSE

13

### (Laches)

14    Plaintiffs have unreasonably delayed in bringing and maintaining this action to the detriment

15 of Defendant and all causes of action stated in their Complaint are barred by the doctrine of laches.

16

## SEVENTH AFFIRMATIVE DEFENSE

17

### (1931 Tidelands Grant)

18    The relief Plaintiffs request violates and is prohibited by the 1931 Tidelands Grant

19 (California Statute No. 937). As such, Plaintiffs cannot obtain relief on any of their claims stated in

20 the Complaint.

21

## EIGHTH AFFIRMATIVE DEFENSE

22

### (Valid Use of Legal Authority)

23    The acts Plaintiffs complain of were taken entirely pursuant to valid uses of judicial,

24 executive, and legislative authority. As such, the actions complained of were entirely justified, and

25 Plaintiffs are not entitled to relief under any cause of action stated in their Complaint.

26    ///

27    ///

28    ///

**Exhibit 6, Page 138**

1

### NINTH AFFIRMATIVE DEFENSE

2

### (Lack of Standing)

3    Plaintiffs lack Article III standing to pursue the claims in their Complaint.  As such, Plaintiffs

4    cannot obtain relief on any of their claims stated in the Complaint.

5

### TENTH AFFIRMATIVE DEFENSE

6

### (Unknown Defenses)

7    Defendant presently has insufficient knowledge or information upon which to form a belief

8    as to whether they may have additional, as yet unstated, defenses.  Defendant reserves her right to

9    assert additional defenses in the event that discovery indicates such defenses are appropriate.

10

### **PRAYER FOR RELIEF**

11    WHEREFORE, Defendant Valerie O'Sullivan prays for judgment against Plaintiffs as

12    follows:

13        1.    That Plaintiffs take nothing by this action;

14        2.    That Plaintiffs are denied any and all injunctive relief requested;

15        3.    That Plaintiffs are denied any and all declaratory relief requested;

16        4.    That judgment be entered in favor of Ms. O'Sullivan and against Plaintiffs and that

17    Plaintiffs action be dismissed in its entirety;

18        5.    For costs incurred herein;

19        6.    For reasonable attorneys' fees incurred herein; and

20        7.    For such other and further relief as the court may deem just and proper.

21

22    Dated:  January 25, 2008            KENNERSON & GRANT

23

24                          By:s/Paul R. Kennerson

25                          Attorneys for Defendant
                            Email:  paul@kennersongrant.com

26

27

28                          **Exhibit  6 , Page 139**

Baker & McKenzie LLP
San Diego

SDODMS1/685209.1

07 CV 2320 JM (AJB)
ANSWER TO COMPLAINT