BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
ph: (619) 723-0369
fax: (619) 923-1001
email: bryanpease@bryanpease.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, AND DOES 1 TO 100,<br><br>Defendants. | Civil Action, Case No. 07 CV 2320 JM AJB<br><br>PLAINTIFFS' OPPOSITION TO VALERIE O'SULLIVAN'S MOTION TO INTERVENE |

**INTRODUCTION**

Movant cannot meet the criteria for intervention because she has failed to submit a declaration or any evidence putting forth a personal interest in this case not shared with the general public, and she cannot overcome the strong presumption that the State and City adequately represent their citizenry in the present controversy. Additionally, movant has no standing in the present controversy, which is over whether a state law that only applies to the

City and not to movant as an individual should be struck down or limited as being preempted by federal law. For all of these reasons, the motion to intervene should be denied.

**ARGUMENT**

**I.    Movant cannot meet the three mandatory criteria for intervention**

In the absence of statutory authority granting a right to intervene, a movant must make a timely motion and satisfy all three of the following criteria in order to qualify for intervention of right:

1. The movant must have an interest in the subject matter of the litigation;

2. Absent intervention, the movant's interest will be impaired or impeded; and

3. The existing parties to the action inadequately represent the movant's interest.

Fed R. Civ. P. 24(a)(2).

The movant bears the burden of establishing its right to intervene, and these three criteria are mandatory. Failure to satisfy any one of the criteria justifies denial of the application to intervene. Donnelly v. Glickman (9th Cir. 1998), 159 F.3d 405, 409.

A movant must demonstrate "an interest relating to the property or transaction that is the subject of the action" in which the movant seeks to intervene. Fed. R. Civ. P. 24(a)(2). The leading case of Donaldson v. United States (1971), 400 U.S. 517, 530-531, 91 S. Ct. 534, gave the Rule 24(a) "interest" requirement a very narrow reading. In Donaldson, the Court rejected the attempted intervention of a taxpayer who sought to contest his former employer's compliance with an IRS subpoena. Although the taxpayer clearly had a keen concern that the IRS not be able to obtain records relevant to him, the Supreme Court found his "interest" lacking because he lacked a "proprietary interest" and had no "significantly protectable interest." Id.

In the present case, movant has no personal or special interest in the subject of the action. Rather, movant's counsel desires to act as a private attorney general to defend a state law that applies only to the City and not to movant as an individual from a preemption challenge. Such a generalized interest is not sufficient for intervention.

**II.   The government is presumed to adequately represent its citizens**

"In the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. 7C Wright, Miller & Kane, § 1909, at 332." <u>Arakaki v. Cayetano</u> (9th Cir. 2003), 324 F.3d 1078, 1086.  <u>See also</u> <u>United States v. City of Los Angeles</u> (9th Cir. 2002), 288 F.3d 391, 401-402 (individuals and community groups who sought to intervene were adequately represented by United States when they were the very constituents government was trying to protect); <u>California ex rel. Lockyer v. United States</u> (9th Cir. 2006), 450 F.3d 436, 443-444 (presumption of adequacy is particularly strong when government party is acting on behalf of constituency it represents).

In the instant case, the State of California is entrusted with defending the 1931 Tidelands Grant and is doing so, having filed a motion to dismiss and an opposition to plaintiffs' motion for a preliminary injunction.  Additionally, the City is defending its failure to put up the pupping season rope required by the City Council and to close the beach as during pupping season as requested by NOAA. Movant is aware that the City successfully defended not one but two lawsuits in 2004 and 2005 *against* being required to put a rope up at Children's Pool Beach.  <u>See</u> Declaration of Dorota Valli ¶ 3.  In 2004, San Diego Animal Advocates sued the City Council for voting to take down the permanent rope that had been up, arguing that the California Environmental Quality Act prevented the City from removing the rope without a permit.  In 2005, the Humane Society of the United States sued the City Council as well, arguing that it should at least be required to keep a rope up during pupping season.  Both actions were brought in state court and alleged violations of state law, and the City successfully defended both suits.

In the present case, plaintiffs are arguing that a state law requiring CPB to be used as a "bathing pool" is preempted by the federal MMPA, particularly during pupping season. Plaintiffs want CPB closed to swimming.  The City, on the other hand, has been pursuing a "joint use" policy in which both seals and humans could use the beach.  Now that the state courts have ruled that the City must "employ all reasonable means to restore the Children's Pool to its 1941 condition by removing the sand build-up and further to reduce the level of water contamination

in the Children's Pool to levels certified by the County of San Diego as being safe for humans," the City is obtaining the necessary permits to dredge the beach and comply with the state court ruling.  Both the City and the State are resisting plaintiffs' claim that the MMPA preempts the Tidelands Grant and requires CPB to be closed to swimming.  The City also successfully defended against plaintiffs' TRO request that a guideline pupping season rope be put up, even though the City Council passed a resolution for there to be a rope.

"Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public. [citations]." Forest Conservation Council v. United States Forest Serv. (9th Cir. 1995), 66 F.3d 1489, 1499.  However, movant has no personal interest in this case.  The law being challenged only applies to the City and requires it to maintain CPB as a "bathing pool."  Movant has no property interest in CPB but rather wishes to intervene to represent the general public, despite having made no showing of inadequate representation on the part of the City or State.

**III.      Movant lacks standing in the present controversy**

"To qualify as a party with standing to litigate, a person must show, first and foremost, 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.' [citations].  An interest shared generally with the public at large in the proper application of the Constitution and laws will not do." Arizonans for Official English v. Ariz. (1997), 117 S. Ct. 1055, 1067.  Movant has not submitted a declaration stating her personal interest in this case.  Rather, counsel for movant desires to litigate what he views as the proper application of the laws for the public at large.

Plaintiffs are not accusing movant of violating the Marine Mammal Protection Act and have no cause of action against movant, nor are they seeking a judgment that would bind movant in any way. Rather, plaintiffs argue that a state law that only applies to the City is preempted by the MMPA and should be limited or struck down. The State of California is the proper party to defend the Tidelands Grant of 1931, and the City is the proper party to defend its executive branch's failure to take action mandated by the City Council.  Sponsors of a ballot initiative do

not have standing to intervene in an action challenging the constitutionality of the initiative, and movant in the present case has even less of a basis for asserting standing to defend a law passed by the Legislature.  <u>Arizonans for Official English v. Ariz.</u> (1997), 117 S. Ct. 1055, 1067.

In two previous lawsuits plaintiff APRL filed against another anti-seal activist represented by counsel for movant, counsel for movant attempted unsuccessfully to obtain anti-SLAPP attorney's fees pursuant to Cal. Code Civ. Proc. § 425.16, which are mandatory for a defendant prevailing on such a motion.  <u>See</u> Declaration of Bryan W. Pease ¶ 3-4.  Counsel for movant's stated goal has been to shut down the fundraising and education program APRL operates at Children's Pool Beach to fund nighttime security for the seals.  <u>See</u> Declaration of Bryan W. Pease ¶ 5.  APRL is a grassroots group represented by pro bono counsel, and counsel for movant could achieve that objective with the same kind of massive attorney's fees awards he has been obtaining against the City.  <u>See</u> Declaration of Bryan W. Pease ¶ 6-7.  If plaintiffs had named movant as a defendant as movant suggests they were obligated to do, movant would finally have had the opportunity to file a sucessful anti-SLAPP motion against plaintiffs for suing her for "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."  Cal. Code Civ. Proc. § 425.16.  Plaintiffs cannot properly sue movant solely on the basis that she won a state court judgment interpreting a state law in a certain way.  Plaintiffs, who were not parties to the state court lawsuit, are asserting a cause of action in the present case against the State of California and City of San Diego under the federal MMPA, and not against movant, who has no standing in the present case.

The MMPA expressly preempts state law.  16 U.S.C. § 1379(a).  Federal courts are not bound by state court interpretations of federal law.  <u>See</u> <u>Grantham v. Avondale Indus.</u> (5th Cir. 1992), 964 F.2d 471, 473 ("It is beyond cavil that we are not bound by a state court's interpretation of federal law regardless of whether our jurisdiction is based on diversity of citizenship or a federal question."); <u>Pauk v. Board of Trustees of City University of New York</u> (2d Cir. 1981), 654 F.2d 856, 866 n. 6 (a state court decision cannot preclude a federal court's

more authoritative decision on matters of federal law); <u>In re Asbestos Litigation</u> (3d Cir. 1987), 829 F.2d 1233, 1237 ("The federal district court . . . takes as its authority on federal constitutional issues decisions of the United States courts of appeals and the United States Supreme Court, rather than those of the state supreme court."); <u>United States v Eckford</u> (1868), 73 US 484 (decision of state court construing federal statute was not binding on federal court as stare decisis); <u>Tipton v Atchison, T. & S. F. R. Co.</u> (1936), 298 US 141, 80 L Ed 1091 (same); <u>United States ex rel. Demarois v Farrell</u> (1937, CA8 Minn), 87 F2d 957, cert den (1937) 302 US 683, 82 L Ed 527, reh den (1937) 302 US 775, 82 L Ed 600 (State courts' constructions of prior state acts similar to Federal Probation Act were not binding on federal courts construing federal act); <u>United States v Montana</u> (1943, CA9 Mont), 134 F2d 194, cert den (1943) 319 US 772, 87 L Ed 1720 (Interpretation of federal statute by state supreme court was not binding on federal courts).

Movant has neither standing nor a Rule 24 basis to defend an action brought to compel enforcement of the MMPA against the State of California and for a writ of mandate that the City be required to carry out resolutions passed by its City Council. The state court judgment obtained by movant with respect to the Tidelands Grant is not binding on this court insofar as it purports to interpret or apply federal law, including exceptions to the MMPA, and movant's only basis for intervention is that movant's counsel wishes to usurp the role of State Attorney General in defending the State's laws and the role of City Attorney in defending the executive branch of the City government's failure to carry out the legislative branch's mandates. The state law under attack does not apply to movant personally, but rather requires the City to do and not do certain things, and movant is not the proper party to defend the state law.

**CONCLUSION**

Movant has failed to show any personal interest in this case not shared with the general public, has failed to overcome the strong presumption that the government adequately represents its citizens in defending a lawsuit, and lacks standing to sue or be sued in this case. Plaintiffs respectfully request that this court deny the motion to intervene.

Dated: February 7, 2008

By: /s/ Bryan W. Pease
Bryan W. Pease
Attorney for Plaintiffs