BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
ph: (619) 723-0369
fax: (619) 923-1001
email: bryanpease@bryanpease.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, AND DOES 1 TO 100,<br><br>Defendants. | Civil Action, Case No. 07 CV 2320 JM AJB<br><br>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO VALERIE O'SULLIVAN'S MOTION TO INTERVENE |

**INTRODUCTION**

Plaintiffs neglected to directly address Rule 24(b) permissive intervention in the memorandum previously filed, although the second and third arguments advanced in that opposition apply with equal force to Rule 24(b) and Rule 24(a) intervention. Plaintiffs respectfully request that the court consider this additional briefing, which is timely filed on the same day as the opposition and does not exceed the overall page limit.

For reasons of lack of standing and failure to overcome the strong presumption that the government adequately represents its citizens in defending a lawsuit, the motion to intervene should also be denied under Rule 24(b).

## ARGUMENT

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly v. Glickman (9th Cir. 1998), 159 F.3d 405, citing Northwest Forest Res. Council v. Glickman (9th Cir. 1996), 82 F.3d 825, 839.  Plaintiffs' opposition set forth the reasons why there is no independent jurisdictional basis for movant's claims, and this is reason for denying Rule 24(b) permissive intervention as well as Rule 24(a) intervention of right.

Additionally, plaintiffs' opposition argued that movant failed to overcome the strong presumption of adequate representation by the government.  "When intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears." Menominee Indian Tribe v. Thompson (W.D. Wis. 1996), 164 F.R.D. 672, 678.

## CONCLUSION

Plaintiffs have provided this additional briefing in order to directly address movant's request for permissive intervention under Rule 24(b).  Plaintiffs' arguments already submitted that movant has failed to overcome the presumption of adequate representation and lacks standing apply with equal force to discretionary intervention as to intervention as of right.

Dated: February 7, 2008

By: /s/ Bryan W. Pease
Bryan W. Pease
Attorney for Plaintiffs