Paul R. Kennerson  [SB #45430]
**KENNERSON & GRANT, LLP**
101 West Broadway, Suite 1150
San Diego, California 92101
Telephone: (619) 236-8555
Facsimile: (619) 236-0555
E-Mail:   paul@kennersongrant.com

Attorneys for Proposed Intervenor
VALERIE O'SULLIVAN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>                    Plaintiffs,<br><br>       v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>                    Defendants. | Civil No. 07 CV 2320 JM (AJB)<br><br>**PROPOSED INTERVENOR'S SUPPLEMENTAL BRIEFING REGARDING ABSTENTION PRINCIPLES** |

After oral argument on Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, this Court requested briefing on abstention doctrines because "[i]n light of the extensive state court proceedings concerning CPB, the court is concerned that abstention doctrines may apply to deprive the court of subject matter jurisdiction to entertain this action."  February 4, 2008 Order Denying Motion for Temporary Restraining Order, p. 9.  This Court's concern is well-founded.  This Court lacks subject matter jurisdiction under *Rooker-Feldman* to grant the relief Plaintiffs seek in their Complaint, which would effectively overturn the State Court Judgment.  Additionally, for reasons of

comity, this Court should abstain from what would amount to enjoining ongoing State Court proceedings. Inasmuch as the lack of subject matter jurisdiction is a non-waivable and fatal defect and the abstention directive of *Younger* also compels it, the case should be dismissed.

## I.

### UNDER THE ROOKER-FELDMAN DOCTRINE, THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS CASE

This lawsuit is barred by the *Rooker-Feldman* doctrine. "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). The doctrine arises out of a pair of negative inferences drawn from two statutes (28 U.S.C. § 1331 and 28 U.S.C. § 1257) and is grounded in the proposition that the United States Supreme Court is the only federal court with jurisdiction to hear such an appeal. *Id.* Notwithstanding Plaintiffs' allegation that federal law preempts the State Court's application of the 1931 Tidelands Grant, *Rooker-Feldman* "applies even when the challenge to the state court decision involves a question of federal law." *Turnbow v. Pac. Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir. 1991) (Noting the federal plaintiff "apparently thinks that federal courts can and should overturn erroneous state court rulings on issues of federal law," the court then rejects the plaintiff's argument.)

Under *Rooker-Feldman,* a federal district court must not only refuse to hear a *de facto* forbidden appeal, but must also "refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1158. Where the federal plaintiff complains of "harm caused by a state court judgment that directly withholds a benefit from (or imposes a detriment on) the federal plaintiff, based on an allegedly erroneous ruling by that court," the federal court lacks jurisdiction under *Rooker-Feldman*. *Id.* at 1162. The *Rooker-Feldman* doctrine looks to the relief sought and asks "is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim." *Id.* at 1164, citing *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir. 1993) (holding *Rooker-Feldman* applies where GASH's injury was caused by the judgment). "Where federal relief can only be predicated upon a

conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987) (concurring opinion of Marshall, J.).

Plaintiffs' Complaint rests entirely upon alleged injury sustained as a result of the State Court Judgment.

> The Tidelands Grant as interpreted by Judge Pate and upheld by the State Court of Appeal violates the MMPA by requiring the City of San Diego to maintain an artificial configuration of CPB that will harm marine mammals by removing their resting spot and allowing and encouraging the beach to be used in such a manner that is detrimental to marine mammals.

Cmplt. at ¶ 20. Plaintiffs claim an injury allegedly caused by a State Court Judgment and seek a *de facto* federal district court appeal. What the federal plaintiffs seek–invalidation of the trust based on the MMPA–the State Courts directly decided against them, by holding that the presumptively valid trust was not invalidated by the MMPA because of the permissions and exceptions it affords under these very facts. Under *Rooker-Feldman*, this Court lacks jurisdiction to entertain this matter.

**A.  That Plaintiffs Were Not Parties, but Amici, To The State Court Action Does Not Bar Application of Rooker-Feldman**

Since Plaintiffs were in privity with the City of San Diego in the State Court Action and collateral estoppel operates to bind Plaintiffs on the very issues they seek to litigate in this case, the rule stated in *Johnson v. De Grandy*, 512 U.S. l997 (1994), and *Bennet v. Yoshina*, 140 F.3d 1218 (1998) that the federal plaintiffs must have been parties to the State Court Action does not apply. *See Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (holding *Rooker-Feldman* does not apply to federal lawsuit brought by nonparty, but abstaining under *Younger v. Harris*); *Bennett v. Yoshina*, 140 F.3d 1218 (1998) (holding *Rooker-Feldman* does not apply to federal lawsuit brought by nonparty).

In *Johnson v. De Grandy*, before reaching the question whether the *Rooker-Feldman* doctrine applied to bar the case in federal court, the United States Supreme Court found the State Court

3

judgment was not *res judicata* to the federal action. *Johnson*, 512 U.S. at 1005. The State Court limited the scope of its judgment and in the State Court's own words, the State Court judgment was "without prejudice to the right of any protestor to question the validity of the plan by filing a petition in this Court alleging how the plan violates the Voting Rights Act." *Id.*

Likewise, in *Bennett*, *res judicata* principles would not have applied to the federal case because the federal plaintiffs were not in privity with any of the parties to the State Court lawsuit. *See Bennett,* 140 F.3d at 1222. In *Bennett,* both the State and federal court lawsuits arose out of the counting of ballots in a Hawaii election. *Id.* The plaintiffs in the State Court action requested declaratory relief and an injunction that blank votes on a particular issue would be counted as "no" votes. *Id.* at 1222. The defendants in the State Court action sought to have blank votes counted as neither "yes" nor "no" votes. *Id.* The plaintiffs in the federal action, nonparties to the State Court action, sought to have blank votes counted as "yes" votes. *Id.* Since none of the parties in the State Court Action advanced the interests of the federal plaintiffs, there was no privity and collateral estoppel would not apply.

*Johnson* and *Bennet* simply recognize that if *res judicata* principles do not bind the federal plaintiff to the State Court judgment, *Rooker-Feldman*, a variation of *res judicata* based upon similar principles, likewise should not bind him. "Although nominally independent doctrines, they are variations on the same theme: the first embodies a bedrock respect for prior judgments, subject to exceptions; the second, a statutory compulsion for the first where federal courts confront state judgments; and the third, a broader and blunter version of the other two." *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 33 (2004).

Unlike *Johnson and Bennett*, Plaintiffs were in privity with the City of San Diego in the State Court Action and are in fact bound by determination of the issues actually litigated in that matter by collateral estoppel. Under the substantive laws of the State of California,[1]

---

[1] Under 28 U.S.C. § 1738, federal courts must give "full faith and credit" to judgments of state courts. *Noel v. Hall*, 341 F.3d 1148, 1166 (9th Cir. 2003). Full faith and credit "commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Id.* (under full faith and credit, applying Washington preclusion laws).

> a party will be collaterally estopped from relitigating an issue only if (1) the issue decided in a prior adjudication is identical with that presented in the action in question; *and* (2) there was a final judgment on the merits; *and* (3) the party against whom the plea is asserted was a party or in privity with a party in the prior adjudication.

*Lewis v. County of Sacramento*, 218 Cal. App. 3d 214, 217 (1990). Here, as demonstrated in Proposed Intervenor's Opposition to *Ex Parte* Application for Temporary Restraining Order, each issue presented by Plaintiffs' Complaint was precisely determined by the California Superior and Appellate Courts to final judgment. Oppo. at pp.4-5. Further, because the Plaintiffs had an identity of interest with the City of San Diego in the State Court Action (both parties purport to represent the interests of those residents who desire that the seals remain at Children's Pool and advance the exact same arguments in support of their position), the Plaintiffs are in privity with the City of San Diego and subject to collateral estoppel. Oppo. at p.10. As Plaintiffs are aware, "[i]n the absence of a 'very compelling showing to the contrary,' it will be presumed that a state adequately represents its citizens when the applicant shares the same interest." Pltfs' Oppo. to Valerie O'Sullivan's *Ex Parte* Application at p.2, *citing Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Furthermore, the parties are in privity because rather than intervene in the State Court Action as parties, the Plaintiffs elected to file *amicus* briefs and take the disfavored "wait and see" approach. *Id.* ("Plaintiff had a full and fair opportunity to litigate… We cannot help but wonder what plaintiff's position on collateral estoppel would be had the [prior action been determined in his favor].") The California Appllate level courts (Court of Appeals and Supreme Court) received fifteen *amicus* briefs. Oppo. at p.10. To permit fifteen different interested parties to "wait and see" and then file separate lawsuits until one of them prevails would result in an endless and unfair farrago of litigation.

## II.

## THIS COURT SHOULD ABSTAIN UNDER *YOUNGER v. HARRIS*

Even if this Court were to find this lawsuit not barred by *Rooker-Feldman*, the Court should abstain under *Younger v. Harris*. *See e.g. Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994) (abstaining under *Younger v. Harris* when *Rooker-Feldman* was inapplicable); *Pennzoil Co. v.*

5

*Texaco, Inc.*, 481 U.S. 1 (1987) (declining to dismiss for lack of subject matter jurisdiction under *Rooker-Feldman*, but abstaining under *Younger v. Harris*). In *Younger*, the United States Supreme Court held that a federal court should not intervene in ongoing state proceedings for reasons of comity. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). "The normal thing to do when federal courts are asked to enjoin pending proceedings in state court is not to issue such injunctions." *Id.* at 45.

*Younger* can be invoked if state proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to litigate federal claims. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). First, as more fully addressed in Proposed Intervenor's Opposition, the State Court Action is still ongoing because the Superior Court of California retained jurisdiction to oversee compliance with its Judgment.[2] Oppo. at p.9. Second, the State Court Action implicates important state interests. The State Court Action determined whether the City of San Diego breached its obligations under a *State law*, the 1931 Tidelands Grant, as trustee over *State lands* granted to the City in trust for the benefit of *California State residents*. Oppo. at pp.4-6. Furthermore, in granting Ms. O'Sullivan "private attorney general" status, the California Superior Court and Court of Appeals recognized that Ms. O'Sullivan's pursuit of the State Court Action was in the interest of the people of the State of California. Oppo. at p.8. The State Court Action provided a full opportunity to claim the MMPA trumps the State trust law, and the State Courts found the MMPA does not conflict[3] with the State Court Judgment. Oppo. at pp.4-5. These facts fit this action squarely within the abstention criteria of *Younger*, and its doctrine should carry the day in this case.

/ / /

/ / /

---

[2] For this reason alone, under the federal Anti-Injunction Act, this court may not enjoin proceedings in the State Court Action. 28 U.S.C. §2283. *See* Oppo. at p.9. To grant the relief Plaintiffs request would effectively enjoin the State Court from overseeing compliance of its Judgment, an act for which the State Court expressly retained jurisdiction. *See* Oppo. at p.9.

[3] As this Court noted in its February 4, 2008 Order, field preemption does not apply because this case does not arise under the Labor Management Act, ERISA, or the National Bank Act. February 4, 2008 Order Denying Motion for TRO, pp.5-6. As the Court also noted, Plaintiffs fail to identify any federal statute expressly preempting the 1931 Tidelands Act. *Id.* This Court also correctly noted the conduct complained of "is not inconsistent with the 1931 Tidelands Grant because, under the present circumstances, the MMPA does not preclude the taking of marine mammals that present a safety or health risk to the human population." February 4, 2008 Order Denying Motion for TRO, p.6.

## III.

## **CONCLUSION**

This Court should not disturb the balance of federal and state interests by entertaining Plaintiff's request effectively to overturn the judgment of the State Courts. Proposed Intervenor respectfully requests this Court dismiss this entire action for lack of subject matter jurisdiction, or upon the abstention directive of *Younger v. Harris*.

**KENNERSON & GRANT, LLP**

Dated:   February 8, 2008         By: /s/   Paul Kennerson
                                      Paul Kennerson
                                      Attorneys for Defendant Valerie O'Sullivan
                                      E-mail: paul@kennersongrant.com