MICHAEL J. AGUIRRE, City Attorney
GEORGE F. SCHAEFER,
California State Bar No. 139399
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendant
City of San Diego and
Mayor Jerry Sanders

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 TO 100,<br><br>    Defendants. | Case No. 07 CV 2320 JM AJB<br><br>**SUPPORTING BRIEF OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS REGARDING ABSTENTION PRINCIPLES**<br><br>Judge: Hon. Jeffrey T. Miller<br>Court Room: 16<br>Magistrate: Hon. Anthony L. Battaglia<br>Hearing Date: February 21, 2008<br>Hearing Time: 4:00 p.m. |

On February 4, 2008 this Court rendered an order directing that any party advocating application of abstention principles to the present case file a supporting brief no later than February 8, 2008. (Doc. 32). Defendants Mayor Jerry Sanders ("Mayor") and the City of San Diego ("City"), erroneously sued as the City of San Diego Department of Parks and Recreation, submit this supporting brief. In the event that this Court preliminarily declines to apply the abstention doctrine to this case, the Defendants request that this Court do so without prejudice to the Defendants to again raise the abstention issue by way of a formal motion. If such a formal motion should become necessary, the City and Mayor anticipate much more extensive briefing.[1]

///

---

[1] It should be noted that according to Shepard's, there are over 6188 cases that cite to the case of *Younger v. Harris*, 401 U.S. 37 (1971), 801 of which are in the Ninth Circuit.

# I. BACKGROUND

Because the parties have already briefed the issues raised in the Plaintiffs' application for a temporary restraining order and motion for a preliminary injunction, as well as Proposed Interveneor Valerie O'Sullivan's motion to intervene, no extended discussion of the material facts leading to this case is necessary. The record on file before this Court establishes that Valerie O'Sullivan sued the City of San Diego in the Superior Court of California for violation of the 1931 Tidelands Trust, Stats. 1931 Chap. 937, in the case of *Valerie O'Sullivan v. City of San Diego*, San Diego Superior Court Case No. GIC 826918 ("*O'Sullivan* case"). O'Sullivan alleged that the City breached its fiduciary duties as trustee of the Tidelands Trust by allowing a colony of seals to create a public nuisance at Children's Pool Beach and by closing access of the beach to the public with a rope barrier designed to protect the harbor seals. The City defended itself by asserting, among other things, that its actions were sanctioned by the federal Marine Mammal Protection Act, 16 U.S.C. § 1361 *et seq.* ("MMPA") which forbids individuals from harassing marine mammals.

The Superior Court rejected the City's MMPA defense and criticized the City for not taking advantage of the provision of 109h of the MMPA. The Superior Court did not order the City to remove the seals from Children's Pool. Nevertheless, based on its finding that Children's Pool could only be used by the public as a bathing pool for children, the Superior Court ordered the City to dredge Children's Pool so that the polluted brach can become fit for humans. Such dredging will necessarily require the City to displace the seals. The California Court of Appeal affirmed the Superior Court's dredging order. After the California Supreme Court declined review, the Superior Court declined the City's request to put up a temporary rope barrier at Children's Pool during the harbor pool pupping season. The City was prompted to make such a request after a NOAA law enforcement officer wrote a letter to the City requesting that at a minimum such a rope barrier be installed.

Plaintiffs Animal Protection Rescue League ("APRL") and Ms. Dorota Valli seek to enjoin the State of California, the City, and the Mayor from doing the following:

///

1. Harassing seals or excavating sand from Children's Pool Beach without obtaining a permit under the Marine Mammal Protection Act, 16 U.S.C. Section 1361, *et seq*.;

2. Close the sand level (sic) of Children's Pool Beach to the public during seal pupping season, December 15 through May 15; and

3. Carry out the City Council's resolution R-301368, passed April 19, 2006, to install a rope barrier at Children's Pool Beach during pupping season.

(Plaintiffs' motion for a preliminary injunction at page 2). The Mayor and City renew their contention made at the last hearing that *Younger* abstention principles bar such relief.

## II. ARGUMENT

Initially the Defendants took the position that the Plaintiffs' requested temporary restraining order and preliminary injunction should be denied because it is probable that this Court will ultimately dismiss this lawsuit by application of the *Rooker-Feldman* doctrine. As explained by the Ninth Circuit in *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003), the *Rooker-Feldman* doctrine is routinely applied to dismiss claims when a disappointed party pursues a de facto equivalent of an appeal in a federal district court of a decision of a state court. "Reduced to its essence, *Rooker* held that when a losing plaintiff in state court proceedings brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156.

Federal courts apply the "inextricably intertwined" test in determining whether the *Rooker-Feldman* doctrine applies. "A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1158.

At first blush, the Plaintiffs' claims do appear to present a classic case for application of the *Rooker-Feldman* doctrine. Both the complaint and motions seeking injunctive relief appear to be a de facto appeal from the Superior Court's decisions in the *O'Sullivan* case, including the recent decision forbidding the installation of a temporary rope barrier during seal pupping

1  season.  Some of the very issues raised by APRL and Valli, such as the rope barrier issue, are the
2  same issues that have been addressed in the *O'Sullivan* litigation.
3       The Defendants are concerned, however, that application of the *Rooker-Feldman* doctrine
4  to this case might ultimately be deemed to be reversible error because neither APRL nor Valli
5  were parties to the *O'Sullivan* litigation.  APRL's only role in that litigation was to submit an
6  amicus letter with the California Supreme Court in support of the City's petition for review.
7  According to *Rutters*, amicus curiae letters are neither filed with the California Supreme Court,
8  nor posted on that Court's docketing system. Moreover, receipt of such a letter does not
9  constitute leave to file an amicus brief on the merits if review is granted.  Eisenberg, Horvitz, &
10 Weiner, *California Practice Guide:  Civil Appeals and Writs*, at 13:107-108.  Thus, it would be
11 unwise to characterize APRL as a party to the *O'Sullivan* litigation.
12      The Ninth Circuit in the *Noel* case acknowledged that under Supreme Court precedent—
13 *Johnson v. De Grandy*, 512 U.S. 997 (1994)—it was held that the *Rucker-Feldman* doctrine does
14 not apply to a federal court suit brought by a non-party to the state court suit. For all of these
15 reasons, the Mayor and City prefer to rely on the *Younger* abstention doctrine in their defense to
16 the Plaintiffs' claims in the pending case.
17      In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the doctrine of
18 abstention requires that a federal court not interfere with an ongoing state judicial proceeding
19 that implicates important state interests where there is an adequate opportunity to raise federal
20 claims in the state proceeding.  When *Younger* is applicable, dismissal of the action is required.
21 Although the *Younger* case involved a state criminal case, the policies of *Younger* are fully
22 applicable to civil proceedings when important state interests are involved.  *Equity Lifestyle*
23 *Properties, Inc. v. County of San Luis Obispo*, 505 F.3d 860, 873 n.20 (9th Cir. 2007) citing
24 *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  The goal
25 of *Younger* abstention is to "avoid interference with *uniquely* state interests…."
26 *Amerisourcebergen Corporation v. Roden*, 495 F.3d 1143, 1150 (9th Cir. 2007).  (Emphasis
27 provided).
28 ///

The *Younger* abstention doctrine is a jurisdictional doctrine which trumps procedural matters. For instance, in *Canatella v. California*, 404 F.3d 1106 (2005), the Ninth Circuit held that the district court was not required to consider the merits of a motion for intervention as of right and properly denied intervention solely on the basis of *Younger* abstention.

Three criteria must be satisfied for such abstention by a district court: 1) State judicial proceedings are ongoing; 2) the proceedings implicate important State interests; and 3) the State proceedings provide an adequate opportunity to raise federal questions. *Kay v. City of Ranhco Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) quoting *Communications Telesystems Int'l v. California Pub. Util.*, 196 F.3d 1011, 1015 (9th Cir. 1999). Additionally, the policies behind the *Younger* abstention doctrine must be implicated by the relief requested of the federal court. *Amerisourcebergen*, 495 F.3d at 1149. Thus, a federal court should abstain if the court's action would enjoin, or have the practical effect of enjoining ongoing state proceedings. *Id.* citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (*en banc*).

Applying these principles, it is clear that this Court should abstain from deciding the issues raised in the Plaintiffs' lawsuit; therefore, this Court should dismiss the Plaintiff's complaint on jurisdictional grounds. First, the *O'Sullivan* case in State Court is ongoing because it is now in the compliance stage of the injunction.

Second, the State Court proceedings implicate important state interests associated with public use of Tidelands property. California acquired title to the navigable waterways and tidelands by virtue of its sovereignty when it was admitted to the Union in 1850. *Marks v. Whitney*, 6 Cal. 3d 251, 258 n.5 (1971) citing *Borax, Ltd. v. Los Angeles*, 296 U.S. 10, 15-16 (1935). Tidelands are defined as those lands lying between the lines of mean, high and low tide covered and uncovered successfully by the ebb and flow of the tides. *Id.* at 257-258 citing *City of Long Beach v. Mansell*, 3 Cal. 3d 462, 478 n.13 (1970). The State holds tidelands in trust for public purposes; moreover, the power of the State to control, regulate and utilize its navigable waterways and the lands lying between them, when acting within the terms of the trust, is absolute except as limited by the federal government. *Id.* at 258, n.5 citing *City of Long Beach*, 3 Cal. 3d at 482; *Id.* at 208 citing *People v. California Fish Co.* 166 Cal. 576, 597 (1913) and

*Colberg, Inc. v. State of California ex rel. Dept. Pub. Wks*., 67 Cal. 2d 408, 416-422 (1967). The Plaintiffs request that this Court interfere with the traditional right of the State to manage the tidelands at Children's Pool that is held in trust for all of California's citizens. These are *uniquely* State interests that this Court should not intrude upon.

Third, the unique procedural status of the ongoing State proceedings presents the Plaintiffs with ample opportunity to raise the very federal questions they seek to raise in this case.[2] This is because the Superior Court's injunction requires the City to comply with all State and Federal laws before proceeding with dredging. The State and Federal permitting process provides the Plaintiffs a meaningful opportunity to raise their concerns regarding protection of the colony of seals that inhabit Children's Pool. For example, the California Coastal Commission is required to conduct a public hearing before issuing the necessary permit to allow the dredging to proceed to the next level. *See generally* the California Coastal Act, Cal. Pub. Resources Code § 3000, *et seq.* Moreover, the environmental impact report mandated by the California Environmental Quality Act, Cal. Pub. Resources Code § 21,000, *et seq.* ("CEQA") must provide the public with an opportunity to comment. This will include an opportunity for the Plaintiffs to raise valid concerns about protections from harassment afforded to the seals by the MMPA before any dredging takes place.

### III. CONCLUSION

For all of the above reasons, this Court should abstain from this case on *Younger* grounds and dismiss the Plaintiffs' complaint. Valerie O'Sullivan's motion for intervention should likewise be denied on *Younger* abstention grounds.

Dated: February 8, 2008                             MICHAEL J. AGUIRRE, City Attorney

By:   s/George Schaefer
      GEORGE SCHAEFER, SBN #139399
      Deputy City Attorney

Attorneys for Defendant
The City of San Diego

---

[2] Neither the Mayor nor City would object to a motion to intervene by the Plaintiffs in the *O'Sullivan* case; however, it can safely be assumed that O'Sullivan would so object.

**DECLARATION OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the following document(s):

- **SUPPORTING BRIEF OF THE CITY OF SAN DIEGO AND MAYOR JERRY SANDERS REGARDING ABSTENTION PRINCIPLES**

on the individuals listed below in the manner indicated.

**Electronic Mail**

I served the following by electronic mail at the e-mail addresses listed below:

- **Christina Bull Arndt**
  christina.arndt@doj.ca.gov
- **Paul Robert Kennerson**
  paul@kennersongrant.com,danna@kennersongrant.com
- **Bryan W Pease**
  bryanpease@gmail.com

Executed: February 8, 2008, at San Diego, California.

                                          s/George F. Schaefer
                                          **GEORGE F. SCHAEFER**
                                          E-mail: GSchaefer@sandiego.gov