Paul R. Kennerson  [SB #45430]
**KENNERSON & GRANT, LLP**
101 West Broadway, Suite 1150
San Diego, California 92101
Telephone: (619) 236-8555
Facsimile: (619) 236-0555
E-Mail:   paul@kennersongrant.com

Attorneys for Proposed Intervenor
VALERIE O'SULLIVAN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>Defendants. | Civil No. 07 CV 2320 JM (AJB)<br><br>REPLY TO OPPOSITION OF CITY OF SAN DIEGO TO VALERIE O'SULLIVAN'S MOTION TO INTERVENE<br><br>CTRM:    16<br>DATE:    February 21, 2008<br>TIME:    4:00 p.m. |

## INTRODUCTION

Valerie O'Sullivan and her fellow citizens are the finally legally adjudicated beneficiaries of a Trust they hold dear and want to preserve. The trustee (City) has been similarly finally adjudged to be in breach of the Trust and to have violated its fiduciary duties to those beneficiaries. Another rogue party, plaintiff here, seeks to misappropriate the Trust property to its own purposes and to destroy the Trust itself. That plaintiff and the trustee ask the Court to exclude the beneficiaries from their action on the ground those beneficiaries have no stake in the outcome or alternatively can be

1

**07CV2320 JM  (AJB)**
**REPLY TO OPPOSITION TO MOTION TO INTERVENE**

1 just as well represented by their adversary, the trustee who has already betrayed them. Such – shorn
2 of all fluff – is the posture of the parties to this motion.

## FACTS

Defendants City of San Diego and Mayor Jerry Sanders engage in a protracted rehash of some of the facts that constitute the background of this long and convoluted litigation. They continue to fight the state court fight, denigrating the plaintiff and proposed intervenor as a law-flouting civil disobedient when it is these defendants who have been adjudged guilty of breach of trust and of their fiduciary duties to their citizens. All of their fault-finding toward Ms. O'Sullivan – failing to sue the State of California in the first place; the admission of evidence they don't like; seeking and being awarded fees; and the rest – have been raised before, have been litigated, and have been finally adjudged against them. Their last straw is resort to a newspaper editorial to the effect that the matter is a muddled controversy all caused by the lawyer.

If this were closing argument in the underlying state case, it may be indicated and appropriate to respond to the incomplete or incorrect rehashings of fact in the City's opposition at great length. It is enough to refer the Court to the opinion of Judge Pate at the trial court level and the Court of Appeal for the Fourth District (Documents 27-7 and 27-9) which answer every point, and more, here revived by the City in aid of its opposition to intervention. The attempted re-use of positions in the state case, furthermore, shows this case to be exactly what legally it may not be – a revisit to, effectively an appeal of, the state case now finally decided.

## ARGUMENT

The argument of the City reduces to the claim that the applicant must have a significantly protectible interest in the action. Valerie O'Sullivan has obtained a judgment in state court. The judgment provides that the Trust is in effect and requires certain actions by the City of San Diego within an indicated period of time. Ms. O'Sullivan has been ruled to represent the citizens of the State of California. Thus, counsel's statement "If O'Sullivan is entitled to intervene, then surely any

1  member of the public would have the same right," is incorrect because Valerie O'Sullivan is, for
2  purposes of this case, "the public." It is hard to conjure up a more protectible interest than that held
3  by a party, representing the public, with a judgment calling for certain relief, in a companion case
4  like this one, where the plaintiff is trying to overturn the very predicate, the Trust itself, of her final
5  judgment.
6      The biggest point that the City apparently relies upon is that the interests of the public, in the
7  person of Ms. O'Sullivan, would be adequately represented by the City and the Mayor. Obviously,
8  that representation is proposed to take place by the City Attorney's office, counsel for those
9  defendants. The short answer to this claim is that counsel cannot represent Ms. O'Sullivan or the
10  public in this case because he has a conflict of interest under the Rules of Professional Conduct.
11  Rule of Professional Conduct 3-310 Avoiding the Representation of Adverse Interests provides in
12  pertinent part as follows:

> C. A member shall not, without the informed written consent of each client:
>
> (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or
>
> (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or
>
> (3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

20  Ms. O'Sullivan is the plaintiff and the City the defendant in the state case. For the City's
21  counsel to propose it can represent her interests in this "separate matter" directly and unambiguously
22  would offend Rule (3) above. Even worse, the "separate matter" is really not separate; it is related
23  to, if not functionally identical to, the state case where the parties are adverse. Mr. Schaefer cannot
24  represent the O'Sullivan interests here.
25      Furthermore, counsel would offend Rules (1) and (2) as well by representing the public, as
26  constituted by Ms. O'Sullivan, or Ms. O'Sullivan herself, in this case. The conflicts, potential and
27  actual, are not fanciful or fleeting. They are serious and inherent in the case, and consist in part, of
28

the following:

1. The City of San Diego was adverse to Valerie O'Sullivan in the state case, having been the defendant where she was the plaintiff, having resisted her at all stages, having appealed as far as it could the judgment against them in that case;

2. The judgment in the state case declared, which is now the law of the case, that the City is in breach of the 1931 Trust creating the Children's Pool;

3. The City is in breach of its fiduciary duty to its citizens, including Valerie O'Sullivan and those she represents, in respect of its handling of the Children's Pool matter;

4. The City broke the law in erecting a rope and leaving it in place for about five years, barring its citizens, beneficiaries of the Trust, from the use of their beach;

5. As recently as January 4, 2008, the City appealed to the state court to reinstall the rope during pupping season. Its failure of comprehension on this issue is astonishing and bespeaks a wholesale disregard of the rights of its citizenry, as the court below found. Valerie O'Sullivan resisted its application to reinstall the rope and was successful. This is the very relief which the plaintiff in this case has sought by its application for a temporary restraining order and continues to seek by its application for a preliminary injunction to install a rope. Thus, the conflict of Valerie O'Sullivan's interests could not be more lucid or profound: the City, at least as of January 4, 2008, barely two months' ago, wanted the same relief as the plaintiff in this case seeks.

6. The City in its initial papers filed in response to the application for a temporary restraining order stated that putting up a rope "would not harm anyone." (Document 23, filed January 23, 2008.) Nothing could louder bespeak the City's intransigent pursuit of interests adverse to the public than to persist in the illusion that a rope at the Children's Pool "does no harm," even after having its application to reinstall the rope was denied.

7. The judgment in the *O'Sullivan* case in state court mandates unequivocally, in the words of the successor trial court, that the judgment must be complied with within six months. During the period of appeal the City did little or nothing required to obtain the necessary permits in order to do the work. Valerie O'Sullivan, holder of a judgment mandating compliance within six

4

months, resolutely opposes what is now the City's proposed timetable, a year-and-a-half to three years in order to obtain the permits.  Thus, her interests are absolutely, unequivocally, unambiguously opposed to those of the City and it is impossible for counsel for the City to represent her interests in the federal court case.

This list of actual conflicts is only partial and could be extended at great length.  In short, however, it is disingenuous in the extreme to propose that the City, which has opposed and continues to oppose Valerie O'Sullivan in the state case, can adequately, or at all, represent her interests in this one.

Ms. O'Sullivan's position is that not only *should* she propose to intervene, she *must* so propose, and could be faulted otherwise by members of the public who have been established as the entitled beneficiaries of the Trust for not adequately protecting their interests in the federal matter where overturning the Trust is the object of the plaintiffs' efforts.  The insinuation is barely veiled that counsel for Ms. O'Sullivan has inappropriately intruded into the private domain of APRL and the City, meaning this lawsuit, in order to protract litigation or earn more fees.  The Court of Appeal affirmed the fee award made by the trial court in this case and awarded further costs and fees for appeal of the case.  Furthermore, counsel for the proposed intervenor's last purpose is to create more litigation or extend this one or have more work to do in light of difficult circumstances brought about by an illness in the firm.  Ms. O'Sullivan must intervene:  her interests cannot be protected otherwise.

The State of California, as the Court is aware, has declared its interest in participating in the case only to the extent of preserving the Trust.  Thus, Ms. O'Sullivan's interests cannot be protected by any resort to representation through the State of California.  The O'Sullivan interests would be delighted if this case went away and believe that it should because of the lack of subject matter jurisdiction, issues on which the Court has required further briefing.  In the meantime, it is imperative that the interests of the public, in the person of Ms. O'Sullivan or some other member of the protected public, participate in the case.

1  The potential procedural devices that could undermine Ms. O'Sullivan's rights, if they go unprotected, are legion.  There could be a settlement, a stipulated judgment, a confession of judgment, some agreement on issues between the plaintiffs and the City promoting their respective interests all in potential derogation of Ms. O'Sullivan's rights.  Such a situation cannot be permitted to exist.

For all the foregoing reasons, Ms. O'Sullivan submits that mandatory intervention is indicated in this case.  Permissive intervention is indicated as well, should the case continue, because of the commonality of questions involved in the state case and the issues involved here.  No one has established that there would be any significant additional delay or prejudice to any other parties in this case on that account.

**KENNERSON & GRANT, LLP**

Dated:   February 15, 2008          By: /s/ _____
                                        Paul Kennerson
                                        Attorneys for Proposed Intervenor Valerie O'Sullivan
                                        E-mail: paul@kennersongrant.com

6