Paul R. Kennerson  [SB #45430]
**KENNERSON & GRANT, LLP**
101 West Broadway, Suite 1150
San Diego, California 92101
Telephone: (619) 236-8555
Facsimile: (619) 236-0555
E-Mail:   paul@kennersongrant.com

Attorneys for Proposed Intervenor
VALERIE O'SULLIVAN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual<br><br>    Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, and DOES 1 to 100,<br><br>    Defendants. | Civil No. 07 CV 2320 JM (AJB)<br><br>REPLY TO OPPOSITION OF PLAINTIFFS TO VALERIE O'SULLIVAN'S MOTION TO INTERVENE<br><br>CTRM:      16<br>DATE:      February 21, 2008<br>TIME:       4:00 p.m. |

## INTRODUCTION

APRL's opposition to the O'Sullivan motion to intervene gives new vitality to the old saw that if the law is against you, argue the facts; if the facts are against you, argue the law; and if both are against you, attack the lawyer.  APRL adds to its arsenal the same grounds as the City and Mayor Sanders, to whose opposition a reply is filed concurrently herewith (Document No. 44) and is by this reference incorporated herein.  In short, the opposition is that the O'Sullivan interests do not have a protectible interest sufficient to intervene in the case and that the City and State lawyers can

1  adequately represent them.  The final argument, regarding the lack of standing, would appear to be
2  the same as the first and simply remakes the point that the O'Sullivan interests do not have a
3  "protectible interest" sufficient to intervene.

**FACTS**

In the name of the courtesy and forbearance which the courts call upon counsel to exercise, little response is given to the unceremonious attack of APRL's lawyer on Ms. O'Sullivan's attorney. It is enough to say that the Animal Protection and Rescue League filed a lawsuit based upon workplace violence against a David Wayne Pierce.  Mr. Pierce is a diver and a pro-access adherent. (He had a brush with the law as a young man, the charges for which have been set aside and dismissed.  (See Exhibit A to Declaration of Paul Kennerson.)  To my knowledge he is not the "convicted felon" claimed in the papers in this court.)  Mr. Pease tried the case to the court and the case was dismissed at the close of the plaintiff's case.  (See Exhibit B to Declaration of Paul Kennerson.)

On August 23, 2006, APRL filed a second lawsuit against Mr. Pierce alleging he had stolen an APRL volunteer logbook at the Children's Pool.  Mr. Pease, without more, gratuitously dismissed this case. (See Exhibit C to Declaration of Paul Kennerson.)  In that connection he brought a motion for sanctions on the basis that the anti-SLAPP motion brought against him was denied.  His sanction motion was denied.  (See Exhibit D to Declaration of Paul Kennerson.)  The threatening or bringing of sanction motions seems to be a routinely summoned arrow in Mr. Pease's quiver.

Mr. Pease declares under penalty of perjury that "on information and belief" counsel has stated he has a goal to shut down the fund raising and education program APRL operates at the Children's Pool.  That allegation is of necessity at least once-removed, if not twice-removed, hearsay.  Counsel has no purpose whatsoever to deter the fund raising of APRL but wants only for them to obey the law and not interfere with the rightful use of the Children's Pool by its Trust beneficiaries.

The matter of fees for representation of the O'Sullivan interests has been dealt with by the

1  trial court and the Court of Appeal.  Counsel has no purpose in protracting litigation for any sake,
2  including the sake of earning fees.  (See Declaration of Paul Kennerson.)

## ARGUMENT

The reply to Mr. Pease's opposition is essentially as contained in reply to the City's opposition which is filed and served concurrently herewith.  In short, as APRL admits, Valerie O'Sullivan has been the legally constituted representative of "the public" beneficiaries of the Trust which accords use of the Children's Pool to citizens of the State of California.  Ms. O'Sullivan has a judgment that the Trust is to be enforced according to its terms.  This lawsuit seeks to overturn the trust by resort to a federal statute, the terms of which have been dealt with both by the trial court and the Court of Appeal in the state court action.  Ms. O'Sullivan proposes that all of the purported authorities cited by APRL are inapposite here.  The O'Sullivan interests are beneficiaries of the Trust which the plaintiffs here are trying to destroy.  It is hard to imagine a more protectible interest than that.

The second point raised by APRL is the adequacy of representation of the O'Sullivan interests by the City and the State.  As a matter of law counsel for neither the City nor the State can represent O'Sullivan because to do so would involve a non-waived conflict of interest under Rule of Professional Conduct 3-310.  The State in the underlying case was also adverse to Ms. O'Sullivan, was added as a party defendant at the court's insistence, and did not participate but agreed to be bound by the judgment of the state court.  Neither the City nor the State has proffered any offer to the O'Sullivan interests to represent them in this action on any terms.  The State of California has declined to participate further in the case except on the one point of upholding the Trust.  Having been adverse to the plaintiff in the prior action, and without any proposals that would fully and adequately protect the O'Sullivan interests here, it would be inappropriate and incorrect to rely upon the City or the State, as APRL would have the O'Sullivan interests do, for adequate representation, or any at all.

1       Finally, the movant's position with respective to permissive joinder is also identical with that in the reply to the City's points and authorities. The short answer is that Ms. O'Sullivan has a state court judgment which she seeks to preserve and which this action seeks to take from her and destroy. In this argument plaintiffs again rely principally on this "strong presumption of adequate representation by the government," an indefensible position in light of the conflict of interest besetting both the City and the State.

                                  **KENNERSON & GRANT, LLP**

Dated:   February 15, 2008         By: /s/ _____
                                                    Paul Kennerson
                                                    Attorneys for Proposed Intervenor Valerie O'Sullivan
                                                    E-mail: paul@kennersongrant.com