BRYAN W. PEASE (SB# 239139)
302 Washington St. #404
San Diego, CA 92103
ph: (619) 723-0369
fax: (619) 923-1001
email: bryanpease@bryanpease.com



Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE, a nonprofit corporation, and DOROTA VALLI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF CALIFORNIA, THE CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION, MAYOR JERRY SANDERS, AND DOES 1 TO 100,<br><br>Defendants. | Civil Action, Case No. 07 CV 2320 JM AJB<br><br>NOTICE OF APPEAL |

Notice is hereby given that all plaintiffs in the above named case hereby appeal to the United States Court of Appeals for the Ninth Circuit from the final judgment entered in this action on the 28th day of February, 2008.

Dated: February 29, 2008

Bryan W. Pease
Attorney for Plaintiffs

AO 450 Judgment in a Civil Case

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

Animal Protection et al

V.

The State of California et al

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER:   07cv2320-JM(AJB)

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

that the court abstains from exercising subject matter jurisdiction over the action. The Clerk of Court is instructed to dismiss the action and deny all pending motions as moot.

| February 28, 2008 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

S/ T. Lee
(By) Deputy Clerk

ENTERED ON February 28, 2008

07cv2320-JM(AJB)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL PROTECTION AND RESCUE LEAGUE; DOROTA VALLI,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF SAN DIEGO DEPARTMENT OF PARKS AND RECREATION; MAYOR JERRY SANDERS,<br><br>　　　　　　　　　Defendants. | CASE NO. 07cv2320 JM(AJB)<br><br>ORDER GRANTING AMICUS STATUS; ABSTAINING FROM EXERCISING SUBJECT MATTER JURISDICTION OVER ACTION |

　　　In its February 4, 2008 Order Denying Motion for Temporary Restraining Order ("TRO Order"), the court requested further briefing on whether abstention doctrines would apply under the present circumstances to deprive the court of subject matter jurisdiction to entertain this action. Also pending before the court are Prospective Intervenor O'Sullivan's motion to intervene or, alternatively, to be permitted to file an amicus brief and Plaintiffs' motion for preliminary injunction. For the reasons set forth below, the court grants Prospective Intervenor O'Sullivan (hereinafter "Amicus") leave to file amicus briefs in this case, and abstains from exercising subject matter jurisdiction over the present action. The Clerk of Court is instructed to close the file and deny all pending motions as moot.

# BACKGROUND

Plaintiffs Animal Protection and Rescue League ("APRL") and Dorota Valli commenced this action seeking, among other things, to compel defendant City of San Diego ("City") to place a seasonal rope barrier at the La Jolla Children's Pool Beach ("CPB") to limit human interaction with harbor seals during pupping season.

In 1930 Ellen Scripps requested and received approval for the construction of a 300-foot concrete breakwater in the Pacific Ocean adjacent to La Jolla to create a bathing pool.[1] The State of California granted lands, including the lands encompassing CPB to the City in trust. One condition of the trust provided that City was to devote the land "exclusively to public park, bathing pool for children, parkway, highway, playground and recreational purposes, and to such other uses as may be incident to, or convenient for the full enjoyment of, such purposes. . . ." By 1997, CPB was no longer usable as a bathing beach because of contamination caused by the presence of harbor seals and sea lions.

On March 12, 2004, Amicus, Valerie O'Sullivan, commenced an action in San Diego alleging City violated the 1931 statutorily-created public trust for the area known as CPB (the "1931 Tidelands Grant"). O'Sullivan v. City of San Diego, No. GIC 826918, (S.D. Sup.Ct. 2004) (Amicus Exh. 1). Among other things, Superior Court Judge William Pate concluded: (1) since 1997, the beach and water inside the breakwater are polluted and pose a health risk to humans because of high concentrations of seal feces; (2) in its present state, CPB is not suitable for the uses enumerated in the 1931 Tidelands Grant; (3) placement of a rope barrier at CPB further restricted public access to CPB and contributed to the increase in pollution; (4) the Marine Mammal Protection Act ("MMPA") §109(h) permits the removal of the seal population from CPB; and (5) James Lecky, West Coast Administrator from the National Marine Fishery

---

[1] The background section is primarily based upon the factual background set forth by the California Superior Court and Court of Appeal. O'Sullivan v. City of San Diego, No. GIC 826918 (S.D. Cal. Sup. August 26, 2005); O'Sullivan v. City of San Diego, No. D047382 (Cal.App. September 7, 2007).

Services ("NMFS") advised the City that §109(h) of MMPA permitted the City to address the health and safety issues presented at CPB and that the harbor seals are not a threatened nor endangered species. In light of the legal and factual findings of the Superior Court, the City was "ordered to employ all reasonable means to restore the Pool to its 1941 condition by removing the sand build-up and further to reduce the level of water contamination in the Pool to levels certified by the County of San Diego as being safe for humans." The order, entered on August 26, 2005, required the City to comply with the court's order within six months and to comply with all applicable state and federal laws. The City has yet to comply with the court's order.

The City appealed the order and judgment of the Superior Court. The Court of Appeal affirmed the judgment of the Superior Court. The appellate court discussed the applicability of §109(h) of MMPA to the CPB, noting that the exception applied under the circumstances:

> Because feces from the substantial number of seals at the Children's Pool result in high levels of water pollution, it can reasonably be concluded there is damage to public property and danger to the health and safety of persons at the children's Pool within the meaning of those exceptions. Considering those circumstances, the trial court could reasonably conclude those exceptions to the MMPA applied and did not preclude its injunction against City requiring City to, in effect, remediate those problems by restoring the Children's Pool to its 1941 condition.

(Amicus Exh. 2, pp. 45-46).

After the California Supreme Court denied review, City filed a "Motion to Clarify the Court's Injunction" which requested the court to reconsider the "rope issue" and permit the City to place a seasonal rope barrier during pupping season on the shore of CPB. (Amicus Exh. 4; February 21, 2008 TR23:11-24:13). Superior Court Judge Yuri Hofmann declined to reconsider the placement of a seasonal rope barrier stating:

> Specifically, the 'rope issue' was discussed in both this Court's and the Court of Appeal's final rulings in favor of Plaintiff and against the City. Ultimately, both Courts found that the placement of a 'rope barrier cutting off public access to the Pool' . . . resulted in the City's breach of its obligations as trustee under the subject Trust.

Id. Further, Judge Hofmann noted that "the relevant issue has been considered and decided, and the Court's directives to the City are clear and unambiguous." Id.

On December 11, 2007 Plaintiffs commenced the present action seeking injunctive relief to compel Defendants (1) to obtain a MMPA permit prior to "attempting to scare the seals away," (Comp. ¶26); and (2) to place a rope barrier at CPB during pupping season. On February 4, 2008 the court issued its order denying Plaintiffs' request for a TRO and requested further briefing from the parties on whether the court should abstain from exercising subject matter jurisdiction over this action. Plaintiffs are opposed to abstention and Defendants City and Mayor Jerry Sanders and Amicus O'Sullivan advocate for abstention. Plaintiffs also move for the issuance of a preliminary injunction to compel Defendants to install a rope barrier at CPB during seal pupping season, and Amicus O'Sullivan moves to intervene or, alternatively, for leave to file amicus briefs in this action.[2] All motions are opposed.

## DISCUSSION

**Abstention**

"[T]he policy objective behind Younger abstention is to avoid unnecessary conflict between state and federal governments." United States v. Morros, 268 F.3d 695, 707 (9th Cir. 2001). Younger abstention is a doctrine of equitable restraint, not a jurisdictional limitation. See Ohio Civil Rights Comm'n v. Dayton Christian schools, Inc., 477 U.S. 619, 626 (1986). Based on principles of comity and federalism, Younger "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "[U]nder Younger a federal court should abstain if '(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceeding to raise federal questions.'" Woodfeathers, Inc. v. Washington

---

[2] The court grants Amicus O'Sullivan's motion for leave to file amicus briefs in the present action. Although the court is unaware of any controlling authority for the proposition that granting the motion to intervene would compromise the court's ruling on abstention, the more prudent action would be to grant O'Sullivan amicus status. With respect to the motion to intervene, the court notes that Amicus O'Sullivan's need to intervene is substantially diminished in light of City's position to abide by the state court judgment and to seek all necessary approvals prior to remediating CPB.

County, Or., 180 F.3d 1017, 1020 (9th Cir. 1999) (quoting Gartrell Constr., Inc. v. Aubry, 940 F2d 437, 441 (9th Cir. 1991). Federal courts should abstain if the court's action would enjoin, or have the practical effect of enjoining, on-going state court proceedings. Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1150 (9th Cir. 2007) (goal of Younger is to "avoid interference with uniquely state interests").

Here, the court concludes that the prerequisites for abstention are solidly established. First, significant state court proceedings have occurred in the Superior Court as well as at the Court of Appeal. The Superior Court's determinations, findings, and legal conclusions have been affirmed by the California Court of Appeal. Moreover, the state court action is still ongoing in the sense that the Superior Court retained jurisdiction to oversee compliance with its judgment.[3] Second, the underlying proceedings implicate important state interests associated with the 1931 Tidelands Grant. The City has a unique interest in its citizens being able to enjoy its parks and beaches without being subjected to health and safety issues created by the seal population at CPB. Further, the City is the trustee over state lands granted to the City in trust for the benefit of state residents and has a unique interest in enforcing state court judgments. Finally, state court proceedings are presumed adequate to raise the federal claim "in the absence of unambiguous authority to the contrary." Pennzoil v. Texaco, Inc, 481 U.S. 1, 15 (1987). Here, the parties to the state court action did, in fact, raise federal law issues relevant to the MMPA. Judge Pate, as well as the Court of Appeal, directly addressed whether the MMPA permitted the removal of the seal population from CPB. The issue of the rope barrier at CPB has also been addressed in state court.[4]

In sum, the court declines to exercise subject matter jurisdiction in this case and

---

[3] City represents that it is in the process of obtaining all necessary permits to comply with Judge Pate's order.

[4] Although not addressed by the parties, the court notes that Younger abstention is appropriate even though Plaintiffs herein were not parties to the state court actions. Plaintiffs were fully aware of the state court proceedings (and filed amicus briefs in the state court proceedings) and had an adequate opportunity to intervene in those proceedings. See Delta Dental Plan of Calif. v. Mendoza, 139 F.3d 1289, 1298 (9th Cir. 1998).

dismisses the action.

**The Motion for Preliminary Injunction**

In light of this court's determination that abstention is appropriate under the circumstances, Plaintiffs' motion for a preliminary injunction is moot. Notwithstanding, even if the court were to reach the merits of this motion, Plaintiffs would not prevail.[5]

To prevail on the merits, Plaintiffs necessarily contend that MMPA preempts the 1931 Tidelands Grant.[6] Plaintiffs argue that the MMPA expressly preempts state law because §1379(a) provides:

> No state may enforce, or attempt to enforce, any State law or regulation relating to the taking of any species (which term for purposes of this section includes any population stock) of marine mammal within the State unless the Secretary has transferred authority for the conservation and management of that species (hereinafter referred to in this section as 'management authority') to the State under subsection (b)(1).

13 U.S.C. §1379(a). Looking only to this provision, Plaintiffs conclude that all state laws regulating the taking of any species, including the Tidelands Grant, is expressly preempted.

As noted in the TRO, this "facile argument is not persuasive," (TRO Order at p.6:15-16), as it ignores the plain language of §109(h) of MMPA, codified at 13 U.S.C. §1379(h), which specifically permits state and local government agencies to use non-lethal force to remove marine mammals that pose a health and safety threat. Thus, as

---

[5] Preliminary injunctive relief is available if the party meets one of two tests: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the party raises serious questions and the balance of hardship tips in its favor. Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury." Id. The court also considers the relative balance of harm to the parties and the public interest at stake. Alaska v. Native Village of Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988).

[6] While Plaintiffs assert federal question jurisdiction based, in part, upon the MMPA, the court questions the viability of such claim as there is no private right of action under the MMPA. Didrickson v. U.S. Dep't of Interior, 982 F.2d 1332, 1338 (9th Cir. 1992). Any remedy, if one exists at all, appears to arise under the Administrative Procedure Act, 5 U.S.C. §704, and not the MMPA.

represented by James Lecky, West coast administrator from NMFS, §1379(h) permits the City to address the health and safety issues presented at CPB by using non-lethal means to remove the harbor seals. Moreover, the legislative history reveals that state and local governments play an important role in the removal of non-threatened or endangered species that present a health and safety risk to humans:

> Section 109(h) essentially restates existing law, except that, as rewritten, subsection (h) clarifies that federal, as well as state or local employees, may take marine mammals in the course of their official duties and clarifies that the non-lethal removal of nuisance animals may also be carried out by federal, state or local government employees.

(Valli Decl., filed in support of preliminary injunction, Exh. B, excerpts of 1981 amendments to the MMPA). Seen in this light, Plaintiffs cannot prevail on their express preemption argument. Absent a minimal showing of the likelihood of success on the merits, Plaintiffs are not entitled to preliminary injunctive relief.

In sum, the court abstains from exercising subject matter jurisdiction over the action. The Clerk of Court is instructed to dismiss the action and deny all pending motions as moot.

**IT IS SO ORDERED.**

DATED: February 27, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties

# Notice of Appeal Notification Form

To:   Clerk, U.S. Court of Appeals         **Date:** 02/29/08
From: U.S. District Court, Southern District of California
Subject: New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title:   Animal Protection and Rescue League, et al v. The State of California, et al

U.S.D.C. No.:   07cv2320 JM (AJB)         U.S.D.C. Judge:   Jeffrey T. Miller

Complaint/Indictment/Petition Filed:   Complaint

Appealed Order Entered:   2/28/2008

Notice of Appeal Filed:   2/29/2008

Court Reporter:   Debra Henson

COA Status:   [ ] Granted in full/part (appeal only)        [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee:   [x] Paid         [ ] Not Paid         [ ] No Fee Required
USA/GOVT. APPEAL:   [ ] Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked?   [ ] Yes   [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Bryan W Pease
Byran W Pease Inc

302 Washington Street
#404
San Diego, CA 92103

(619) 723-0369

**Appellee Counsel:**

Christina Bull Arndt
Office of Attorney General
State of California

300 South Spring Street
Suite 1702
Los Angeles, CA 90013

(213) 897-8964

Counsel Status:   [x] Retained        [ ] Appointed        [ ] Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: __n/a__
Bail: _____
Custody: _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Clerk's Judgment entered 2/28/2008, Order dismissing action and closing case entered 2/28/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

**L. Hammer**

Lauren Hammer

Deputy's Name                                           Deputy's Signature

## UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To:   Clerk, U.S. Court of Appeals
      P.O. Box 193939
      San Francisco, CA 94119-3939

Re:   **USCA No:**
      **USDC No:**   07cv2320 JM (AJB)
      **American Protection and Rescue League et al v. The State of California et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | |
|---|---|---|---|
| x | Copy of the Notice of Appeal | x | Docket Entries |
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in ___ set(s) of ___ volume(s). | | |
| | Reporter's transcript's transcripts in ___ set(s) of ___ volume(s). | | |
| | Exhibits in ___ envelope(s) ___ box(es) ___ folders(s) | | |
| x | Judgement Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | Order dismissing action and closing case entered 2/28/2008 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court
**L. Hammer**

Date:   02/29/08   By: _____
                   Lauren Hammer, **Deputy**